UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

v.

ABRAHAM EDGARDO ORTEGA,

Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon unopposed motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture imposing a forfeiture money judgment in the amount of $12 million and the forfeiture of certain assets in partial satisfaction thereof, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. Being fully advised in the premises and based on the United States' Unopposed Motion for Preliminary Order of Forfeiture, and Memorandum of Law in Support Thereof, the accompanying Declaration of Special Agent Alan G. Vega of Homeland Security Investigations ("HSI"), the record in this matter, and for good cause shown thereby, the Court finds as follows:

1. On August 16, 2018, a federal grand jury in the Southern District of Florida returned an Indictment charging the Defendant and others with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), substantive counts of money laundering in violation of 18 U.S.C. § 1956, and substantive counts of interstate and foreign travel in aid of racketeering in violation of 18 U.S.C. § 1952. Indictment, ECF No. 19. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, as alleged in the Indictment, the Defendant shall forfeit to the United States any property,

real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 5. The Indictment also alleged that upon conviction of a violation of 18 U.S.C. § 1952, as alleged in the Indictment, the Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). *Id.* at 5-6. The Indictment alleged that certain specific property was subject to forfeiture. *Id.* at 6-8.

2. On October 24, 2018, a one-count Superseding Information was filed, charging the Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Superseding Information, ECF No. 53.

3. On October 26, 2018, the Court issued the Amended Protective Order for Assets Subject to Forfeiture ("Amended Protective Order"), which amended the Protective Order for Assets Subject to Forfeiture that was entered on August 22, 2018. *See* Protective Order, ECF No. 32; Am. Protective Order, ECF No. 60. The Amended Protective Order enjoined and restrained the following property, among other assets, alleged to be subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), in order to preserve their availability for criminal forfeiture:

    c. All assets on deposit in account number 1466054 at City National Bank held by Global Securities Trade Finance;

    d. All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited to:

        i. All shares of Global Securities Trade Finance Class D Series D-1; and

        ii. Approximately 15,813.315 LU0928615466 Fenice SICAV SIF – Eagle Global;

    e. All assets on deposit in account/portfolio number 10.608645 at Zarattini &

Co Bank in Lugano, SWITZERLAND, including, but not limited to:

  i. Approximately 16,000 Fenice SICAV-SIF SCA SICAV-SIF – Eagle Global; and

  ii. Approximately 24,405.72 Fenice SICAV-SIF SCA SICAV – Blu;

 l. All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C Series C-1;

 m. All assets on deposit in account number 1465724 at City National Bank in New Jersey, held by Global Securities Trade Finance;

 n. All assets on deposit in account number 55102421 at City National Bank in New Jersey, held by Global Securities Trade Finance;

 o. Real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida; and

 p. Approximately $2 million in Series A convertible notes of Domaine Select Wine & Spirits, LLC, a Delaware limited liability company, acquired on or about September 22, 2016, and October 18, 2017, by Global Securities Trade Finance and Gustavo Hernandez, respectively.

*See* Am. Protective Order 4-8 (identified by the same letter as in the Amended Protective Order).

 4. On October 31, 2018, pursuant to a written Plea Agreement, the Defendant pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in the Superseding Information. *See* Minute Entry, ECF No. 61; Ortega's Plea Agreement ¶ 2,

ECF No. 64; Ortega's Factual Proffer, ECF No. 65. In his Plea Agreement, the Defendant agreed to the following provisions, among others:

> 14. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Superseding Information and/or property that constitutes substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p). The defendant agrees that such property includes, but is not limited to:
> (i) A sum of at least $12 million in U.S. currency, which may be sought as a forfeiture money judgment;
> (ii) All assets on deposit in account numbers 1466054, 1465724, and 55102421 at City National Bank in New Jersey held by Global Securities Trade Finance;
> (iii) All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited to, all shares of Global Securities Trade Finance Class D Series D-1;
> (iv) All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C; and
> (v) All assets on deposit in account number 200020600 at Ansbacher Limited in THE BAHAMAS, held in the name of Greatwalls FS.
>
> The defendant agrees to consent to the entry of orders of forfeiture for such property and property specifically identified in the Indictment and the Superseding Information. The defendant admits and agrees that the conduct described in the Criminal Complaint, Indictment, Superseding Information, and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.

Ortega's Plea Agreement ¶ 14.

5. As set forth in the Defendant's Factual Proffer and the Declaration of HSI Special Agent Vega, the Defendant and others conspired to launder and engage in monetary transactions with the proceeds of corrupt currency exchanges involving Petróleos de Venezuela, S.A. ("PDVSA"). *See* Ortega's Factual Proffer 2, ECF No. 65; SA Vega Decl. From August 2004 through March 2016, the Defendant worked in various positions within PDVSA, and was a "foreign official" as that term is defined in the Foreign Corrupt Practices Act ("FCPA"). *See*

4

Ortega's Factual Proffer 2.

