## IRREVOCABLE POUR OVER TRUST ADMINISTRATION AGREEMENT

SIGNED APRIL 10, 2017, ENTERED INTO BY THE PARTY OF CESAR GABRIEL HERNANDEZ AND TULIA EUGENIA HERNANDEZ (HEREAFTER COLLECTIVELY REFERRED TO AS THE "SETTLORS" AND INDIVIDUALLY AS A SETTLOR), IN THEIR POSITION AS SETTLORS, AND BY THE PARTY OF TULIA EUGENIA HERNANDEZ, TRUSTEE, (HEREAFTER REFERRED TO AS THE "TRUSTEE"), SUBJECT TO THE FOLLOWING DECLARATIONS AND CLAUSES:

### DECLARATIONS

I. Each of the Settlors affirms and declares:

a) That they are a married couple by marriage entered on August 28, 1981 in Cartagena, Colombia, and that they are Americans, with the legal authority required to enter into this Agreement.

b) That they are the only legitimate titleholders of the Real Estate Property, as detailed in the document attached hereunder as **Appendix "A"**.

c) That to their knowledge, as detailed in the previous point, are free of encumbrance and have no limitation of domain, and therefore are fully authorized, and it is their wish, to pledge their property rights to the estate of this Trust for the fulfillment of the objectives of the Trust.

d) That with the primary objective being to ensure the ownership and the control of a minimum XX,X% of the total value of the Real Estate, described above, to this Trust, for the purpose of their administration and control and the Settlors agree to be subject to the rules and restrictions established herein.

e) That the Real Estate is their property and that it was obtained from legitimate sources.

II. The Trustee, through the Trustee Delegates, hereby declares that:

a) The Trustee is Tulia Eugenia Hernandez, which authority could not been revoked nor limited for any reason not contemplated in Clause 5.

c) The Trustee accepts the position of Trustee for the administration, guardianship, and custody of the Property and all other goods that may be transferred to this Trust, for the fulfillment of the objectives of the Trust.

Having declared the above, the parties grant the following:

### CLAUSES

**FIRST.** Constitution of the Trust:

The Settlors hereby constitute an Irrevocable Trust Administration, transferring the property (hereafter referred to as the "Initial Property"), to the Trust. This contribution is made by the Settlors in the proportions indicated in **Appendix "A"**, hereunder.

**SECOND.** Parties:

The following are the parties to the present Trust:

| | |
|---|---|
| Settlors: | CESAR HERNANDEZ AND TULIA EUGENIA HERNANDEZ, a married couple. |
| Additional Settlors: | The persons who join this Trust at a later time, through a letter of adhesion presented to the Trustee, with the prior authorization of the Settlors Committee of this Trust, (the term "Settlor" and "Settlors" shall hereafter include the persons who initially entered into this Trust and the persons who join the Trust at a later date). |
| Trust Property: | The TRUST ESTATE defined bellow |
| Trustee: | TULIA EUGENIA HERNANDEZ |
| Beneficiaries: | The Children from the marriage of CESAR GABRIEL HERNANDEZ and TULIA EUGENIA HERNANDEZ. Identified as STEPHANIE HERNANDEZ, CESAR GABRIEL HERNANDEZ (JR), JUAN DAVID HERNANDEZ and DANIELA SOFIA HERNANDEZ. |

**THIRD.** Trust Estate:

The Trust estate shall be comprised of the following items:

1. The Real Estate identified in certain Land Trust in the State of Florida identified as LAND TRUST TH041117, which document is incorporated to this Trust as Annex 1 (Hereafter the Initial Property and the Later Property shall be referred to, jointly, as the "TRUST ESTATE").

2. Future property which, for whatever reason, come to be included in the Trust estate.

3. Cash amounts to be delivered to the Trustee on the behalf of the Settlors.

4. Any other goods that come to be included in the TRUST ESTATE.

**FOURTH.** Objectives:

The objectives of this Trust are the management and control of the TRUST ESTATE.

This Trust shall have the following objectives:

1. The purpose of this Agreement is to establish a Trust to receive and manage assets for the benefit of the TRUST ESTATE during the Settlor's lifetime, and to further manage and distribute the assets of the Trust upon the death of the Settlor and hold them in care and to administer, and as applicable, transfer them in fulfillment of the objectives of this Trust.

