UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

v.

ABRAHAM EDGARDO ORTEGA,

                **Defendant.**
_____/

IN RE:

LAND TRUST TH 041117,

                **Third-Party Petitioner.**
_____/

## UNITED STATES' RESPONSE TO VERIFIED PETITION OF LAND TRUST TH 041117

      COMES NOW the United States of America, and hereby files its response to the Verified Third-Party Petition of Land Trust TH 041117 [ECF No. 131]. As discussed further below, the Government is entitled to take discovery pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) and the Preliminary Order of Forfeiture [ECF No. 124] to resolve factual issues. In support, the Government submits the following:

**I.    FACTUAL AND PROCEDURAL HISTORY**

      1.    On June 24, 2019, the Court entered a Preliminary Order of Forfeiture [ECF No. 124] ordering the forfeiture of real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida (hereafter, "Subject Property"), among other assets and subject to the rights of third parties.

      2.    The Preliminary Order of Forfeiture was final as to Defendant Abraham Edgardo Ortega, extinguishing his interest, right, and title to the Subject Property. *See* Fed. R. Crim. P.

32.2(b)(4)(A).

3. The Preliminary Order of Forfeiture further provided that the United States was entitled, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and (c)(1) and 21 U.S.C. § 853(m), to conduct any discovery necessary in order to expedite ancillary proceedings related to any third-party petition. *Id.* at ¶ 5, Page 8.

4. On August 21, 2019, Land Trust TH 04117, through its Trustee, Tulia Eugenia Hernandez, (hereafter, "Petitioner") filed a Third-Party Petition for Hearing to Adjudicate Validity of Interest in Real Property Subject to Forfeiture (hereafter, "Petition") [ECF No. 131], asserting a claim in the Subject Property pursuant to 21 U.S.C. § 853(n).

5. On August 23, 2019, the Court issued a paperless order requiring the United States to respond to the Petition by September 6, 2019.

**II.    RESPONSE**

Federal Rule of Criminal Procedure 32.2(c) sets forth the procedures for conducting an ancillary hearing to resolve third-party petitions and states, "[T]he court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.2(c)(1)(B); *see also United States v. Kokko*, 2007 WL 2209260, at *5–6 (S.D. Fla. 2007) (finding that where claimant asserts that it has an interest in the forfeited property as a bailee, the government is entitled to take discovery to determine the nature and circumstances of the bailment, including serving claimant with a Fed. R. Civ. P. 30 subpoena duces tecum and scheduling a deposition).

Section 853(n)(6) of Title 21, United States Code, sets forth the only two means by which a third-party petitioner can prevail against the Government in a forfeiture ancillary proceeding:

If, after the hearing, the court determines that the petitioner has established by a

>  preponderance of the evidence that—
>
> (A)   the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B)   the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n).

Nominee petitioners are excluded from ancillary forfeiture proceedings because they lack standing under 21 U.S.C. § 853(n)(2). *See United States v. Henry*, 621 F. App'x 968, 972 (11th Cir. 2015) ("[S]traw owners and persons who might have unknowingly been in possession of property that is seized do not necessarily suffer an injury that is sufficient to demonstrate standing.") (quoting *Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1262 n.5 (11th Cir. 2006)). Furthermore, "[a] person cannot have a vested interest in property if he is found to be acting as a nominee for someone whose property is subject to forfeiture." *United States v. Weiss*, 467 F.3d at 1300, 1303 n.1 (11th Cir. 2006) (citing *Braxton v. United States*, 858 F.2d 650, 652-53 (11th Cir. 1988)); *Henry*, 621 F. App'x at 972 (similar language). "Nominee connotes the delegation of authority to the nominee in a representative or nominal capacity only, and does not connote the transfer of assignment to the nominee of any property in, or ownership of, the rights of the person nominating him." *Henry*, 621 F. App'x at 972 (quoting *Weiss*). *See also* 18 U.S.C. § 983(d)(6) (stating, in civil forfeiture cases, that "a nominee who exercises no dominion or control over the property" cannot be an owner). Accordingly, a petitioner that holds bare legal title is a nominee that lacks standing to challenge a criminal forfeiture. *See Weiss*, 467 F.3d at 1308-

3

09. *See also United States v. Morgan*, 224 F.3d 339, 342-43 (4th Cir. 2000) ("Congress noted that § 853(n)(6) 'should be construed to deny relief to third parties acting as nominees of the defendant or who knowingly engage in sham or fraudulent transactions.'") (citation omitted); *United States v. A Single Family Residence & Real Prop. Located at 900 Rio Vista Blvd., Fort Lauderdale*, 803 F.2d 625, 630 (11th Cir. 1986).

The Government submits that discovery is necessary to resolve factual issues, namely to determine whether or not Petitioner has standing and/or a valid interest in the Subject Property under 21 U.S.C. § 853(n)(6). Additionally, the Government is contemplating filing a separate civil forfeiture action because some of the assets subject to forfeiture in this case cannot be resolved in this action as they relate to defendants who are currently fugitive. The Government is authorized to pursue parallel civil and criminal forfeiture proceedings. *See United States v. Ulbricht*, 31 F. Supp. 3d 540, 560 (S.D.N.Y. 2014), *aff'd on other grounds* 858 F.3d 71 (2d Cir. 2017). The United States is likely to include the Subject Property in the parallel civil forfeiture action, which would eliminate the need to engage in third-party litigation in this case and minimize interference with the upcoming criminal trial of Defendant Gustavo Hernandez Frieri.

Accordingly, the United States requests at least 60 days to provide a status report on discovery with Petitioner and/or civil forfeiture action against the Subject Property.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:    */s/ Nicole Grosnoff*
        Nicole Grosnoff
        Assistant United States Attorney
        Court ID No. A5502029
        nicole.s.grosnoff@usdoj.gov
        U.S. Attorney's Office
        99 Northeast Fourth Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9294
        Facsimile: (305) 536-4089