UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cr-20685-KMW

UNITED STATES OF AMERICA,

V.

ABRAHAM EDGARDO ORTEGA,

    Defendant.

_____/

IN RE:

LAND TRUST TH 041117,

    Third-Party Petitioner.

_____/

**LAND TRUST TH 041117'S VERIFIED REPLY TO UNITED STATES' RESPONSE TO VERIFIED PETITION FOR HEARING TO ADJUDICATE VALIDITY OF INTEREST IN REAL PROPERTY SUBJECT TO FORFEITURE**

    Land Trust TH 041117 (the "Land Trust"), through its Trustee Tulia Eugenia Hernandez ("Tulia"), and hereby files its reply to the Government's Response to Land Trust TH 041117's Petition for Hearing to Adjudicate Validity of Interest in Real Property Subject to Forfeiture ("Government's Response") [ECF No. 134]. In support, the Land Trust submits the following:

**INTRODUCTION**

    The Government's Response does not adequately respond to the verified petition asserting a claim to the real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida (the "Condominium"). The verified petition sets forth a comprehensive recitation of the history underlying the Condominium transaction, including sources of funding. ECF No. 131 at 6-12. Instead, the Government merely requests discovery to resolve unspecified "factual issues," states

**Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | Attorneys at Law**
2 South Biscayne Boulevard, Suite 2550 | Miami, FL 33131 | T + 1 305.371.9686 | F +1 305.371.9687

www.sfslaw.com

the general proposition that nominee owners of property subject to forfeiture do not have standing, and seeks a 60-day delay of this ancillary proceeding in part because it might commence a parallel civil forfeiture action to pursue other assets related to fugitive defendants. ECF No. 134.

The Land Trust opposes the Government's request for discovery and the 60-day delay because the Condominium has been encumbered by the Government for almost a year and still has not proffered facts or legal analysis showing that the Land Trust is a nominee owner of the Condominium for any criminal defendant. It should not now be allowed to seek discovery to purportedly resolve unspecified and non-existent "factual issues" and delay resolution of the Land Trust's property rights another 60 days where its forfeiture theory is based on little more than supposition and citations to general legal principles.

## ARGUMENT

As set forth in the Government's Response, the Court may permit parties to conduct discovery in these ancillary proceedings if the Court determines that "discovery is necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.2(c)(1)(B). The Government, however, has neither identified the discovery it seeks, nor the disputed factual issues discovery would help resolve regarding the Land Trust's status as owner of the Condominium. Instead, the Government cited the general legal principle that a nominee owner lacks standing to challenge an order of forfeiture. The Court should not allow the Government to pursue unnecessary and burdensome discovery from an innocent third-party property owner after having had over a year to investigate and develop facts necessary to support its theory of forfeiture.

### I. The Government Has Not Offered Any Facts Tending to Prove the Land Trust is the Nominee Owner of the Condominium for Defendant Ortega.

The Government's factual basis for forfeiture of the Condominium is limited.[1]  Critically, neither Defendant Ortega's Plea Agreement nor his Factual Proffer supporting the Plea Agreement specifically identified or even referenced the Condominium as property subject to voluntarily and immediate forfeiture.  ECF No. 64 at ¶ 14; ECF No. 65 at 7-9.  And the Government's Response does not offer additional facts, contradict facts or documents in the Land Trust's verified petition, or claim or even intimate the facts stated in the verified petition are incorrect.  The Government thus exclusively relies on the *de minimis* factual representations in the Declaration of Special Agent Vega to support forfeiture of the Condominium based on a *nominee owner* theory of forfeiture.  This declaration, however, offers no facts tending to prove that the Land Trust is the *nominee owner* of the Condominium for Defendant Ortega.

In summary, Agent Vega reviewed bank records and stated that approximately $120,000 of Defendant Ortega's gains from his criminal activity were routed through the investment fund Global Securities Trade Finance's ("GSTF") account and ultimately used by Tulia and Cesar to purchase the Condominium, which sold for $1,050,000.[2]  ECF No. 120-1 at ¶¶ 31-40.   $90,000

---

[1] The Motion was captioned "Unopposed" because it was unopposed by Defendant Ortega, who has a "powerful incentive to agree to forfeit as many assets as he possibly can, regardless of whether he actually has any interest therein, and to provide testimony that is helpful to the Government."  *United States v. Bailey*, 926 F. Supp. 2d 739, 771 (W.D.N.C. 2013) (agreeing that defendants who have pleaded guilty and are awaiting sentencing have a powerful incentive to make "self-serving and conclusory statements" in support of forfeiture of a third-party's property).

