UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS(s)

UNITED STATES OF AMERICA

vs.

GUSTAVO HERNANDEZ FRIERI,

　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　　/

## PLEA AGREEMENT

　　The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, Criminal Division, Fraud Section (collectively, "this Office") and GUSTAVO HERNANDEZ FRIERI (hereinafter referred to as the "defendant") enter into the following agreement:

　　1.　　The defendant agrees to plead guilty to count 1 in the Indictment, which charges the defendant with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).

　　2.　　The government agrees to dismiss counts 2, 3, 4 and 7 of the Indictment against the defendant.

　　3.　　The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the defendant's guilty plea has

been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a term of imprisonment of up to 20 years and may impose a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $500,000 or twice the amount of the criminally derived property involved in the transactions, whichever is greater, and may order criminal forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.	This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.	This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering into this plea agreement; (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false

statements or misrepresentations to any governmental entity or official; or, (d) fails to fully assist in the forfeiture of assets as set forth in this plea agreement.

8. The defendant agrees that the defendant shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. Any assistance the defendant may provide to the United States federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated United States investigators. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided

substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(i) The <u>Base Offense Level</u> is properly calculated under Section 2S1.1(a)(2) of the Sentencing Guidelines and is **28** because the base offense level is eight and there is a 20-level increase pursuant to the table in Section 2B1.1(b)(1) because the value of the laundered funds exceeds $12,000,000;

(ii) The defendant should receive a **2**-level enhancement because the defendant was convicted under 18 U.S.C. § 1956 pursuant to Section 2S1.1(b)(2)(B) of the Sentencing Guidelines;

(iii) Sophisticated Laundering: The government will argue that the defendant should receive a **2**-level enhancement because Section 2S1.1(b)(2)(B) applies and the offense involved sophisticated laundering pursuant to Section 2S1.1(b)(3) of the Sentencing

Guidelines; the defendant will argue that the sophisticated laundering enhancement does not apply;

(iv) No other adjustments apply, save for Acceptance of Responsibility in accordance with Paragraph 8 above and Section 3E1.1;

(v) The Total Offense Level is **32** less any adjustment for Acceptance of Responsibility if the Court applies the sophisticated laundering enhancement and the Total Offense Level is 30 less any adjustment for Acceptance of Responsibility if the Court does not apply enhancement; and

(vi) Based on a Criminal History Category of **I** and a Total Offense Level of **32**, the defendant's advisory sentencing guideline range is 121 months to 151 months imprisonment before any adjustment for Acceptance of Responsibility or if a Total Offense Level of 30, 97 months to 121 months imprisonment before any adjustment for Acceptance of Responsibility.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing

recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Indictment and/or property that constitutes substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p). The defendant agrees that the property subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1) includes, but is not limited to:

(i) A sum of at least $12,330,000 in U.S. currency, which may be sought as a forfeiture money judgment;

(ii) All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C;

(iii) All assets on deposit in account numbers 1466054, 1465724, and 55102421 at City National Bank in New Jersey held by Global Securities Trade and Finance;

(iv) All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited, all shares of Global Securities Trade and Finance Class Series D-1;

(v) Approximately $2 million in Series A convertible notes of Domaine Select Wine & Spirits, LLC, a Delaware Limited Liability Company, acquired on

        or about September 22, 2016, and October 18, 2017, by Global Securities Trade and Finance and Gustavo Hernandez, respectively; and

(vi)    All assets on deposit in account number 200020600 at Ansbacher Limited in THE BAHAMAS, held in the name of Greatwalls FS.

The defendant agrees to consent to the entry of orders of forfeiture for such property and to not contest the forfeiture of property specifically identified as directly forfeitable in the Indictment and Amended Protective Order. The defendant admits and agrees that the conduct described in the Criminal Complaint, Indictment, and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States. The United States agrees to credit the defendant's forfeiture money judgement of $12,330,000 for any forfeiture obtained by the United States as a result of defendant Abraham Edgardo Ortega's forfeiture and forfeiture money judgment of $12,000,000.

14.    The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all assets, including real and personal property, cash, and other monetary instruments, wherever located, which the defendant, or others to the defendant's knowledge, have accumulated as a result of illegal activities, or are forfeitable as substitute assets in the place of assets accumulated as a result of illegal activities. The defendant further agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied. The defendant understands that should there be any remaining balance to his forfeiture money judgment after the forfeiture of directly forfeitable property, the United States may seek the forfeiture of his substitute assets. The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment

and to pass title to the United States. To that end, defendant agrees to fully assist the Office in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the Office.

15. The defendant agrees to make full and accurate disclosure of his financial affairs to this Office and expressly authorizes this Office to obtain a credit report. The defendant agrees that within 10 calendar days and upon request of this Office, the defendant shall submit a completed Financial Disclosure Statement (form provided by this Office), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (a) separate prosecution, including, under Title 18, United States Code, Section 1001; or (b) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of this Office, until his forfeiture money judgment is paid in full. Upon

request of this Office, the defendant shall also identify any transfer of assets valued in excess of $5,000 since the date when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

16. The defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court. The defendant further knowingly and voluntarily: (a) waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, (b) waives any applicable time limits for the initiation of administrative or judicial forfeiture proceedings, (c) waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty, and (d) waives any right to appeal the forfeiture.

17. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect this Office's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if this Office appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be

released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

18. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to conspiracy to commit money laundering, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

19. This Office and the defendant stipulate to and agree not to contest the facts in the Factual Proffer, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case. The defendant agrees that the facts in the Factual Proffer are true and correct to the best of the defendant's knowledge. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the defendant's guilty plea to the charge discussed in paragraph 1, the factual basis set forth in the Factual Proffer does not purport to represent all facts and circumstances relating to the defendant's participation. Similarly, the factual basis in the Factual Proffer is not

intended to identify all knowledge the defendant might have of the unlawful activity of other individuals.

20. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph 2 above, or should this Office, in its sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, this Office will be released from its obligations under this agreement, and the defendant agrees and understands that:

(a) the defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

(b) that any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by this Office;

(c) the defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time in filing an Indictment or Superseding Information, referred to herein, shall remain in full force and effect;

(d) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in the Factual Proffer and in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or this Office; and

(e)   the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

21.   This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 11/26/2019

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
MICHAEL B. NADLER
NALINA SOMBUNTHAM
ASSISTANT UNITED STATES ATTORNEYS

ROBERT ZINK
CHIEF, FRAUD SECTION
U.S. Department of Justice, Criminal Division

Date: 11/26/2019

By: _____
PAUL A. HAYDEN
TRIAL ATTORNEY

Date: 26 Nov 2019

_____
MICHAEL S. PASANO
ATTORNEY FOR
DEFENDANT

Date: 11/26/2019

_____
GUSTAVO HERNANDEZ
FRIERI
DEFENDANT