## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.



### PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant"). Being fully advised in the premises and based on the United States' Unopposed Motion for Preliminary Order of Forfeiture, the record in this matter, and for good cause shown thereby, the Court finds as follows:

On August 16, 2018, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Indictment, ECF No. 3. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, the Defendant shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 5.

On November 26, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 163; Plea Agreement ¶ 1, at 1, ECF No. 119. As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $12,330,000 in U.S. currency and the forfeiture of other specific assets that have been finally forfeited. *See*

Plea Agreement ¶ 13, at 7, ECF No. 163. The United States also agreed to credit the Defendant's forfeiture money judgment for any forfeiture obtained by the United States as a result of co-defendant Abraham Edgardo Ortega's forfeiture and forfeiture money judgment of $12,000,000. *See* Plea Agreement ¶ 13, at 8.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF Nos. 164 and 165. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

According to the Defendant's Factual Proffer, Defendant and others conspired to launder and engage in monetary transactions with the proceeds of corrupt currency exchanges involving Petróleos de Venezuela, S.A. ("PDVSA"). *See* Factual Proffer, ECF No. 164 at Page 1-2. Between August 2004 and March 2016, co-defendant Abraham Edgardo Ortega ("Ortega") worked in various finance positions at PDVSA and was a "foreign official," as that term is defined in the Foreign Corrupt Practices Act ("FCPA"). *See id.* at 1.

Ortega participated in a bribery scheme in which he received U.S. dollars in exchange for acts and decisions in his official capacity to give certain companies "priority" status in joint venture schemes. *See id.* at 2. The Defendant, Ortega, and others conspired to launder approximately $12 million that were given to Ortega as bribe payments. *See id.* at 2-3. In addition to this $12 million, the Defendant agreed with a confidential source ("CS") to launder an additional $300,000 to an undercover law enforcement account. *See id.* at 6. The Defendant, via an invoice from Global Securities Management, charged $30,000 to conduct such transfer. *See* Aff. Criminal Compl. ¶ 95, at 24-25, ECF No. 3.

Based on the record in this case, the total value of the property involved in the offense of conviction is $12,330,000, which sum may be sought as a forfeiture money judgment pursuant to

Rule 32.2 of the Federal Rules of Criminal Procedure.

**THEREFORE**, the United States' Unopposed Motion for Preliminary Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $12,330,000 in U.S. currency is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery necessary in identifying, locating, or disposing of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 4th day of February 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: AUSA Nicole Grosnoff (2 copies)