**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA (MIAMI DIVISION)**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABRAHAM EDGARDO ORTEGA,<br><br>*Defendant*. | Case No.: 1:18-cr-20685-KMW |

**APPLICATION TO WITHDRAW MOTION OF BOLIVARIAN REPUBLIC OF VENEZUELA SEEKING VICTIM STATUS AND RESTITUTION AS SUPERSEDED BY MOTION OF PDVSA SEEKING VICTIM STATUS AND RESITUTION**

The Bolivarian Republic of Venezuela (the "Republic") moves this Court to order that the pending motion seeking victim status and restitution purportedly on behalf of the Republic (DE 87) be withdrawn as superseded by the motion of Petróleos de Venezuela, S.A. (PDVSA) for victim status and restitution.

The undersigned counsel for the Republic has conferred with counsel for the United States of America (the "United States") regarding this motion. The United States does not oppose this motion.

**BACKGROUND**

On January 10, 2019, the freely and fairly elected Venezuelan National Assembly determined, in accordance with the Venezuelan Constitution, that the presidency was vacant because then-President Nicolás Maduro had claimed victory in a fraudulent election held in 2018. On January 23, 2019, National Assembly President Juan Guaidó, supported by the democratically elected National Assembly, assumed the Interim Presidency of Venezuela in an effort to restore democracy and constitutional rule.

Also on January 23, 2019, the United States recognized Mr. Guaidó as the legitimate Interim President of Venezuela and rejected the legitimacy of the Maduro regime.  On January 7, 2020, Mr. Guaidó was again sworn in as President of the National Assembly and, therefore, was recognized by the Unites States as Interim President of the Republic.  Interim President Guaidó has duly appointed José Ignacio Hernández as Special Attorney General to represent and defend the interests of the Republic in legal proceedings outside of Venezuela, including this matter.

On April 2, 2019, a motion seeking victim status and restitution under the Crime Victims' Rights Act (18 U.S.C. § 3771) and the Mandatory Victims Restitution Act (18 U.S.C. §§ 3663A *et seq.*) was filed by attorneys purporting to represent the Bolivarian Republic of Venezuela under instruction of Mr. Maduro.  (DE 87.)

On May 17, 2019, the United States opposed the motion on the ground that it was filed under instructions of a person whom "the United States does not recognize" as having authority to speak on behalf of the Republic.  (DE 99 at 2.)

By letter dated May 22, 2019, Special Attorney General Hernández terminated the Republic's relationship with counsel who filed the motion and engaged lawyers at the law firm of Arnold & Porter Kaye Scholer LLP to represent the interests of the Republic in this matter. (DE 104.)

On May 23, 2019, the Republic filed a stipulation of substitution of counsel, explaining that the Republic's proper, recognized authorities had determined that "the Republic would henceforth be represented solely by the law firm of Arnold & Porter Kaye Scholer, LLP."  (DE 105 at 2.)

## DISCUSSION

1. As a threshold housekeeping matter, the Court should so-order the pending unopposed stipulation to substitute. (DE 105). The undersigned attorneys, appointed under authority of Interim President Juan Guaidó, are the appropriate attorneys to represent the Republic because, as the United States explained in its opposition to the original motion for victim status (DE 99), the "authority to recognize a foreign sovereign is exclusive to the Executive Branch. Here, the President of the United States has recognized the Venezuelan National Assembly and Interim President Juan Guaidó as the legitimate government and leader" of the Republic. *Id*. at 1. Further, "the decision to recognize a foreign power is a political question reserved for the President of the United States." *Id*. at 4-5 (citing and quoting *Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076, 2090 (2015); *Guar. Tr. Co. of New York v. United States*, 304 U.S. 126, 137-38 (1938); *Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669, 675 (S.D. Fla. 1988)). Accordingly, the Court should so-order the stipulation to substitute.

2. Beginning in May 2019, Special Attorney General Hernández has been engaged in discussions with the U.S. Department of Justice concerning a potential government-to-government agreement to provide for recovery by the Republic of the proceeds of bribery and corruption schemes and other criminal activity that have caused economic harm to the Republic and its instrumentalities.

Special Attorney General Hernández is committed to continuing discussions with the Department of Justice with a view to coming into an agreement under which the recovery of the proceeds of crime against the Republic and its state-owned entities will be addressed on a comprehensive, consensual basis that governs all assets recovered by the U.S. Government in connection with kleptocracy and corruption in Venezuela. However, as the Defendant's

sentencing has approached, the Special Attorney General has concluded that it does not appear that such an agreement is near fruition at this time.

Further, during the course of the government-to-government discussions, the Special Attorney General had occasion to investigate the pending application of the Republic in this case, filed by counsel instructed by Mr. Maduro. The Special Attorney General concluded that the Republic is not the appropriate applicant for recognition of victim status and restitution, but rather the appropriate applicant is PDVSA. Thus, in order to protect the assets of the Venezuelan people and to discharge his obligation to protect property rightfully belonging to the Republic and its instrumentalities for the ultimate benefit of the Venezuelan people for use in alleviating the existing humanitarian crisis in Venezuela, restoring democracy and the rule of law to Venezuela, and rebuilding Venezuela's economic prosperity, the Special Attorney General has determined that the Republic's pending motion for recognition of victim status and restitution should be withdrawn as superseded by the motion of PDVSA for such recognition and restitution.

Accordingly, the Court should grant the Republic's application to withdraw the Republic's pending motion for recognition of victim status and restitution as superseded by the motion of PDVSA for such recognition and restitution.

## CONCLUSION

The pending stipulation to substitute counsel (DE 105) should be so-ordered, and the pending motion seeking victim status and restitution purportedly on behalf of the Republic (DE 87) should be withdrawn as superseded by the motion of PDVSA for victim status and restitution.

Dated: April 24, 2020

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Jason A. Ross*
Jason A. Ross (Florida Bar No. 59466)
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999
jason.ross@arnoldporter.com

and

Kent A. Yalowitz (*pro hac vice* pending)
250 West 55th Street
New York, NY 10019
Telephone: +1 212.836.8344
kent.yalowitz@arnoldporter.com

*Attorneys for the Bolivarian Republic of Venezuela*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver the document to all counsel of record.

Dated: April 24, 2020

*/s/ Jason A. Ross*_____