**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA (MIAMI DIVISION)**

UNITED STATES OF AMERICA

v.

ABRAHAM EDGARDO ORTEGA,

*Defendant*.

Case No.: 1:18-cr-20685-KMW

**NOTICE PURSUANT TO 31 C.F.R. § 501.605(c)**

Petróleos de Venezuela, S.A. (PDVSA) submits this notice pursuant to 31 C.F.R. § 501.605(c), a regulation promulgated by the U.S. Department of Treasury's Office of Foreign Assets Control (OFAC).

Section 501.605(c) provides that "[p]ersons initiating proceedings subject to the reporting requirements of this section must notify the court or other adjudicatory body of the restrictions set forth under the applicable part in this chapter governing the transfer of blocked property or funds retained pursuant to [31 C.F.R.] § 596.504(b)."

This case may be subject to OFAC's notification requirements because PDVSA, whose motion for victim status and restitution (DE 191) is pending, is currently designated as a blocked entity, and therefore this proceeding "may affect blocked property." 31 C.F.R. § 501.605(a).

PDVSA thus notifies the Court that OFAC's regulations, set forth in Chapter 5 of Title 31 of the Code of Federal Regulations, impose restrictions on the transfer of blocked property. Those restrictions include the prohibition on any unlicensed attachment, judgment, decree, lien, execution, garnishment or other judicial process with respect to any property in which, on or after the applicable effective date, there existed an interest of any person whose property and

property interests were subject to blocking pursuant to 31 C.F.R. Chapter 5.

On August 5, 2019, OFAC issued a general license authorizing U.S. persons "to engage in all transactions involving any person appointed by [Interim President of Venezuela Juan] Guaidó to the board of directors (including any ad hoc board of directors) or appointed as an executive officer of a Government of Venezuela entity (including entities owned or controlled, directly or indirectly by the Government of Venezuela) prohibited by [Executive Order] 13850, as amended by [Executive Order] 13857 of January 25, 2019." OFAC, General License No. 31, https://www.treasury.gov/resource-center/sanctions/Programs/Documents/venezuela_gl31.pdf; *see* DE 191 at 16 (requesting that restitution be "paid to PDVSA under the direction of its ad hoc board" appointed by President Guaidó).

Dated: July 31, 2020

Respectfully submitted,

ARNOLD & PORTER
KAYE SCHOLER LLP

Jason A. Ross (Florida Bar No. 59466)
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999
jason.ross@arnoldporter.com

– and –

Kent A. Yalowitz (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019
Telephone: +1 212.836.8344
kent.yalowitz@arnoldporter.com

*Attorneys for Petróleos de Venezuela, S.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver the document to all counsel of record.

Dated: July 31, 2020

*/s/ Jason A. Ross*
Jason A. Ross