**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA (MIAMI DIVISION)**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABRAHAM EDGARDO ORTEGA,<br><br>*Defendant*. | Case No.: 1:18-cr-20685-KMW |

## SUPPLEMENTAL SUBMISSION OF PDVSA

Petróleos de Venezuela, S.A. (PDVSA) respectfully submits this statement regarding two cases that this Court raised during its August 10, 2020, telephonic hearing on PDVSA's motion for victim status and restitution (DE 191).

Having reviewed these cases, counsel for PDVSA has confirmed that restitution was denied in both because the putative victim stood to benefit from the defendant's unlawful conduct. The bank in *United States v. Litos*, 847 F.3d 906, 908, 910 (7th Cir. 2017), was "equally culpable" with the defendant because it had approved mortgage applications that were fraudulent on their face, having "intended to sell the mortgages and transfer the risk of loss to Fannie Mae for a profit," even though the mortgages were "doomed to default." The court's decision turned on the facts of the case, not on a "culture" of corruption; and it distinguished cases we rely on such as the Second Circuit's decision *Ojeikere* as involving victims who "had not been involved in a scheme to lose their own money" and whose "intentions were not *in pari materia* with those of the defendant." *Id.* at 910 (citation omitted). In *United States v. Block*, No. 16-CR-595, 2018 WL 722854, at *3 (S.D.N.Y. Feb. 6, 2018), the defendant acted "both within the scope of his employment as an executive officer of the company and, importantly, *to benefit*

*the company*" that sought restitution. The defendant's actions thus fell "squarely within the scope of criminal conduct that is attributable to a corporate employer." *Id.*

By contrast, PDVSA is not aware of any case concluding that a corporate victim's asserted "culture of corruption," even if "pervasive," can *alone* foreclose restitution under the MVRA. Such a conclusion in this case would not only be unprecedented, but would also render the determination of victim status judicially unmanageable, as it would invite the submission of facts irrelevant to the defendant's conduct. PDVSA is undoubtedly the victim of the bribery scheme in this case, as the participating officials violated their duties to PDVSA for their own personal enrichment, in which PDVSA did not share.[1]

Moreover, as explained at the hearing, a finding by this Court that generalized corruption within PDVSA forecloses it from recovering restitution for *any* theft of its assets by *any* employee would seriously damage PDVSA, the Bolivarian Republic of Venezuela, and U.S. foreign policy interests as set forth in the VERDAD Act and by officials of the State and Treasury Departments, with ramifications extending well beyond this case.

---

[1] To the extent that unpublished decisions of the Eleventh Circuit suggest that corporate victims of bribery schemes may be precluded from recovering restitution under the MVRA as "coconspirators" of those schemes (*see* DE 205 at 7), PDVSA expressly preserves for further review the argument that those decisions misinterpret the MVRA and should be reconsidered.

Dated: August 21, 2020                    Respectfully submitted,

                                                 ARNOLD & PORTER
                                                   KAYE SCHOLER LLP

/s/ Jason A. Ross

Jason A. Ross (Florida Bar No. 59466)
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999
jason.ross@arnoldporter.com

– and –

Kent A. Yalowitz (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019
Telephone: +1 212.836.8344
kent.yalowitz@arnoldporter.com

*Attorneys for Petróleos de Venezuela, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver the document to all counsel of record.

Dated: August 28, 2020     */s/ Jason A. Ross*
                          Jason A. Ross