UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20685-cr-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUSTAVO ADOLFO HERNANDEZ
FRIERI, et al.,

    Defendants.
_____/

**DEFENDANT GUSTAVO ADOLFO HERNANDEZ FRIERI'S MOTION
FOR CLARIFICATION AND/OR AMENDMENT OF THE
COURT'S SECOND PRELIMINARY ORDER OF FORFEITURE
DATED SEPTEMBER 28, 2020 (ECF NO. 239)**

Defendant Gustavo Adolfo Hernandez Frieri, ("Mr. Hernandez"), through undersigned counsel, respectfully asks this Court to clarify its Order dated September 28, 2020, regarding substitute asset forfeiture in this case and to specify that the Court's Order regarding property to be forfeited to satisfy the forfeiture money judgment herein, in so far as it mentions the real property located at 597 Hibiscus Lane, Miami, Florida 33127 ("the Miami house"), is intended to forfeit that property only to the extent of any interest in that property held by the Defendant. Defendant has steadfastly asserted that he has no present forfeitable interest in this property, which is owned by a trust, but has agreed that the Government may take as a substitute asset any future interest he might acquire. The Court's Order, however, at page four, recites that "The Defendant maintains a present interest" in the Miami house. Because that statement is not accurate and in order to avoid adversely affecting the interests of innocent third parties who have

the right to file claims and litigate the issue of ownership in ancillary proceedings herein, Mr. Hernandez files the instant motion for clarification.

## FACTUAL BACKGROUND

### A. The Miami House

Mr. Hernandez and his wife created a Trust in 2013 and funded the Trust's purchase of the Miami house that has since served as the residence for them and the children. At all times, the Trust is and has been the owner of the property. Originally, Mr. Hernandez and his wife acted as co-trustees. After Mr. Hernandez's arrest, the marriage broke down. On October 1, 2019, Mr. Hernandez resigned as co-trustee. In late November 2019, Mr. Hernandez entered his plea of guilty herein. In January 2020, Mr. Hernandez's divorce became final. As of the time of his conviction, Mr. Hernandez owned no present interest in the Miami house. As a co-settlor of the Trust, Mr. Hernandez retained a future contingent interest in the property, depending on future events regarding his minor children and decisions his ex-wife might make as sole trustee. Since the time of Mr. Hernandez's arrest his ex-wife has been paying all home expenses.

### B. The Money Judgment

The Court Order at page three talks about "other directly forfeitable property (that) cannot be located upon the exercise of due diligence." While Mr. Hernandez in his plea agreement agreed that the elements of Title 21, United States Code, Section 853(p) have been satisfied, the plea agreement contemplated that first the Government would seize "directly forfeitable property" and "after the forfeiture" of same, the Government "may seek the forfeiture of his substitute assets." (Plea agreement paragraph 14). To that end, as agreed, Mr. Hernandez has assisted the Government in identifying the exact whereabouts of the $12 million which co-

defendant Abraham Ortega and the Government CI subscribed into the GSTF Fund. Exhibits 2 and 3 attached to the Government's motion document Mr. Hernandez's cooperation.

Specifically the "Ortega" monies flowed as follows:

1. Loans to Ortega and his lawyer totaling $2.8 million
2. Cash in bank in excess of $800,000 (which the Government has seized).
3. $2 million invested in a US based company Domaine Select which (the Government has seized).
4. $100,000 loan to US company Alpha Financial Products, Ltd, which has matured
5. $50,000 loan to US based GSM LLC, which has matured.
6. $150,000 loan to Portfolio SAS with a maturity date of November 16, 2020.
7. $2 Million in an auto debt portfolio in Colombia originated by Serfindata S.A., due April 17, 2022.
8. $1.3 million in a consumer loan portfolio in Colombia originated by Refinancia S.A., which matured on June 30, 2020.
9. $2 million in infrastructure bonds in Colombia to Metrolinea (municipality of Bucaramanga), due December 31, 2020.
10. $400,000 sent to the Government CI at his request.

It appears that the Government is only crediting Mr. Hernandez for its seizure of the "Ortega cash" from City National Bank. Mr. Hernandez is advised that the investments described above are collectible and the parties involved are awaiting instructions from Government counsel, which to date have not occurred. Accordingly, Mr. Hernandez asks this Court to amend its Order and grant him greater credit than the $818, 990 the Government has specified.

## **LEGAL STANDARD**

It is true that if directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. 21 U.S.C. §853(p). First, the clear language of the statute speaks to directly forfeitable assets not being available, after the exercise of due diligence. Second, what is forfeitable as substitute assets is only the property of the defendant. *See* e.g. *United States v. Fleet*, 498 F. 3d 1224, 1227-31 (11th Cir. 2007). *See also United States v. Lester*, 85 F. 3d 1409 (9th Cir. 1996) (wife's property interest not forfeitable); *United States v. Ginsburg*, 774 F. 2d 798, 800-3 (criminal forfeiture reaches assets of defendant in existence at time of conviction); *United States v. McManigal*, 723 F. 2d 580 (7th Cir. 1983) (substitute asset forfeiture does not apply to property the defendant no longer possesses). Because criminal forfeiture is *in personam*, the Miami house itself cannot and should not be ordered to be forfeited.

## **CONCLUSION**

Defendant urges this Court to clarify its September 28, 2020 Order at paragraph 2 iii and 6 and 7 to make clear that the order of forfeiture regarding the Miami house is only to the extent of any interest in that property held by the Defendant. Defendant also asks the Court to amend its Order to credit him fully for directly forfeitable assets available to the Government.

## **LOCAL RULE 88.9 CERTIFICATE**

Counsel AUSA Nalina Sombuntham opposes and states as follows:

> The Second Preliminary Order of Forfeiture already indicates that third-party claims will be addressed in ancillary proceedings, and that the Order is final only to the Defendant. Accordingly, the United States opposes the proposed motion to clarify as the Order is already clear. With respect to accounting for the balance of the Defendant's forfeiture money judgment, the assets for which Defendant seeks "credit" have not been forfeited, were transferred to a third party, and/or have otherwise diminished in value, as acknowledged in the Defendant's Financial Disclosure Statement to the United States, ECF No. 238-4. Furthermore, there is

4

123689797.1

no dispute that even if credited for all requested assets, the forfeiture money judgment balance would warrant the forfeiture of the Defendant's substitute property.

Dated: October 1, 2020

*s/ Michael S. Pasano*
Michael S. Pasano (475947)
Email: mpasano@carltonfields.com
CARLTON FIELDS
100 SE Second Street, Suite 4200
Miami, Florida 33131
Tel: (305) 530-0050
Fax: (305) 530-0055
*Counsel for Defendant, Gustavo Adolfo Hernandez Frieri*

123689797.1