## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20685-Cr-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GUSTAVO ADOLFO
HERNANDEZ FRIERI, *et al.*

      Defendants.

_____/

### ORDER ON DEFENDANT'S MOTION FOR CLARIFICATION

This matter is before the Court on Gustavo Adolfo Hernandez Frieri's "Defendant") motion for clarification. [D.E. 243]. The United States of America (the "Government") responded to the motion on October 13, 2020 [D.E. 247] to which Defendant did not reply and the time to do so has passed. Therefore, the motion is now ripe for disposition. After carful consideration of the motion, response, relevant authority, and for the reasons discussed below, Defendant's motion for clarification is **DENIED**.[1]

---

[1]     On October 5, 2020, the Honorable Kathleen Williams referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 244].

## I.    ANALYSIS

On September 28, 2020, the Court entered a Second Preliminary Forfeiture Order (the "Court Order") that forfeited – subject to third-party interests – two checks, real property located at 597 Hibiscus Lane, Miami, FL 33137 (the "Miami House"), and the Defendant's interest as a settlor or grantor of the Miami House. [D.E. 39 at 5-6].  The Court Order credited Defendant's forfeiture money judgment of $12,330,000 with $818,990.01 that was finalized in the criminal case against Abraham Edgardo Ortega ("Mr. Ortega").[2]  Id.   The Court Order found that "Defendant maintains a present interest in 597 Hibiscus Lane and remains the Grantor, or co-settlor, of the 597 Hibiscus Lane Revocable Trust U/A/D December 10, 2013 [(the "Revocable Trust")]."  Id. at 4.

Defendant claims that the Court Order is inaccurate because, although he owns no present interest in the Miami House, he retains a future contingent interest in the property because of his minor children and his ex-wife.[3]  Defendant argues that clarification is needed "to avoid adversely affecting the interests of innocent third parties who have the right to file claims and litigate the issue of ownership in ancillary proceedings[.]"  [D.E. 243 at 1-2].  Defendant also states that

---

[2]    The forfeiture money judgment was imposed as a condition of Defendant's guilty plea that the Court entered on November 26, 2019.  [D.E. 162-163].

[3]    Defendant and his ex-wife created a trust in 2013 that funded the purchase of the Miami House.  The couple initially acted as co-trustees, but Defendant resigned on October 1, 2019 after law enforcement arrested him.  Defendant entered a guilty plea in November 2019 and the couple finalized their divorce in January 2020. Defendant believes that he retains a future contingent interest in the property depending on the future events of his children and the decisions of his ex-wife.

the Court Order is mistaken because it only credited him with $818,990.01 towards his forfeiture money judgment when that amount should have been greater for his efforts in identifying more than $12 million dollars in assets.  For these reasons, Defendant concludes that the Court Order must be amended.

Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2.  If a defendant is convicted of any count upon which criminal forfeiture is sought, the court must, as soon as practical, determine whether the property is subject to forfeiture.  *See* Fed. R. Crim. P. 32.2(b)(1).  Specific property cannot be forfeited until the court determines whether the Government has established a nexus between the property sought and the underlying conviction.  Once a court makes this determination, it must then enter a preliminary order of forfeiture ("POF") without any regard to a third party's interest in the property sought.  *See* Fed. R. Crim. P. 32.2(b)(2).  The POF authorizes the Attorney General to seize the property subject to forfeiture and to commence ancillary proceedings regarding third-party rights.  *See* Fed. R. Crim. P. 32.2(b)(3), (c); *see also United States v. Petrie,* 302 F.3d 1280, 1284 (11th Cir. 2002).

