UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

## UNITED STATES' MOTION FOR THIRD PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853(p) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Third Preliminary Order of Forfeiture against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant") in the above-captioned matter. The United States seeks to forfeit, as substitute property, approximately $900,000 from forthcoming sale of real property located at 801 East Dania Beach Boulevard, Dania Beach, Florida 33004, in order to satisfy, in part, the balance of the forfeiture money judgment imposed on Defendant in the Preliminary Order of Forfeiture, ECF No. 175.

In addition, the United States requests that the Court enter a protective order, pursuant to 21 U.S.C. § 853(g), to ensure the availability of real property located at 314 Hicks Street, Brooklyn, New York 11201 for criminal forfeiture as the United States determines the extent of the Defendant's interest in such property. In support of this motion, the United States provides the following factual and legal bases and accompanying exhibits.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 16, 2018, a federal grand jury returned an Indictment charging the Defendant and others in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B), among other counts. *See* Indictment, ECF No. 19.

On November 26, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 162; Hernandez Plea Agreement, ECF No. 163. In his Plea Agreement, the Defendant agreed "to liquidate assets, or complete any other tasks which will result in the immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the [United States Attorney's] Office." Hernandez Plea Agreement ¶ 14. He also agreed that "he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of this Office, until his forfeiture money judgment is paid in full." *Id.* ¶ 15.

On February 4, 2020, the Court entered a Preliminary Order of Forfeiture against the Defendant, and imposed a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175.

On September 28, 2020, the Court entered the Second Preliminary Order of Forfeiture, which forfeited, as substitute property, real property located at 597 Hibiscus Lane, Miami, Florida 33137, the Defendant's interest as settlor, or "Grantor," of the 597 Hibiscus Lane Revocable Trust, and two checks totaling approximately $6,471.34 in value. *See* Hernandez 2nd Preliminary Order of Forfeiture ¶ 2, at 5-6, ECF No. 239. In addition, approximately $818,990.01 in U.S. currency seized from City National Bank accounts had previously been forfeited in co-defendant Abraham Edgardo Ortega's case. *See* Ortega Final Order of Forfeiture, ECF No. 146.

On December 29, 2020, the United States filed a Bill of Particulars, providing notice of its intent to seek the forfeiture of real property located at 801 East Dania Beach Boulevard, Dania Beach, Florida 33004. *See* Bill of Particulars, ECF No. 274; *see also* Notice of Lis Pendens, ECF No. 275.

On January 9, 2021, the United States filed a Second Bill of Particulars, providing notice of its intent to seek the forfeiture of real property located at 314 Hicks Street, Brooklyn, New York 11201. *See* Second Bill of Particulars, ECF No. 278.

As of the date of this Motion, the balance remaining on the Defendant's forfeiture money judgment is approximately $11,504,538.65.[1]

## II. MEMORANDUM OF LAW

The Court has already entered orders of forfeiture imposing a forfeiture money judgment against the Defendant and finding that the prerequisites of 21 U.S.C. § 853(p) have been satisfied to authorize the forfeiture of his substitute property. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175 (imposing $12,330,000 forfeiture money judgment); Hernandez 2nd Preliminary Order of Forfeiture, ECF No. 239 (forfeiting checks and Defendant's current residence as substitute property); Order Denying Hernandez Motion for Clarification, ECF No. 273. Since entry of those orders, the United States has identified two additional assets subject to forfeiture: (1) approximately $900,000 from the forthcoming sale of real property located at 801 East Dania Beach Boulevard, Dania Beach, Florida 33004 (the "Dania Beach Property"); and (2) real property located at 314 Hicks Street, Brooklyn, New York 11201 (the "Brooklyn Townhouse"). As further

---

[1] This figure accounts for the forfeited $818,990.01 from City National Bank accounts and the two checks totaling $6,471.34 in value. Other forfeited assets have unknown value at this time. *See* United States' Mot. for Hernandez 2nd Preliminary Order of Forfeiture 4-5, ECF No. 238; Olympia De Castro and 597 Hibiscus Lane Revocable Trust's Joint Pet., ECF Nos. 261 and 262 (claiming 597 Hibiscus Lane and contesting its forfeiture); Order Denying Hernandez Motion for Clarification 6, ECF No. 273.

explained below, because the Defendant has been identified as the true beneficial owner of approximately $900,000 due from the sale of the Dania Beach Property, the United States now seeks to forfeit such interest as substitute property pursuant to 21 U.S.C. § 853(p). With respect to the Brooklyn Townhouse, the United States is still confirming the extent of the Defendant's interest in the funds used to acquire the property in July 2020 and how that bears on his interest in such property. At this time, the United States is only presently seeking a protective order, pursuant to 21 U.S.C. § 853(g), to restrain the Brooklyn Townhouse in order to preserve its availability for forfeiture as the United States obtains additional information on how it was purchased.

