**EXHIBIT B**

| | |
|---|---|
| OLYMPIA DE CASTRO,<br><br>            Plaintiff,<br>v.<br><br>DANIEL HOLTZ, an individual,<br>TONI HOLTZ, an individual, and<br>WALDEN CAPTIAL CORPORATION,<br>a Florida corporation<br><br>            Defendants.<br>_____/ | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>GENERAL JURISDICTION DIVISION<br><br>CASE NO: 2020-000080-CA-01 |

### DEFENDANTS' DANIEL HOLTZ AND WALDEN CAPITAL CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW the Defendants, DANIEL HOLTZ ("Holtz") and WALDEN CAPITAL CORPORATION ("Walden") (collectively, "Defendants") by and through their undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint and states as follows:

1. Defendants are without knowledge and therefore deny the allegations in paragraph 1 and demand strict proof.

2. Defendants admit the allegations in paragraph 2.

3. Defendants are without knowledge as to the first sentence in paragraph 3. Defendants admit the remaining allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants are without knowledge and therefore deny the allegations in paragraph 5 and demand strict proof.

**EXHIBIT B**

## EXHIBIT B

6. Defendants are without knowledge and therefore deny the allegations in paragraph 6 and demand strict proof.

7. Defendants admit the allegation in paragraph 7 that Defendant Holtz resides in this Circuit; Defendants deny the remaining allegations in paragraph 7 and demand strict proof.

8. Defendants deny the allegations in paragraph 8 and demand strict proof.

9. Defendants admit the allegations in Paragraph 9 that De Castro, T. Holtz and Javier Mora were the titular/nominee members of Salondera. In material part, Defendants deny that De Castro and T. Holtz were, in fact, the actual members.

10. Defendants admit the allegations in paragraph 10.

11. Defendants are without knowledge and therefore deny the allegations in paragraph 11 and demand strict proof; the Agreement speaks for itself as whole.

12. Defendants admit the allegations in paragraph 12.

13. Defendants are without knowledge and therefore deny the allegations in paragraph in paragraph 13 and demand strict proof.

14. Defendants deny the allegations in paragraph 14 and demand strict proof.

15. Defendant Walden admits that it received two separate wires in the amount of $2,463,216 and $300,189.92 and denies the remaining allegations in paragraph 15 and demand strict proof. Defendant D. Holtz denies the allegations in paragraph 15 and demands strict proof.

16. Defendants deny the allegations in paragraph 16 and demand strict proof.

17. Defendants deny the allegations in paragraph 17 and demand strict proof.

18. Defendants deny the allegations in paragraph 18 and demand strict proof.

## EXHIBIT B

## EXHIBIT B

19. Defendant D. Holtz denies the allegations in paragraph 19 and demands strict proof.

20. Defendants are without knowledge as to Defendant T. Holtz and therefore deny the same.

21. Defendants are without knowledge as to Defendant T. Holtz and therefore deny the same. Defendant D. Holtz denies the allegations in paragraph 21 and demands strict proof.

22. Defendants are without knowledge as to Defendant T. Holtz and therefore deny the same. Defendants deny the remaining allegations in paragraph 19 and demand strict proof.

23. Defendant Walden admits the allegations in paragraph 20 that it transferred the funds. Defendants deny the allegations in paragraph 20 that D. Holtz transferred the funds.

### COUNT I- BREACH OF FIDUCIARY DUTY

24. The Defendants respond to the allegations in paragraph 24 of the Second Amended Complaint with the same response to each of the above responses to paragraphs 1-23 which are reincorporated herein.

