UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

**UNITED STATES OF AMERICA**

vs.

**GUSTAVO ADOLFO HERNANDEZ FRIERI,**

    **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

    The United States of America, by and through its undersigned attorneys, hereby files this response to the defendant's objections to specific paragraphs of the Draft Presentence Investigation Report. The United States intends to file a sentencing memorandum that will address Part A of the defendant's letter relaying his objections, ECF No. 290-1.

    **Objection to Paragraph 11**

    The defendant objects to the inclusion that he was under "home confinement" in Italy. According to information provided by the United States Department of Justice, Office of International Affairs, the defendant was arrested on July 25, 2018, and placed on house arrest at his hotel, where he was on vacation when arrested, by the Messina court of appeal on July 30, 2018. The court in August 2018 rejected a government request to place him back in custody, but also rejected his request to be authorized to leave the hotel. The Supreme Court of Cassation in March 2019 rejected his appeal against extradition, and also his appeal against the house arrest orders. The Minister of Justice issued the extradition decree on April 10, 2019 and he was extradited on May 2, 2019. Based on this information, the government concurs with the probation

department's description as factually accurate and requests the Court to overrule the defendant's objection.

### Objection to Paragraphs 16-43

The defendant seeks clarification that he was not involved in the conduct described in these paragraphs. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

### Objection to Paragraph 47

The defendant objects to the inclusion of the phrase "fake mutual fund" and offers competing inferences about the facts and contents of recordings. While this is largely a dispute about semantics, the government's position is that the paragraph should be modified to conform to the language used in the defendant's factual proffer. [ECF No. 164]

### Objection to Paragraph 48

The defendant objects to the inclusion of the phrase "false investments", "international narcotics trafficking", and seeks clarification that he did not work with Krull. While the paragraph is clear that he did not work with Krull, that leaves a dispute about semantics, and as such, the government's position is that the paragraph should be modified to conform to the language used in defendant's factual proffer.

### Objection to Paragraphs 49-50

The defendant seeks clarification that he was not involved in the conduct described in these paragraphs. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

2

**Objection to Paragraph 51**

The defendant seeks clarification regarding multiple items, including the use of the term "fake mutual fund." The government's position is that the paragraph should be modified to conform to paragraph 14 of the defendant's factual proffer. [ECF No. 164]

**Objection to Paragraph 52**

The defendant objects to the translation and competing inferences about the facts and contents of a recording. The government does not object to the removal of this paragraph in order to conform with the defendant's factual proffer. [ECF No. 164]

**Objection to Paragraph 53**

The defendant seeks clarification regarding the defendant's participation in a specific money laundering transaction. The government's position is that the paragraph should be modified to conform to paragraph 15 of the defendant's factual proffer. [ECF No. 164].

**Objection to Paragraph 55**

The defendant seeks clarification that he was not involved in the conduct described in this paragraph. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

**Objection to Paragraph 56**

The defendant seeks clarification that he was not involved in the conduct described in this paragraph. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

**Objection to Paragraph 57**

The defendant objects to the use of the term "fake." The government's position is that the paragraph should be modified to conform to paragraph 11 of the defendant's factual proffer. [ECF No. 164].

**Objection to Paragraphs 58-76**

The defendant seeks clarification regarding his relationship with Matthias Krull ("Krull") in that he never met him and was not directly involved in the conduct described in these paragraphs. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

**Objection to Paragraph 64**

Again, the defendant seeks clarification regarding his relationship with Krull and his conversation with the Confidential Source. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

**Objection to Paragraph 67**

The defendant seeks clarification that he was not involved in the conduct described in this paragraph. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

**Objection to Paragraph 68**

The defendant seeks clarification that he was not involved in the conduct described in this paragraph. The government does not object to the deletion of the second sentence of the paragraph.

**Objection to Paragraph 70**

The defendant seeks clarification that he was not involved in the conduct described in this paragraph. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

**Objection to Paragraph 75**

The defendant objects to the translation and competing inferences about the facts and contents of a recording. The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection.

**Objection to Paragraph 86**

The defendant seeks clarification regarding his role in the offense. The government's position is that the paragraph should be modified to conform to the language in the defendant's factual proffer.

**Objection to Paragraphs 94, 98, 102, and 160**

The defendant seeks the inclusion of the disagreement between the parties as it relates to the sophisticated laundering enhancement and its potential impact upon the Sentencing Guidelines. The government's position is that the paragraphs should be modified to reflect the reservation of argument related to the applicability of sophisticated laundering as agreed upon between the parties in the plea [ECF No. 163 ¶ 11(iii)] and the possible contingent outcomes under the Sentencing Guidelines.