6.  The Defendant and others conspired to launder approximately $12 million that was given to the Defendant as bribe payments in exchange for his corrupt acts and decisions in his official capacity as Executive Director of Financial Planning at PDVSA. *See* Ortega's Factual Proffer at 7. The Defendant met and conspired with co-defendant Gustavo Adolfo Hernandez Frieri ("Hernandez") to launder these illicit proceeds, which were being held by a confidential source ("CS"). *See id.* at 7-9; *accord* SA Vega Decl. At the direction of Hernandez, the Defendant's $12 million in bribery proceeds was laundered to accounts at City National Bank in New Jersey held in the name of Global Securities Trade Finance ("GSTF"), as well as to Great Walls FS, a British Virgin Islands company controlled by the Defendant. *See* Ortega's Factual Proffer 7-9; SA Vega Decl. ¶¶ 8-29; Ortega's Plea Agreement ¶ 14. These bribery proceeds were used to acquire securities and real property. *See* Ortega's Factual Proffer 7-9; SA Vega Decl. ¶¶ 8-29.

7.  Accordingly, the property involved in the Defendant's money laundering conspiracy and/or acquired with funds traceable to the laundered bribery proceeds include (collectively, the "Subject Assets"):

   (i) All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C;

   (ii) All assets on deposit in account numbers 1466054, 1465724, and 55102421 at City National Bank in New Jersey held by Global Securities Trade and Finance;

(iii) All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited, all shares of Global Securities Trade and Finance Class Series D-1;

(iv) Real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida;

(v) Approximately $2 million in Series A convertible notes of Domaine Select Wine & Spirits, LLC, a Delaware Limited Liability Company, acquired on or about September 22, 2016, and October 18, 2017, by Global Securities Trade and Finance and Gustavo Hernandez, respectively; and

(vi) All assets on deposit in account number 200020600 at Ansbacher Limited in THE BAHAMAS, held in the name of Greatwalls FS.

*See* Ortega's Factual Proffer 7-9; SA Vega Decl. ¶¶ 8-29; Ortega's Plea Agreement ¶ 14.

8. Based on the Defendant's guilty plea, Plea Agreement, Factual Proffer, and the Declaration of HSI Special Agent Vega, the total amount involved in the Defendant's money laundering conspiracy charged in the Superseding Information was at least $12 million. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment. In addition, the Subject Assets constitute property involved in the Defendant's money laundering conspiracy, and/or property traceable to such property, and thus, are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).

**THEREFORE**, the United States' Unopposed Motion for Preliminary Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), the following property is forfeited to the United States:

    (i) All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C;

    (ii) All assets on deposit in account numbers 1466054, 1465724, and 55102421 at City National Bank in New Jersey held by Global Securities Trade and Finance;

    (iii) All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited, all shares of Global Securities Trade and Finance Class Series D-1;

    (iv) Real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida, which is more fully described as:

    Condominium Unit No. 2E, of SAGE BEACH, A CONDOMINIUM, according to the Declaration of Condominium thereof recorded under Instrument No. 113779593, of the Public Records of Broward County, Florida, and all amendments thereto, together with its undivided share in the common elements.

    Parcel ID No. 514224BE0050;

    (v) Approximately $2 million in Series A convertible notes of Domaine Select Wine & Spirits, LLC, a Delaware Limited Liability Company,

                acquired on or about September 22, 2016, and October 18, 2017, by Global Securities Trade and Finance and Gustavo Hernandez, respectively; and

    (vi)    All assets on deposit in account number 200020600 at Ansbacher Limited in THE BAHAMAS, held in the name of Greatwalls FS;

2.    An agent of Homeland Security Investigations, or any duly authorized law enforcement agency, may seize, take possession, and dispose of the forfeited property according to law;

3.    With respect to any forfeited real property, an agent of Homeland Security Investigations, or any qualified designee, is authorized to enter the real property, including its curtilage and any structure(s), on one or more occasions for the purpose of conducting an inspection, inventory, and appraisal of such property, including to document its condition by, among other means, still and video photography;

4.    The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n);

5.    The United States is authorized, pursuant to Rule 32.2(b)(3), (c)(1) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the forfeited property or in order to expedite ancillary proceedings related to any third-party petition;

6.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Abraham Edgardo Ortega; and

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida, this ____ day of June 2019.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: Nicole Grosnoff, Assistant U.S. Attorney (2 certified copies)

9