2. That the Trustee exercise all patrimonial rights corresponding to the TRUST ESTATE, expressly agreeing that in the exercising of these rights, the Trustee must proceed in the manner stipulated in the Sixth Clause herein.

3. That the Trustee, on written instruction from all Settlors at the time, receive other Settlors Property to be incorporated to the TRUST ESTATE, provided the new Settlors have in writing agreed to transfer the Property to this Trust.

4. That the Trustee, on written instruction from the all Settlors, transfer, on behalf of beneficiaries or all other person that the beneficiaries instruct part or all the TRUST ESTATE and also to sign, with no liability on the Trustee, the contracts and documents required, and to exercise the rights and receive the compensations, in monies or in kind, resulting from the transfer, or transfers, in question.

5. That the Trustee, on written instruction from all Settlors, on behalf of the beneficiaries, transfer any and all goods and rights that form the TRUST ESTATE.

6. That the Trustee, on instructions from the Settlors Committee, cover the expenses related to the sale of the TRUST ESTATEs using liquid resources from the Trust estate, or those resources specially deposited by the Settlors.

7. That the Trustee invest the liquid resources that comprise the TRUST ESTATE under the terms stipulated by the Fifth Clause herein.

8. That the Trustee receive in trust, and for the purposes of this Trust, the amounts, goods, and additional rights, including Shares, tangible or intangible property rights, contributed by the Settlors, current Settlors and those persons that join the Trust at a later time.

9. That the Trustee, on instructions from the Settlors Committee and under the terms of these instructions proceed to transfer and to deliver, the goods and rights that proportionately correspond to the TRUST ESTATE, in whole or in part, to the Beneficiaries, as indicated by the Settlors Committee.

**FIFTH.** Investment of the money amounts that become part of the Trust estate:

All money amounts the Trustee receives with regards to the fulfillment of the Trust objectives, or as a result of these objectives, be they: (i) from the Settlors, for the exercising of rights of the beneficiaries over the TRUST ESTATE; and (ii) from the exercising of the rights derived from any other goods or rights that comprise the estate of this Trust, shall be invested, temporarily and immediately by the Trustee, in debt instruments, issued, guaranteed, or endorsed by the Federal Government, or in Bank Certificates, on maturity or on repurchase, or in shareholder capital shares of investment companies specializing in debt instruments, until such time as these amounts are delivered to the respective Beneficiaries, as applicable, with the understanding that the investment of these amounts shall be made by the Trustee in the amounts mentioned above, as indicated by the Settlors Committee, or in the absence of these indications, the Trustee shall invest the amounts it receives in the instruments referred to herein.

**SIXTH.** Exercising of Corporate and Patrimonial Rights:

6.1 Payments during the Settlor's lifetime. During the Settlor's lifetime, the Trustee shall pay all of the net income of this Trust, and also such sums from principal as the Settlor may request, to or for the benefit of the TRUST ESTATE, or as the Settlor may designate. Such payments shall be made at least annually. The Settlor may change the amount of the payments at any time by providing written notice to the Trustee. Any excess income not distributed at Settlor's death shall be added to principal at the discretion of the Trustee.

A. Payments During a "Disability" of the Settlor. During any period that the Settlor has a "disability", the Trustee may pay to or for the benefit of the Settlor such amounts of income and principal as the Trustee believes in the Trustee's sole discretion to be required for (i) the Settlor's support, comfort and welfare, (ii) the Settlor's accustomed manner of living, or (iii) any purpose that the Trustee believes to be in the best interest of the Settlor. Furthermore, in the event of illness or other disability of Settlor, the Trustee may, in lieu of making payment of such income directly to the Settlor, use and apply for the benefit of the Settlor so much of such income and also the principal of the Trust estate for the proper care, comfort, medical or surgical attention, maintenance and support of Settlor. The Trustee, in such discretion, may pay over to any relative or legal guardian of the Settlor, all or any portion of such income or principal for any of said purposes in lieu of using and applying said funds for the benefit of Settlor.