[2] Defendant Gustavo Adolfo Hernandez Frieri ("Gustavo") founded GSTF and managed it through an investment manager he founded, Global Securities Advisors, LLC, a Florida corporation based in New York City that was later succeeded by Global Securities Advisors GP, LLC (together with Global Securities Advisors, LLC, "GSA"), a Delaware corporation based in New York City.

of the $120,000 was characterized as a loan agreement between GSM and GSTF, which contemplated a one-month maturity date with principal and 8% interest to be repaid to GSTF. *Id.* at ¶ 37. Agent Vega, however, acknowledged the Condominium was owned by the Land Trust, Tulia was its trustee, and Tulia and Cesar were the settlors and grantors. *Id.* at ¶¶ 39-40.

Further, notably missing from Agent Vega's declaration or Defendant Ortega's Plea Agreement and Factual Proffer is any indicia of Defendant Ortega's ownership of the Condominium. For instance, there is no evidence that:

- Tulia and Cesar were aware of the nature or source of the $120,000 the Government attests were borrowed or that GSTF was involved in criminal activity;

- Tulia and Cesar met or had any contact with Defendant Ortega;

- Defendants Ortega or Gustavo had ever even been to the Condominium or the Condominium construction site, or participated in discussions with the seller;

- the remaining $900,000 used to purchase the Condominium were illegitimate funds or belonged to Defendant Ortega or any other third party;

- documents attached to the Land Trust's Petition, including trust documents, establishing a chain of title and ownership interests in the Condominium are fraudulent;

- Defendants Ortega or Gustavo had any possessory or ownership rights or interests in the Condominium, including that either of them lived there or earned income through the Condominium;

- Tulia and Cesar do not live in the Condominium; or

- The Land Trust, Tulia and/or Cesar are nominees.

**Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | Attorneys at Law**
2 South Biscayne Boulevard, Suite 2550 | Miami, FL 33131 | T + 1 305.371.9686 | F +1 305.371.9687

www.sfslaw.com

4

This is because those facts do not exist.[3]  Cesar and Tulia live in the Condominium two to three days per week, and neither Defendants Ortega nor Gustavo have ever been in that property pre- or post-construction and did not participate in any negotiations or communications with the sellers.

## II. The Government Should Not Be Entitled to Discovery Based on this Factual Foundation.

The cited authorities in the Government's Response illustrate the kinds of real factual disputes the full panoply of discovery authorized under the Federal Rules of Civil Procedure would help resolve.

In *United States v. Kokko*, 06-20065 CR, 2007 WL 2209260, at *1 (S.D. Fla. July 30, 2007), the defendant was charged by indictment with knowingly and intentionally attempting to introduce into the commerce of the United States 49 watches by means of a fraudulent and false invoice, declaration, affidavit, letter, paper and statement.  The defendant pled guilty to the aforementioned charge, agreed to forfeiture of the watches, and executed a Consent to Forfeiture in which he "*specifically averred that he was the owner of the 49 watches, no other person or entity had an ownership interest in the watches*, and he expressly agreed to the forfeiture of his right, title, and interest in the watches."  *Id.* (emphasis added).

The third-party petitioner asserted a right, title, or interest in the watches as bailee for the benefit of the watch owners alleging that it was a freight forwarder based in Switzerland that was "retained by the owners of the watches to deliver the watches to Miami on a consignment basis"

---

[3] The only potential disputed facts do not touch upon the Land Trust's status as a true owner of the Condominium, but on the amount and source of the last $120,000 used to finalize the Land Trust's purchase of the Condominium and the outstanding debt owed on the short-term loan associated with those funds.

**Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | Attorneys at Law**
2 South Biscayne Boulevard, Suite 2550 | Miami, FL 33131 | T + 1 305.371.9686 | F +1 305.371.9687
www.sfslaw.com

5

and had employed the defendant "to hand-carry the watches on a flight from Zurich to Miami." *Id.*

In response, the government argued that the petitioner had not explicitly stated the nature of its right, title, and interest in the watches nor the time and circumstances of its acquisition of the watches, and did not provide additional facts supporting its claim to the watches as required by 21 U.S.C. § 853(n)(3). *Id.* at *2. Moreover, the government argued that the petitioner's allegations were "bare assertions, unsupported by any information let alone sworn information, and are insufficient to constitute a proper claim under § 853(n)(3)." *Id.* at *3. For instance, the petitioner "failed to provide any information regarding how, when, and from whom it acquired the watches." *Id.* The government also noted that the petitioner's stated claim "directly contradict[ed] [the defendant's] statement that he owned the watches and was unaware of any other person or entity with an ownership interest in them." *Id.* Finally, the government's request for discovery specifically identified four narrow areas of inquiry. *Id.* at *3 n.2.