After entering a POF, the court can determine whether any third parties have an interest in the forfeited property.  This requires, however, that the third-party file a timely petition in an ancillary proceeding.  *See United States v. Marion*, 562 F.3d 1330, 1336-37 (11th Cir. 2009).  At the end of the ancillary proceeding, the court "must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2).  If,

however, there are no third-party claims "the [POF] becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute." *Id.*  Once the final order is entered, neither the defendant nor a third party may object claiming that a codefendant or a third party had an interest in the property.  *Id.*

This process constitutes the only means in which a third-party claimant can establish entitlement to a return of forfeited property.  *See* 21 U.S.C. § 853(n)(2); *Libretti v. United States,* 516 U.S. 29, 44 (1995) ("[T]hird-party claimants can establish their entitlement to return of the [forfeited] assets only by means of the hearing afforded under 21 U.S.C. § 853(n).").  "In fact, § 853 affirmatively bars third-party claimants from intervening in a trial or appeal of a criminal case involving the forfeiture of the subject property, as well as commencing an action against the Government concerning the validity of an alleged interest in the property." *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012) (citing 21 U.S.C. § 853(k)).  Therefore, third parties have limited rights "to participate only in the ancillary forfeiture proceeding, not in the criminal case." *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010).

Defendant complains that the Court Order in mistaken in two respects. First, Defendant contends that the Court is inaccurate because it states that Defendant has a present interest in the Miami House.  Defendant claims that this is false because he only has a *future* interest in the property and – if the Court Order is not corrected – it might "adversely affect[] the interests of innocent third parties

4

who have the right to file claims and litigate the issue of ownership in ancillary proceedings[." [D.E. 243 at 1-2].

The problem with Defendant's argument is that, even if he only holds a future interest[4] in the Miami House, the Court has already alleviated his concern with respect to any third-party interests. The Court Order states, for example, that "[t]o the extent that any other third party has an interest in any property sought through forfeiture proceedings, such interest will be addressed after the property is preliminary forfeited, in third-party ancillary proceedings." [D.E. 239 at 5 (citing 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2)]. The Court Order also requires the Government to send and publish notices of the forfeiture, to conduct any discovery to locate other forfeited property, and to resolve any third-party petitions:

> 7. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).
>
> 8. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeiture property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).
>
> 9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

[D.E. 239 at 7]. Therefore, given that an ancillary proceeding – not the underlying criminal case – is the appropriate forum to litigate any third-party interests and the

---

[4]     There is noticeably no evidentiary support provided in support of Defendant's contention that he only holds a future contingent interest in the Miami House.

5

Court Order made that process clear in the disposition of any rights with respect to the Miami House, there is nothing for the Court to clarify.

Defendant's secondary argument is equally unavailing because – while he states that he should be given additional credit in satisfaction of the money judgment entered against him for his help in identifying more than $12 million dollars in assets – there is no evidence that any of listed assets are collectible. Instead, the record shows that almost all of the assets were transferred to third parties, including to entities in Colombia as part of the laundering scheme underlying Defendant's conviction.  The Court Order made this point clear when it stated that the $12,330,000 in laundered funds was no longer in Defendant's possession and that more than $9.2 million dollars had been transferred beyond the Court's jurisdiction to foreign accounts.  [D.E. 239 at 4].

Defendant's response is to list all the assets that he helped identify and to conclude that he deserves additional credit towards his money judgment.  Yet, that misses the forest for the trees because the issue is not merely whether Defendant can identify assets, but whether he can identify assets that are collectible.  And if almost all of the the assets have been transferred outside the Court's jurisdiction (a point that Defendant never disputes), it is unclear how anything that he identifies can be counted as additional credit in satisfaction of his forfeiture money judgment.  Thus, Defendant's motion for clarification is **DENIED** in its entirety because the Court Order is already clear with respect to the disposition of any third-party rights

in the Miami House and there is no evidence presented that Defendant is entitled to any additional credit in satisfaction of his forfeiture money judgment.

## II.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion for clarification is **DENIED**.  [D.E. 243].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of December, 2020.

/s/ *Edwin G. Torres*_____
EDWIN G. TORRES
United States Magistrate Judge