### A. Forfeiture of $900,000 from Sale of Dania Beach Property

In January 2020, Olympia De Castro ("De Castro"),[2] the Defendant's ex-wife, filed a civil suit in state court alleging that she is entitled to receive approximately $900,000 as a former member of Salondera LLC, a Delaware limited liability company. *See attached* Exhibit A (De Castro's Second Amended Complaint, Circuit Court of the Eleventh Judicial Circuit, Case No. 2020-000080-CA-01). In response to De Castro's second amended complaint filed in August 2020, Daniel Holtz ("Holtz")[3] and Walden Capital Corporation have asserted that:

> The Plaintiff [De Castro] is simply a titular nominee with no real interest in this matter. **The real party in interest is Gustavo Hernandez, the former husband of the Plaintiff.** As was his custom and practice, Gustavo Hernandez allowed the Defendant, Walden Capital Corporation to retain funds in the event he decided to make further investments together with his business partner, the Defendant, Daniel Holtz.

*See attached* Exhibit B, at 6 (Answer to De Castro's Second Amended Complaint) (emphasis

---

[2] De Castro is also a third-party petitioner in ongoing ancillary forfeiture proceedings, as she has claimed preliminarily forfeited real property located at 597 Hibiscus Lane, Miami, Florida 33137. *See* Olympia De Castro and 597 Hibiscus Lane Revocable Trust's Joint Petition, ECF Nos. 261 and 262.

[3] Holtz has previously appeared in this criminal case, requesting that the Court amend a protective order regarding now forfeited shares of Domaine Select Wine and Spirits, LLC ("DSWS"). *See* Holtz Affidavit, ECF No. 82-1.

added). Holtz and Walden have stated that "Gustavo Hernandez conveyed the interest in Salondera and title to the funds from the Salondera to Plaintiff [De Castro] **for the purposes of disguising ownership**." *See id.* at 7 (emphasis added). The Defendant's $900,000 interest in Salondera LLC is to be paid from the sale of the Dania Beach Property, as the parties in the aforementioned state civil case have agreed to resolve the suit by payment "upon the sale of property owned by Mile Marker 55, LLC," which is the title owner of the Dania Beach Property. *See attached* Exhibit C, at 2 (Second Agreed Order Modifying Temporary Injunction, Circuit Court of the Eleventh Judicial Circuit, Case No. 2019-012818-FC-04); Exhibit D (801 East Dania Beach Blvd's Special Warranty Deed).

Therefore, approximately $900,000 from the sale of the Dania Beach Property is subject to forfeiture as the Defendant's substitute property pursuant to 21 U.S.C. § 853(p). To the extent that the Defendant's ex-wife or any other third party has an interest in any property sought through forfeiture proceedings, such interest will be addressed after the property is preliminarily forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2; *United States v. Couch*, 906 F.3d 1223, 1228 (11th Cir. 2018) (recognizing that § 853(k) "expressly bars third parties from intervening in forfeiture proceedings to claim an interest in property subject to forfeiture").

### B.  Restraint of Brooklyn Townhouse Purchased for $5.9 Million in 2020

In July 2020, the Brooklyn Townhouse was purchased for approximately $5.9 million. *See attached* Exhibit E, at 1 (314 Hicks Street's NYC Office of the City Register's Detailed Document Information and Deed). Based on public records, the property was titled to 314 Hicks LLC, a New York limited liability company established in June 2020. *See id.*; *attached* Exhibit F, at 2 (314 Hicks LLC's NYS Entity Information). The purchase of the Brooklyn Townhouse was funded by

approximately $5,472,721 in cash that was transferred via "Domestic Wire: 2019 Irrovocable [*sic*] Trust." *See* Exhibit G, at 2 (Transcript of IRS Form 8300 for 2020 Purchase of 314 Hicks Street– Redacted).[4] The person identified as involved in the transfer was Allison Domeneghetti ("Domeneghetti"). *See id.* at 1; Exhibit E, at 11, 13, 17.

Based on the attached exhibits, it appears that the 2020 purchase of the Brooklyn Townhouse was likely funded by the 2019 sale of 3 Gramercy Park West, Unit 2 (the "Gramercy Apartment"), the Defendant's former New York residence. In November 2019, the Gramercy Apartment was sold for approximately $5.7 million. *See attached* Exhibit H, at 1 (3 Gramercy Park West's NYC Office of the City Register's Detailed Document Information and Deed).[5] Domeneghetti, as "Trustee of DC 2019 Irrevocable Trust," authorized the sale of the Gramercy Apartment. *See attached* Exhibit I (3 Gramercy Park West, LLC's Resolution of Sole Member); Exhibit J (3 Gramercy Park West's NYC Real Property Transfer Tax Return - Redacted). Sale documents indicate that DC 2019 Irrevocable Trust was the sole member of 3 Gramercy Park West, LLC, the titled owner of the Gramercy Apartment. *See id.* However, when it was established in July 2005, 3 Gramercy Park West, LLC was owned and controlled by the Defendant and/or his family relatives through a series of trusts. *See attached* Exhibit K, at 2 (3 Gramercy Park West, LLC's NYS Entity Information); Exhibit L, at 16 (Gramercy Irrevocable Operating Trust Instrument); Exhibit M, at 16 (HH Master Settlement Trust Instrument); Exhibit N, at 1

---

[4] As stated in the directions accompanying the IRS Form 8300, such form must be filed by "[e]ach person engaged in a trade or business who, in the course of that trade or business, receives more than $10,000 in cash in one transaction or in two or more related transactions . . . ." *See* IRS Form 8300, *available online at* https://www.irs.gov/pub/irs-pdf/f8300.pdf.