25. Defendants deny the allegations in paragraph 25 and demand strict proof.

26. Defendants deny the allegations in paragraph 26 and demand strict proof.

27. Defendants deny the allegations in paragraph 27 and demand strict proof.

28. Defendants deny the allegations in paragraph 28 and demand strict proof.

29. Defendants are without knowledge and therefore deny the allegations in paragraph 29 and demand strict proof.

30. Defendants deny the allegations in paragraph 30 and demand strict proof.

## EXHIBIT B

**EXHIBIT B**

31. Defendants deny the allegations in paragraph 31a, b, and c and demand strict proof.

32. Defendants deny the allegations in paragraph 32 and demand strict proof.

33. Defendants deny the allegations in paragraph 33 and demand strict proof.

**COUNT II- CONVERSION**

34. The Defendants respond to the allegations in paragraph 34 of the Second Amended Complaint with the same response to each of the above responses to paragraphs 1-23 which are reincorporated herein.

35. Defendants deny the allegations in paragraph 35 and demand strict proof.

36. Defendants deny the allegations in paragraph 36 and demand strict proof.

37. Defendants deny the allegations in paragraph 37 as framed and demand strict proof.

38. Defendants deny the allegations in paragraph 38 and demand strict proof.

39. Defendants deny the allegations in paragraph 39 and demand strict proof.

40. Defendants deny the allegations in paragraph 40 and demand strict proof.

**COUNT III- UNJUST ENRICHMENT**

41. The Defendants respond to the allegations in paragraph 41 of the Second Amended Complaint with the same response to each of the above responses to paragraphs 1-23 which are reincorporated herein.

42. Defendants deny the allegations in paragraph 42 and demand strict proof.

43. Defendants deny the allegations in paragraph 43 and demand strict proof.

**EXHIBIT B**

## EXHIBIT B

44. Defendant Walden denies the allegations in paragraph 44 as framed. Defendant D. Holtz denies the allegations and demand strict proof.

45. Defendants deny the allegations in paragraph 45 and demand strict proof.

46. Defendants deny the allegations in paragraph 46 and demand strict proof.

47. Defendants deny the allegations in paragraph 47 and demand strict proof.

## COUNT III- UNJUST ENRICHMENT

48. The Defendants respond to the allegations in paragraph 48 of the Second Amended Complaint with the same response to each of the above responses to paragraphs 1-23 which are reincorporated herein.

49-56. Paragraphs 49-56, and the following unnumbered "wherefore" clause do not pertain to the Defendants herein and therefore no response is required. To the extent that an allegation does pertain to the Defendants herein, any such allegation is denied and the Defendants herein demand strict proof thereof.

## EQUITABLE REMEDY OF CONSTRUCTIVE TRUST

57. Defendants are without knowledge as to the allegations in paragraph 57 and therefore deny the allegations and demand strict proof.

58. Defendants are without knowledge as to Defendant T. Holtz and therefore deny the same. Defendants deny the allegations in paragraph 58a, b, and c and demand strict proof.

59. Defendants deny the allegations in paragraph 59 and demand strict proof.

## EXHIBIT B

# EXHIBIT B

60. Defendants deny the allegations in paragraph 60 and demand strict proof.

61. Defendants deny the allegations in paragraph 61 and demand strict proof.

## GENERAL DENIAL

62. Any allegations not specifically responded to are hereby denied by the Defendants.

WHEREFORE, Defendants, DANIEL HOLTZ AND WALDEN CAPITAL CORPORATION request this Honorable Court enter judgment in its favor and that the Plaintiff take nothing by its Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants, DANIEL HOLTZ and WALDEN CAPITAL CORPORATION deny liability. Alternatively or conjunctively, Defendants assert the following defenses. By asserting these defenses, the Defendants do not assume the burden of proof where Florida law places the burden on Plaintiff.

1. <u>Lack of Standing-</u> Plaintiff lacks standing to bring this claim as she is not the real party in interest. The Plaintiff is simply a titular nominee with no real interest in this matter. The real party in interest is Gustavo Hernandez, the former husband of the Plaintiff. As was his custom and practice, Gustavo Hernandez allowed the Defendant, Walden Capital Corporation to retain funds in the event he decided to make further investments together with his business partner, the Defendant, Daniel Holtz.