The government submits, however, that the sophisticated money laundering enhancement under U.S.S.G. § 2S1.1(b)(3) is both unambiguous and appropriate and that the probation department correctly concluded that it was applicable. Under this Sentencing Guideline, sophisticated money laundering is defined as a "complex or intricate offense conduct pertaining to

5

the execution or concealment of the 18 U.S.C. § 1956 offense." U.S.S.G. § 2S1.1(b)(3) cmt. n. 5(A). It "typically involves the use of" 1) "fictitious entities"; 2) "shell corporations"; 3) "two or more levels (i.e., layering) of transactions, transportation, transfers, or transmissions, involving criminally derived funds that were intended to appear legitimate"; or 4) "offshore financial accounts." *Id*. cmt. n. 5(a)(i)-(iv).   Although use of any one of these would justify the enhancement, the defendant used multiple layers, shell corporations, and offshore financial accounts to further the money laundering scheme. *See United States v. Feldman*, No. 17-13443, 33-34 (11th Cir. 2019) (affirming enhancement for a single-member, publicly registered limited liability company providing only one layer of insulation); *United States v. Suraneni*, No. 08-17209, 6 (11th Cir. 2009) (unpublished) (affirming enhancement for money-laundering scheme that involved two or more layers of transactions and the use of a shell corporation to conceal the source of illicitly derived funds); and *United States v. Ellis*, No. 17-14716, 19 (11th Cir. 2020) (unpublished) (affirming enhancement for the use of fictitious transactions, shell corporations, and offshore accounts).

Specifically, the defendant advised codefendant Abraham Ortega ("Ortega") "how he [] could invest money using his [] investment advisor firm. [ECF No. 164 at ¶9]. He "explained that we'll make the transactions in such a way that the purchase will be legitimate" and he "went on to explain how he can avoid being tracked by the authorities that track financial transactions." [*Id*. at ¶ 10]. The defendant directed the transfer of Ortega's 7 million U.S.D. bribe payment to a United States bank into an account held by a Cayman Islands Entity controlled by the defendant (Transaction 1).   The defendant then caused this entity to "issue[] shares to be exclusively subscribed to by Ortega in furtherance of the money laundering scheme." [*Id*. at ¶ 11]. The 7 million U.S.D. was then used to purchase those shares (Transaction 2). [*Id*.]. Those shares "were

6

then held in account/portfolio number xxxx9020 at Banca Zarattini [an offshore account located in Switzerland] in the name of Big Green Valley SA (a shell company controlled by Ortega)" (Transaction 3). The defendant also "created contracts between Great Walls FS (a British Virgin lslands shell company controlled by Ortega) and a company affiliated with [the defendant]" to allow Ortega access to some of the funds. (Transaction 4). [*Id*. at ¶12] *See also Id*. at ¶¶14-15 (defendant also used much the same layering scheme to launder Ortega's 5 million U.S.D. bribe).

### Objection to Paragraph 106

The defendant seeks clarification that he was not arrested for the conduct in this paragraph. The government takes no position on this objection and defers to the probation department on the accuracy of the description of the information provided to it.

### Objection to Paragraph 109

The defendant seeks deletion of the traffic offenses contained in this paragraph. The government concurs with the probation department's description as factually accurate and submits that the defendant's conduct as described goes to the characteristics of the defendant under 18 U.S.C. §3553(a). As such, the government requests the Court to overrule the defendant's objection.

### Objection to Paragraphs 112, 114, 115, and 124

The defendant seeks clarification to numerous personal facts contained in these paragraphs, including his sister's employment status, his divorce, his educational degrees, and professional licenses. The government takes no position on these objections and defers to the probation department on the accuracy of the description of the information provided to it.

**Objection to Paragraph 126**

The defendant seeks clarification that the defendant was the director of Global Securities Advisors GP, LLC ("GSA GP"), and that the entity "involved in the instant offense" was not "GSA" but GSTF, or Global Securities Trade Finance. The government's position is that both GSA GP and GSTF were involved in the instant offense. The defendant was the director of GSA GP, which in turn was the investment manager of GSTF. It was through his role at GSA GP that the defendant managed GSTF, the fund through which he laundered funds exceeding $12,000,000. GSA GP was 100 percent owned by Global Securities Holdings, LLC, another Florida limited liability company associated with the defendant and his family.