B. Disability Defined. For the purposes of this Trust, "disability" shall mean a legal disability or the inability to provide prompt and intelligent consideration to financial matters by reason of illness or mental or physical disability. The determination of whether the Settlor has a disability shall be made by at least three (3) experts including the Settlor's most recent attending physician. The Trustee shall be entitled to rely on written notice of that determination.

6.2 Death of the settlor. Upon the death of the Settlor, and after the payment of the Settlor's just debts, funeral expenses, and expenses of last illness, the following distributions shall be made:

i.   Specific Distributions. The following specific distributions shall be made from the assets of the Trust.

ii.  Tangible Personal Property. Upon the death of the Settlor and subject to the preceding provisions of this Trust, all clothing, jewelry, automobiles, household furniture and furnishings, recreational equipment, all personal effects used by the Settlor about the Settlor's person or home, and other items of tangible personal property shall be distributed to the Settlor's children in equal shares. If a child does not survive the Settlor, such deceased child's share shall be distributed in equal shares to the children of such deceased child who survive the Settlor, by right of representation. If a child does not survive the Settlor and has no children who survive the Settlor, such deceased child's share shall be distributed in equal shares to the Settlor's other children, if any, or to their respective children by right of representation. If no child of the Settlor survives the Settlor, and if none of the Settlor's deceased children are survived by children, the Settlor's tangible personal property shall be distributed to the same persons and in the same manner as provided for the distribution of the residuary assets of this Trust.

C. Residuary Assets. The residuary assets of this Trust shall be retained by the Trustee, entitled "Trust Share for Children.", which primary purpose of is to provide for the health, support, maintenance, and education of the Settlor's children. to be managed and distributed under the provisions of this Trust as part of the TRUST ESTATE until distribution occurs:

I.   The provisions of this Children's Trust also provide for the distribution of the Settlor's residuary Trust assets. If the Trustee of this Children's Trust is the beneficiary of any life insurance policy on the

Settlor's life, any pension plan or any other contract, the proceeds of such policy, plan or contract shall be treated by the Trustee as though received as a part of this Trust Share.

II. Use and Distribution. Until there is no living child of the Settlor under the age of 25 years, the Trustee shall pay to any child of the Settlor or descendant of any deceased child of the Settlor, such sums from the income or principal as the Trustee deems advisable for such beneficiary's health, education, support, and maintenance. Any such payments need not be equal between or among the Settlor's children and descendants of deceased children either as individuals or as separate groups, and their distributive shares shall not be charged for such distributions. The Trustee shall take into consideration their respective needs and any and all other income and property that is known by the Trustee to be available to the beneficiaries for the above purposes. Any income not distributed shall be added to principal. When there is no living child of the Settlor under the age of 25 years, the Trustee shall divide the Trust into equal shares, one share for each then living child of the Settlor, and one share for the then living descendants, collectively, of each deceased child of the Settlor, but not distribution shall occur without a written resolution of the Settlors Committee, as excepted bellow in 1.

1. With respect to each share provided for a child of the Settlor then living: a. Because each child has attained the age of 25 years, as an exception, each child shall have the right, by written request, to withdraw one-third in value of the remaining assets of such child's share then being held in the TRUST ESTATE without any other authorization.

2. The  Settlors Committee by written resolution can at the time the Trust is divided into shares, distribute to any child their proportionate share and the child shall have the right to withdraw a total of the value of the remaining principal then being held in that child's trust share. However, in the event that the child does not make a request for a distribution within six months after attaining eligibility to do so, the amount of such distribution shall not occur and the share shall be maintained in the TRUST ESTAE and not be distributed by the Trustee except as either (i) a part of the next succeeding distribution, or (ii) as provided in paragraph (e).

3. Prior to final distribution to each child, as provided in this section, the Trustee shall pay to each child such sums from the income or principal of that child's share as the Trustee deems advisable for such child's health, education, support, and maintenance. Any income not distributed shall be added to principal.

4. If a child of the Settlor dies before receiving full distribution of such child's share, the remainder of such child's share shall be distributed by right of representation to such child's descendants, if any, or if none, by right of representation to the Settlor's descendants. Each portion distributable to a descendant of the Settlor for whom a share of this Trust is being held shall be distributed to the Trustee of that share and become a part of that share.