Thus, discovery was appropriate in *Kokko* where (i) the petitioner admitted the defendant had been in possession of the watches subject to forfeiture, (ii) the defendant specifically averred he was the owner of the watches and no other entity or person had an ownership interest in the watches, (iii) the government argued the petition did not provide sufficient facts regarding the nature of the petitioner's claimed interest in the property in compliance with 21 U.S.C. § 853(n), (iv) the government argued the petitioner's claimed ownership rights to the watches directly contradicted the defendant's specific statements claiming ownership of the watches, and (iv) the

government's request for discovery identified the narrow areas of inquiry on which information was sought.

None of these factors are present here. Rather, the Government relies on supposition, bare assertions, and non-specific allegations of nominee ownership to contend there are real factual issues for which non-specific discovery is necessary. These are not valid bases and the Government does not have a sufficient factual foundation for forfeiture of the Condominium to drag an innocent third-party petitioner through burdensome discovery to remove the cloud over their valuable property.

## CONCLUSION

$900,000 of the $1,050,000 total purchase price for the Condominium came from Cesar and Tulia's legitimately derived funds.[4] They unwittingly borrowed $90,000 derived from Cesar's brother's company, GSTF, to close on the Condominium long before any defendant or entity was charged or implicated in this case. Shortly thereafter, Cesar and Tulia repaid $50,460 and currently owe approximately $39,540. It bears repeating, being Gustavo's brother is not a crime, does not impute knowledge of alleged wrongdoing, and does not make any other defendants Tulia and Cesar have never met the true owners of property that has a *de minimis* connection to Gustavo and his entities.

Cesar and his wife, Tulia, have been financially devastated by the Government's association of Cesar and his independent corporate entities with his brother, Gustavo. The foundation of the Government's theory of forfeiture is simply too thin to authorize the Government

---

[4] As explained in the verified petition at pages 5, 9, and 11, the gross amount due to seller at closing was $1,078.205.97. After applying the $900,000 deposits, a seller's credit of $61,500, and unpaid county taxes of $586.14, a $116,119.83 shortfall remained.

**Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | Attorneys at Law**
2 South Biscayne Boulevard, Suite 2550 | Miami, FL 33131 | T + 1 305.371.9686 | F +1 305.371.9687
www.sfslaw.com

7

to continue encumbering their property by pursuing burdensome discovery and delaying adjudication of the Land Trust's rights to the Condominium.

Thus, the Land Trust requests that the Court develop any record to adjudicate the Land Trust's property rights to the Condominium at a hearing within 30 days of filing of the verified petition pursuant to 21 U.S.C. § 853(n)(4) and amend its Preliminary Order of Forfeiture to remove the Condominium from the list of assets subject to forfeiture in this criminal matter. Moreover, the Court should award the petitioner attorneys' fees pursuant to 28 U.S.C. § 2412(d)(1)(A) because the Government's position is not substantially justified.

Dated: September 11, 2019.

Respectfully submitted,

STUMPHAUZER, FOSLID, SLOMAN,
ROSS & KOLAYA, PLLC
*Counsel for Third-Party Petitioner*
*Land Trust TH 041117*
2 South Biscayne Boulevard
Suite 2550
Miami, Florida 33131
Telephone:   (305) 371-9686
Fax:         (305) 371-9687

By: */s/ Jeffrey H. Sloman*
    Jeffrey H. Sloman, Esq.
    Florida Bar No. 378879
    jsloman@sfslaw.com
    Jorge A. Pérez Santiago
    Florida Bar 91915
    jperezsantiago@sfslaw.com

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | Attorneys at Law
2 South Biscayne Boulevard, Suite 2550 | Miami, FL 33131 | T + 1 305.371.9686 | F +1 305.371.9687

www.sfslaw.com

8

Case No.: 1:18-cr-20685-KMW

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of September 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF, causing a copy to be served on counsel of record, including those listed below.

/s/ *Jeffrey H. Sloman*
Jeffrey H. Sloman, Esq

# SERVICE LIST

Luis Eduardo Delgado
Adam Louis Schwartz
Homer Bonner & Delgado
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
305-350-5100
379-0918 (fax)
ldelgado@homerbonnerlaw.com
aschwartz@homerbonner.com

*Counsel for Defendant Abraham Ortega*

Nicole Grosnoff
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9294
nicole.s.grosnoff@usdoj.gov

*Counsel for the United States*

Nalina Sombuntham
US Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
305-961-9224
nalina.sombuntham2@usdoj.gov

*Counsel for the United States*

Case No.: 1:18-cr-20685-KMW

## Declaration Under Penalty of Perjury

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:

_____
DATE

_____
Tulia Eugenia Hernandez
Trustee of Land Trust TH 041117

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | Attorneys at Law
2 South Biscayne Boulevard, Suite 2550 | Miami, FL 33131 | T + 1 305.371.9686 | F +1 305.371.9687
www.sfslaw.com