[5] The purchase of the Brooklyn Townhouse was reported in online media. *See* "Brooklyn luxury market has best week since Covid began," TheRealDeal (June 8, 2020), *available at* https://therealdeal.com/2020/06/08/brooklyn-luxury-market-has-best-week-since-covid-began/.

(Hernandez's Agreement Regarding 3 Gramercy Park West Purchase).[6]

In other words, between 2015 and 2020, nominal membership interest in 3 Gramercy Park West, LLC – the then-titled owner of the Gramercy Apartment – was transferred from the Defendant and his family's trusts to DC 2019 Irrevocable Trust. At bond proceedings in 2019, the Defendant, via his counsel, represented that the Gramercy Apartment belonged to the family of his now ex-wife, De Castro:

```
1 [AUSA]: There's a piece of property in New York
2 that's an irrevocable trust for the benefit of the kids that
3 Mr. Hernandez has no interest in. He is not a trustee nor
4 beneficiary.
5 THE COURT: Who is the trustee and the beneficiary of
6 that apartment?
7 [DEFENSE COUNSEL]: It's, as I understand it, one of his
8 wife's sisters and a family friend of the wife.
```

5/17/2019 Bond Hr'g Tr. 10:1-10:8, ECF No. 101. It is unclear when, why, or how this transfer occurred, and whether such transfer was conducted in an arms-length transaction for reasonably equivalent consideration, or constitutes a voidable fraudulent transfer. *See* N.Y. Debt. & Cred. Law § 273; *see also, e.g., In re Crawford*, 172 B.R. 365 (Bankr. M.D. Fla. 1994); *United States v. Key*, No. 20-5231, 2020 WL 6821687, at *1 (6th Cir. Nov. 20, 2020).

The United States is further investigating the extent of the Defendant's interest in the funds used to acquire the Brooklyn Townhouse and how that bears on his interest in such property. In order to ensure that the Brooklyn Townhouse and/or ownership of such property is not transferred or diluted pending such investigation, the United States requests that the Court enter a protective order pursuant to 21 U.S.C. § 853(g) in order to preserve the availability of the Brooklyn Townhouse for forfeiture. *See, e.g., United States v. Kirtland*, No. 10-10178-03-WEB, 2011 WL

---

[6] To acquire the property in the name of a domestic limited liability company, the Defendant agreed that the company "shall be formed by [the Defendant], wholly owned by [the Defendant] and/or [his] family, and [the Defendant] and/or [his] family shall retain the exclusive right to use the Unit." *See attached* Exhibit N (executed by the Defendant).

7

3624997, at *2 (D. Kan. Aug. 17, 2011) ("Section 853(g) of Title 21, U.S. Code, authorizes a restraining order to protect the interests of the United States after entry of a forfeiture judgment."); *United States v. Brown*, No. 10-CR-0420-WDQ, 2011 WL 1344177, at *1 (D. Md. Feb. 28, 2011) ("Pursuant to 21 U.S.C. § 853(g), the court has the authority to restrain funds subject to forfeiture, including substitute assets, pending the Government's filing a motion pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend the Order of Forfeiture to include the funds as substitute asset.").

Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and the restraint of property to preserve for forfeiture.

WHEREFORE, pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mails on January 6 and 8, 2021, regarding the Defendant's position on the relief sought. The Defendant, via his defense counsel, provided the following position:

> With respect to the proceeds of the sale of property owned by Mile Marker 55 LLC and the settlement of the lawsuit DeCastro v Holtz et al, Mr. Gustavo Hernandez did not have any ownership interest in either asset. Nonetheless, and with that understanding, he does not oppose the Government's motion and understands that the legal process requires the actual owners come forward to contest the proposed forfeiture. Likewise, with respect to property located at 314 Hicks Street, Brooklyn, New York as well as property at 3 Gramercy Park West, Unit 2 that was sold, Mr. Hernandez understands that the Government is seeking a protective order while it examines ownership issues. Mr. Hernandez did not have any ownership interest in these assets either, but with that stated understanding, he does not oppose the Government filing and understands that it is up to the actual owners of these assets to respond.

                                Respectfully submitted,

                                ARIANA FAJARDO ORSHAN
                                UNITED STATES ATTORNEY

By:    */s/ Nalina Sombuntham*
         Nalina Sombuntham
         Assistant United States Attorney
         Deputy Chief, Asset Forfeiture Division
         Fla. Bar No. 96139
         99 N.E. 4th Street, 7th Floor
         Miami, Florida 33132-2111
         Telephone: (305) 961-9224
         Facsimile: (305) 536-4089
         nalina.sombuntham@usdoj.gov