2. <u>Unclean Hands-</u> While Plaintiff was the titular owner of an interest in Salondera, in fact, Plaintiff at all times was merely a titular nominee of Gustavo Hernandez, who is the real party of interest. Plaintiff is barred by her unclean hands from asserting a claim.

# EXHIBIT B

**EXHIBIT B**

3.     <u>Consent</u>- Gustavo Hernandez, the former husband of the Plaintiff, is the actual owner of the funds. As was his custom and practice, Gustavo Hernandez allowed the Defendant, Walden Capital Corporation to retain funds in the event he decided to make further investments together with his business partner, the Defendant, Daniel Holtz. At all times, Defendants followed Plaintiffs instructions in investing the funds.

4.     <u>Fraud of the Plaintiff</u>- Gustavo Hernandez conveyed the interest in Salondera and title to the funds from the sale of Salondera to Plaintiff for purposes of disguising ownership.

5.     <u>Waiver</u>- Plaintiff knowingly and intentionally relinquished the right to receipt of the funds when the real owner of the funds, Gustavo Hernandez, as was his custom and practice, allowed the Defendant, Walden Capital Corporation to retain funds in the event he decided to make further investments together with his business partner, the Defendant, Daniel Holtz.

6.     <u>Ratification</u>- Plaintiff consented to, concurred in, and acquiesced in Walden's retention of the funds when the actual owner of the funds, Gustavo Hernandez, as was his custom and practice, allowed the Defendant, Walden Capital Corporation to retain funds in the event he decided to make further investments together with his business partner, the Defendant, Daniel Holtz.

7.     <u>Estoppel</u>- Gustavo Hernandez, the actual owner of the funds, as was his custom and practice, allowed the Defendant, Walden Capital Corporation to retain funds in the event he decided to make further investments together with his business partner, the Defendant, Daniel Holtz. Plaintiff consented to allowing Gustavo Hernandez to so direct the funds.  Plaintiff is equitably estopped from changing its position and maintaining the contrary positions it has maintained herein. It would be inequitable for Plaintiff to now change Plaintiffs position that Plaintiff is the real owner of the funds or that such actions by Walden were wrongful.

**EXHIBIT B**

**EXHIBIT B**

8.      Defendant reserves the right to raise additional affirmative defenses after discovery is conducted.

WHEREFORE, Defendants, DANIEL HOLTZ and WALDEN CAPITAL CORPORATION request this Honorable Court deny the relief requested in the Second Amended Complaint, or for judgment in its favor and for no recovery upon the Second Amended Complaint.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Florida Courts E-Filing Portal. We also certify that the foregoing document is being served via an automatic e-mail generated by the Florida Courts E-Portal on this 28 day of August, 2020 upon: Guy A. Rasco., Esq. grasco@devinegoodman.com, aandrews@devinegoodman.com , of Devine Goodman & Rasco, LLP, Attorneys for Plaintiff, 2800 Ponce de Leon Blvd., Suite 1400, Coral Gables, FL, 33134 and Alan J. Kluger, Esq., and Lindsay B. Haber, Esq., akluger@klugerkaplan.com, lhaber@klugerkaplan.com, and service@klugerkaplan.com, of Kluger, Kaplan, Silverman, Katzen & Levine, PL, 201 S. Biscayne Blvd., Suite 2700, Miami Florida 33131.

Mitrani, Rynor, Adamsky & Toland, P.A.
*Attorneys for Defendants*
DANIEL HOLTZ and
WALDEN CAPTIAL CORPORATION
301 Arthur Godfrey Road
Penthouse
Miami Beach, FL 33140
Tel.  305.358.0050
Fax. 305.358.0550
jrynor@mitrani.com
hgross@mitrani.com
vschmidt@mitrani.com

By:/s/ Jeffrey A. Rynor
Jeffrey A. Rynor
Florida Bar No. 308838
Holly S. Gross
Florida Bar No. 464619

**EXHIBIT B**