**Objection to Paragraphs 127, 128-129, 130, 131, 139-140, 144, 147**

The defendant seeks clarification in these paragraphs to his employment record and the disclosure and value of certain assets, including a life-term insurance policy and closed bank accounts. The government does not object to amending the paragraphs with the defendant's clarifications.

**Objection to Paragraph 145**

The defendant seeks clarification that the value of his Patek Philippe Aquanaut watch is no more than $3,000, which is the value already assigned to the watch in paragraph 141. The government concurs with the probation department's estimates on valuation and requests the Court to overrule the defendant's objection. The government is also willing to obtain an appraisal of the watch ahead of sentencing to determine a better estimate of its value.

**Objection to Paragraph 149**

The defendant seeks clarification that 597 Hibiscus Lane is not owned by the defendant but was acquired in 2013 under a trust, and states that he "resigned as co-settlor and co-trustee per

the divorce settlement." The government concurs with the probation department's description as factually accurate and requests the Court to overrule the defendant's objection. The government's position that the defendant is the property's owner is further outlined in its motion to forfeit 597 Hibiscus Lane [ECF No. 238], its response to the defendant's motion to clarify the order forfeiting such property [ECF No. 247], its motion to dismiss the defendant's ex-wife's third-party claim to the property [ECF No. 264] and reply briefing [ECF No. 286].

### Objection to Paragraph 153

The defendant questions the accuracy of this paragraph discussing a civil judgment against the defendant. The government takes no position on this objection and defers to the probation department on the accuracy of the description of the information provided to it.

### Objection to Paragraph 158

The defendant seeks clarification that he has negative equity/cash flow and cannot pay a fine. The parties are scheduled to appear before U.S. Magistrate Judge Edwin G. Torres on February 8, 2021, for a pre-sentencing hearing on the defendant's financial condition [ECF No. 292]. Consequently, the government reserves the right to supplement its position in a sentencing memorandum or at the sentencing hearing.

### Objection to Paragraph 171

The defendant objects to the Probation Officer's conclusion that there is no identifiable basis for a variance. The government's position is that the Court is free under the law to identify a basis for a variance from the Sentencing Guidelines.

**Updated PSI Information**

In addition to the government's responses to the defendant's objections above, the government would draw the Court's attention to some important updates since the draft PSI was initially circulated.

**Page 2 - Codefendants**

Codefendant Carmelo Antonio Urdaneta Aqui is no longer a fugitive, having been arrested and making his initial appearance on August 31, 2020. In addition, codefendant Abraham Edgardo Ortega's sentencing date is now scheduled for March 16, 2021.

**Paragraph 4 under Offense Conduct and Paragraph 101 under Offense Level Computation**

At this time the government does not intend to move for the additional one-level decrease pursuant to § 3E1.1(b) of the Sentencing Guidelines but continues to work with the defendant to resolve the outstanding asset forfeiture issues which could result in a change in the government's position.

**Paragraph 13**

This paragraph notes that the defendant has been compliant with the terms of his bond which are described in paragraph 11. The government has concerns that the special condition that none of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own until the bond is discharged, or otherwise modified by the Court may have been violated by the transfer of the defendant's interest in the 597 Hibiscus Lane property. As discussed above, the parties are scheduled to appear before U.S. Magistrate Judge Edwin G. Torres on February 8, 2021, for a pre-sentencing hearing on the defendant's financial condition [ECF No. 292]. Consequently, the government reserves the right to supplement its position in a sentencing memorandum or at the sentencing hearing.

Respectfully Submitted,

| | |
|---|---|
| DANIEL S. KAHN<br>ACTING CHIEF, FRAUD SECTION | ARIANA FAJARDO ORSHAN<br>UNITED STATES ATTORNEY |
| By: */s/ Paul A. Hayden*<br>PAUL A. HAYDEN<br>Trial Attorney<br>Fraud Section, Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Telephone: 202-353-9370<br>Email: paul.hayden2@usdoj.gov | By: */s/ Kurt K. Lunkenheimer*<br>KURT K. LUNKENHEIMER<br>Assistant United States Attorney<br>Court ID No. A5501535<br>U.S. Attorney's Office - SDFL<br>99 N.E. 4th Street, Suite 600<br>Miami, FL 33132-2111<br>Telephone: (305) 961-9008<br>Facsimile: (305) 536-4699<br>Email: Kurt.Lunkenheimer@usdoj.gov |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

*/s/ Paul A. Hayden*
PAUL A. HAYDEN
Trial Attorney