5. With respect to each share provided for the then living descendants, collectively, of a deceased child of the Settlor, the Trustee shall distribute that share by right of representation to the descendants of the deceased child.

6. If no child of the Settlor survives to age 25 years, and if none of the Settlor's children have surviving descendants, the Trustee shall distribute the remaining Trust assets in the manner set forth in the paragraph "No Surviving Descendants."

7. Upon the death of a trust beneficiary, the Trustee, in the Trustee's discretion, may pay the expenses of last illness, funeral, and related expenses of such deceased beneficiary from Trust assets.

8. Whenever income or principal is to be used for the benefit of a person under the age of eighteen (18) years or a person who in the judgment of the Trustee is incapable of managing such person's own affairs, the Trustee may make payment of such property in any or all the following ways:  a) By paying such property to the parent, guardian, conservator, or other person having the care and control of such person for such person's benefit or to any authorized person as custodian for such person under the Uniform Transfers to Minors Act or equivalent legislation. b) By paying such property to the guardian, conservator or other person having the care and control of any incapacitated person.

B. No Surviving Descendants. If at any time before final distribution of this TRUST ESTATE, there is not in existence anyone who is, or might become, entitled to receive benefits under the foregoing provisions of this Children's Trust, then the remaining assets of this Children's Trust shall be paid over and distributed to the Settlor's heirs-at-law, their identities and respective shares to be determined under the laws of the State of Florida, then in effect, as if the Settlor had died intestate at the time fixed for distribution under this provision.

C. Protection of the Beneficiaries. The interest of any beneficiary under this Agreement shall not be subject to assignment, anticipation, claims of creditors, or seizure by legal process. If the Trustee believes that the interest of any beneficiary is threatened to be diverted in any manner from the purposes of this Agreement, the Trustee shall keep it in the TRUST ESTATE and withhold the income and principal from distribution, and shall apply payment in the Trustee's discretion in such manner as the Trustee believes shall contribute to the health, support, maintenance, and education of the beneficiaries. When the Trustee is satisfied that such diversion is no longer effective or threatened, the Trustee may resume the distributions of income and principal authorized. If a separate Trust share had been designated for such beneficiary prior to such withholding by the Trustee, any undistributed income from such share shall be added to the principal of that beneficiary's share.

**7. SEVENTH** Exercising of Corporate Rights on the TRUST ESTATE

a) In the case of Corporations and/or shareholder rights and/or limited liability participations that are incorporated to the TRUST ESTATE, the Settlors Committee shall determine how the shares incorporated to this Trust shall be voted and how the corresponding corporate rights shall be exercised. For this purpose, the Settlors Committee shall issue written instructions to the Trustee so that the Trustee may grant the corresponding powers to the persons designated by the Settlors Committee. The Settlors Committee must always present this notification with at least 5 (five) business days advance notice prior to the date on which the respective shareholders assembly is to be held (the "Notification of Exercising of Rights"), using the format indicated in the document attached hereunder as **Appendix "B"**. This notification must, as a minimum, indicate (i) the location and date for the assembly in question; (ii) as applicable, the proposed Agenda for the assembly; (iii) the specific instructions for the exercising of the voting rights of the TRUST ESTATE regarding each matter listed on the Agenda; (iv) the person, or persons, to whom the Trustee must grant the corresponding powers and authorizations necessary so that this person, or persons, may vote the in the shareholders assembly; and (v) attach the corresponding Settlors Committee session record.

b) The Trustee shall not hold any liability with regards to powers granted for the exercising of the voting rights corresponding to the TRUST ESTATE.

c) Where necessary, the Trustee shall have the right to request any clarification of the corresponding instructions, in writing, from the Settlors Committee within 2 (two) calendar days following the date on which the Notification of Exercising of Rights is received, and the Settlors Committee must respond within a period of 2 (two) calendar days. Also in the exercise of the Trustee functions as administrator the Trustee shall have the right at the sole discretion of the Trustee to deny the instructions and request the change of

the same if in the Trustee criteria the instructions are not beneficial or convenient for the TRUST ESTATE or the beneficiaries.

d) During the effective period of this Trust, no beneficiary may sell, donate, transfer (including through inheritance or legacy) or encumber their rights as derived from this Trust to persons without the written approval of the Settlors Committee.

**4. EIGHTH.** Settlors Committee:

A. For the purposes of this Trust the benefit of the TRUST ESTATE and the beneficiaries, a Settlors Committee shall hereby be created, comprised of the following members:

| MEMBER | Voting Rights |
|---|---|
| TULIA EUGENIA HERNANDEZ | 60% |
| STEPHANIE HERNANDEZ | 10% |
| CESAR GABRIEL HERNANDEZ JR | 10% |
| JUAN DAVID HERNANDEZ | 10% |
| DANIELA SOFIA HERNANDEZ | 10% |

B. TULIA EUGENIA HERNANDEZ shall act as Chairman of the Settlors Committee, STEPHANIE HERNANDEZ shall act as Vice-Chairman, and CESAR GABRIEL HERNANDEZ JR or JUAN DAVID HERNANDEZ or DANIELA SOFIA HERNANDEZ shall act as Secretary to the Settlors Committee.

C. Sessions of the Settlors Committee shall be called by the Chairman, by the Secretary, by the Trustee, or by any committee member, through a written session announcement, which may be sent by fax, indicating the location, date, time, and agenda for the session in question. This session announcement must be received by each director at least five business days prior the date indicated for the meeting. Session announcements are not required when the totality of the members are present, or duly represented, at the Settlors Committee session in question.

D. The Secretary, or the person designated by the Settlors Committee, shall prepare a record for each session and send this record to the Trustee in order to prepare the instructions to reflect the resolutions of the Settlors Committee, as applicable. The record must be signed by the Chairman, or Vice-Chairman, and by the Secretary.

E. Settlors Committee sessions shall be considered duly convened when at least 60% of the total committee votes are present or represented. Resolutions must be passed with the approval of at least 60% of the total Settlors Committee votes, with the exception of those circumstances stipulated in the Twelfth and

Fourteenth Clauses herein, which require the approval of at least 75% of the Settlors Committee votes. In the event quorum is not met at the first session, a second session announcement shall be made for the date determined by the members present, taking into account the notification period of five business days referred to in point C of this Clause. Resolutions forwarded in the second, or later, session must be passed with the same percentage of votes as would be required for first session meetings.

The Settlors Committee may adopt agreements out-of-session, by written resolution in lue of session, provided these resolutions are passed with a unanimous vote of the members with voting rights and these resolutions are ratified in writing and signed.

F. In the event of a temporary absence of a committee member, this member may designate, through a power of attorney, an alternate from among the remaining sitting members, with the understanding that this power of attorney shall be considered valid only for the Settlors Committee session in question and not for multiple meetings nor for an indeterminate number of Settlors Committee sessions.

G. Each sitting member of the Settlors Committee must designate a direct family descendant to act as alternate in the event of death, incapacity, resignation, or definitive absence from the Settlors Committee. The Settlors signing hereunder make this designation in point L of this Clause. The designation of the alternate with regards to the circumstances mentioned above may be modified, with no limitation, through written notification presented to the Settlors Committee, with the understanding that the signature of the sitting member in question must ratified before a Notary Public. The Settlors Committee shall not have the power to revoke nor modify the designation of any alternate in accordance with this paragraph.

If for any reason, a definitive alternate is not designated, the Settlors Committee shall make this designation and to do this must only consider the two eldest direct family members of the Committee member who has failed to make the corresponding designation.

H. For any definitive alternate, designated in accordance with the previous paragraph, to substitute the sitting member in question, under any of the circumstances in the previous point, and to therefore acquire the designation of sitting member of the Settlors Committee, this definitive alternate must be at least 18 years of age and until this requisite is met, the corresponding absent votes shall be distributed proportionately and temporarily amongst the remaining sitting members present at each session.

I. Once an alternate has become a sitting member, in accordance with the previous paragraph, they must then propose a list of candidates to the Settlors Committee for their own definitive alternate, in the event of death, incapacity, resignation, or the definitive absence of the new sitting member in question. The candidate list must include at least one direct descendant of CESAR GABRIEL HERNANDEZ AND TULIA EUGENIA HERNANDEZ. The Settlors Committee shall select, the new alternate member, by a majority vote, from among the candidates proposed with the understanding that this decision shall be final.

J. In the event of the simultaneous death of a sitting member and their designated alternate in accordance with the previous points, the Settlors Committee shall designate a new sitting member, being chosen from among the descendants of the original member, where possible. In the event the sitting member has no direct descendants, the Committee may, or not, designate a new sitting member and in the event this designation is not made, the corresponding votes shall be distributed, proportionately, as in the case for point I.

K. The right to sit on the Settlors Committee may not be inherited, just as the transfer of shares through inheritance, or legacy, does not give the heir, or the legatee, the automatic right to sit on the Committee.

L. Initial list of sitting Members and definitive Alternates:

| Member | Definitive Alternate |
|---|---|
| TULIA EUGENIA HERNANDEZ | CESAR GABRIEL HERNANDEZ |
| CESAR GABRIEL HERNANDEZ | TULIA EUGENIA HERNANDEZ |
| CESAR GABRIEL HERNANDEZ JR | TULIA EUGENIA HERNANDEZ |
| STEPHANIE HERNANDEZ | PATRICIO PERALTA-RAMOS |
| JUAN DAVID HERNANDEZ | TULIA EUGENIA HERNANDEZ |
| DANIELA SOFIA HERNANDEZ | TULIA EUGENIA HERNANDEZ |

M. The Settlors Committee shall have all the powers expressly designated for this Committee herein and shall resolve all matters not expressly described in this agreement. The Settlors Committee shall have the internal organization determined necessary for the fulfillment of its objectives.

**NINTH.** Trustee Powers:

The Trustee shall have all the powers expressly granted by this Agreement and by applicable laws.

When the defense of the TRUST ESTATE is required, the Trustee shall only be obligated to grant sufficient powers to the person, or persons designated by the Settlors Committee, as stipulated by law. The actions of the authorized representatives shall not be the responsibility of the Trustee: the pledged patrimony shall be used to cover legal fees and expenses incurred due to the defense of the Trust.

**TENTH.** Information and Limited Responsibility:

The Trustee, must present accounts to the beneficiaries, annual reports, regarding the administration of the TRUST ESTATE. This, without affecting the obligations of the Trustee regarding the requirements issued by the Settlors Committee.

All parties hereby acknowledge that the Trustee shall comply with their obligations, as contracted, with regards to the performance of the Trust, as far as the TRUST ESTATE will reach.

The Trustee shall not be responsible in any manner when the Trustee acts, or ceases to ac, for any resolution in the event of dispute regarding the TRUST ESTATE.

The Trustee shall not be responsible for the events involving, or actions of, third parties, or authorities that impede, or make compliance with the objectives of this Trust difficult.

The Trustee shall not be obligated to exercise any action in accordance with this Trust that may expose the Trustee, to any liability against their own patrimony, or against this Trust or applicable laws.

It is expressly agreed that the Trustee shall not incur any liability while acting on behalf of any notification, consent, certificate, or other instrument, or document considered to be genuine and signed by the corresponding party, or parties, or on the behalf of any statement considered to have been made by the Settlors Committee, the beneficiaries or by the Settlors.

**ELEVENTH.** Duration:

The duration of this agreement shall be 90 years beginning the date on which this agreement is signed, however, the agreement may be renewed, or cancelled, with the approval of 75% of the votes of the Settlors Committee. At the end of this Trust period, the Trustee shall present each beneficiary with the property corresponding to each beneficiary, taking into consideration the proportion of each one.

**THIRTEENTH.** Trustee Fees

**FOURTEENTH.** Modifications: Substitution of the Trustee:

This agreement may be modified, in whole or in part, by resolution of the Settlors Committee, and these modifications shall only be valid when they are passed by 75% of the total Committee votes, on prior written consent of the Trustee.

Subject to that indicated in the following paragraphs, the Trustee may terminate their position as Trustee in accordance with this agreement, through written notification presented to the Settlors Committee with at least sixty (60) calendar days advance notice. Subject to paragraph (b) below, the Trustee may not be removed from their position at any time, Unless the death or mental incapacity of the Trustee is declared by the concourse of at least three (3) medical experts.

a) In the event the Trustee ceases to act as Trustee in accordance with this Agreement, an alternate Trustee must be designed until the election of the successor Trustee by the Settlors Committee. The initial alternate Trustees are CESAR GABRIEL HERNANDEZ, CESAR GABRIEL HERNANDEZ JR, STEPHANIE HERNANDEZ, JUAN DAVID HERNANDEZ and DANIELA SOFIA HERNANDEZ.

c) The successor Trustee shall be elected in the sixty (60) days following the cease of the previous Trustee and shall have the same rights and obligations as the Trustee under this Agreement and shall become the Trustee for the purposes stipulated herein.

**FIFTEENTH.** Expenses, Rights, and Taxes:

All reasonable, and verified, expenses, rights, and taxes, incurred due to this Trust, or with regards to the TRUST ESTATE, from the date of the constitution of the Trust until the expiration of this Agreement, shall be the responsibility of the Settlors, therefore under no circumstance shall the Trustee be obligated to cover these expenses. At no time shall the Trustee be obligated to make any payment from its own funds in order to cover these expenses, although the Trustee shall notify the Settlors Committee when funds are required for this purpose, so that the Committee may deposit sufficient funds in order to cover the costs, expenses, rights, and taxes in question. In the event that following the corresponding notification the Trustee does not have the funds necessary, or rather, in the event sufficient funds has not been provided, the Trustee shall not assume any liability that may result from failure to cover these expenses.

**SIXTEENTH.** Tax Obligations:

Compliance with tax obligations incurred as a consequence of the effective period and the actions performed in the execution of the Trust as established or imposed by corresponding fiscal dispositions, shall be the strict responsibility of the Settlors, or the corresponding party, as applicable, in accordance with legislation in effect, during the entire time the actions contained herein remain in effect, therefore the Settlors are obligated to protect the Trustee in this regard at all times.

**SEVENTEENTH.** Addresses:

The Settlors indicate the following as their address to receive all notifications and documents, which must be presented in writing, that may be issued with regards to this Agreement, as:

The Trustee indicates the following address for all purposes indicated in this Clause:

The beneficiaries address for all purposes indicated in this Clause address are:

**EIGHTEENTH.** Jurisdiction and Applicable Law:

For all matters related to the interpretation, compliance, and execution of this Agreement, the parties expressly submit to the jurisdiction of the Laws and the Courts of the State of Florida, expressly renouncing all other authority which may correspond by reason of residence, present or future.

NINETEENTH. Miscellaneous Provisions:

A. Paragraph Titles and Gender. The titles given to the paragraphs of this Trust are inserted for reference purposes only and are not to be considered as forming a part of this Trust in interpreting its provisions. All words used in this Trust in any gender shall extend to and include all genders, and any singular words shall include the plural expression, and vice versa, specifically including "child" and "children", when the context or facts so require, and any pronouns shall be taken to refer to the person or persons intended regardless of gender or number.

B. Common Disaster. If the Settlor and the Settlor's spouse die under circumstances such that there is no clear or convincing evidence as to the order of their deaths, or if it is difficult or impractical to determine which person survived the death of the other person, it shall, for the purpose of distribution of the Settlor's life insurance, property passing under any will or other contracts, if any, and property passing under this Trust, be conclusively presumed that the Settlor predeceased the death of the Settlor's spouse, and notwithstanding any other provision of this Trust, the Settlor's spouse (or the Settlor's spouse's estate as the case may be) shall receive the distribution to which the Settlor's spouse would otherwise be entitled to receive without regard to a survivorship requirement, if any.

C. Liability of Fiduciary. No fiduciary who is a natural person shall, in the absence of fraudulent conduct or bad faith, be liable individually to any beneficiary of the Settlor's trust estate, and the Settlor's trust estate shall indemnify such natural person from any and all claims or expenses in connection with or arising out of that fiduciary's good faith actions or nonactions of the fiduciary, except for such actions or nonactions which constitute fraudulent conduct or bad faith. No successor trustee shall be obliged to inquire into or be in any way accountable for the previous administration of the trust property.

D. Spouse. As the Settlors are a married couple, all references in this Trust to "the Settlor's spouse" are references to CESAR GABRIEL HERNANDEZ AND TULIA EUGENIA HERNANDEZ, in their individual capacity of spouse of each other.

E. Children. The names of the Settlor's children are:

STEPHANIE HERNANDEZ

CESAR GABRIEL HERNANDEZ JR

JUAN DAVID HERNANDEZ

DANIELA SOFIA HERNANDEZ

All references in this Trust to "the Settlor's child" or "the Settlor's children" include the above child or children and all other that are determined by the acceptance of other Settlors and their Children by the Settlors Committee.

E. Perpetuities savings clause. Despite any other provision of this Agreement to the contrary, the trust created by this Agreement shall terminate no later than 21 years after the death of the last surviving beneficiary of this Agreement who is living at the time of the death of the Settlor, at the end of which time distribution of all principal and all accrued, accumulated and undistributed income shall be made to the persons then entitled to distributions, in the manner and proportions herein stated free of trust.

SIGNATURE PAGE IRREVOCABLE TRUST ADMINISTRATION AGREEMENT, SIGNED APRIL 10, 2017, ENTERED INTO BY THE PARTY OF CESAR GABRIEL HERNANDEZ AND TULIA EUGENIA HERNANDEZ (HEREAFTER COLLECTIVELY REFERRED TO AS THE "SETTLORS" AND INDIVIDUALLY AS A SETTLOR), IN THEIR POSITION AS SETTLORS, AND BY THE PARTY OF TULIA EUGENIA HERNANDEZ, TRUSTEE, (HEREAFTER REFERRED TO AS THE "TRUSTEE").

THE SETTLORS:

_____                    _____
CESAR GABRIEL HERNANDEZ                               TULIA EUGENIA  HERNANDEZ

**FLORIDA**
**Self-Proving Affidavit**

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

We, CESAR GABRIEL HERNANDEZ AND TULIA EUGENIA HERNANDEZ, the Settlors, the Trustee and the Witnesses, respectively, whose names are signed to the attached or foregoing instrument, having been sworn, declared to the undersigned officer that the Grantor, in the presence of witnesses, signed the instrument as his or her Living Trust, that the Grantor signed, and that each of the witnesses, in the presence of the Grantor and in the presence of each other, signed the Living Trust as a witness.

**THE SETTLORS**:

_____
CESAR GABRIEL HERNANDEZ

_____
TULIA EUGENIA HERNANDEZ

**TRUSTEE**:

_____
TULIA EUGENIA HERNANDEZ

**WITNESSES**:

_____
WITNESS 1
Print Name: _____

_____
WITNESS 2
Print Name: _____

_____
WITNESS 3
Print Name: ___MARVLIN  MATIENZO___

Subscribed and sworn to before me by CESAR GABRIEL HERNANDEZ AND TULIA EUGENIA HERNANDEZ, the Grantor who is (personally known) to me or who has produced _____ (type of identification) as identification, by TULIA EUGENIA HERNANDEZ, a trustee who is (personally known) to me or who has produced _____ (type of identification) as identification, by WITNESS 1, a witness who is (personally known) to me or who has produced _____ (type of identification) as identification, by WITNESS 2, a witness who is (personally known) to me or who has produced _____ (type of identification) as identification, by WITNESS 3, a witness who is (personally known) to me or who has produced _____ (type of identification) as identification, on _April   10_____, _2017._

_____
Signature of Notary Public

_Gloria M. Cabus_
Name typed, printed, or stamped

My Commission Expires: _9/14/20_

GLORIA M CABUS
Commission # GG 030413
Expires September 14, 2020
Bonded Thru Troy Fain Insurance 800-385-7019

**Schedule A**
*List of Assets to be Held by the Trustee*

The Grantor has transferred, assigned, conveyed and delivered to the Trustee the following assets to be held, managed and distributed under the terms of this Living Trust as described above:

Name: Sage Beach Condominium
2101 S SURF RD UNIT 2E
HOLLYWOOD, FL 33019
Value: $1,050,000