# THE AMENDED AND RESTATED
# HH MASTER SETTLEMENT

## DECLARATION OF TRUST

GOVERNMENT EXHIBIT
10
18-CR-20685

THIS DECLARATION OF TRUST ("TRUST") is made this 13th day of November 2006 by Americas Fiduciary Ltd ("Trustee"), a Nevis corporation which hereby Amends and Restates the HH MASTER SETTLEMENT dated December 1st, 2004. The Trustee declares that it has received the property listed on the attached Annex "A", to hold such property in trust according to the terms of this Trust.

NOW THIS TRUST WITNESSETH AS FOLLOWS:

This Trust shall be known and designated as the:

        HH MASTER SETTLEMENT.

1.2.    The Trust:

    1.2.1.   The sum of two hundred Canadian dollars (CDN $200) which has been paid to the Trustee herein together with any other property which may from time to time be held by the Trustee in lieu thereof or in addition thereto, listed in Annex "A" hereto as amended from time to time (all of which is hereinafter referred to as the "Trust Estate"), shall be held by the Trustee for the benefit of the beneficiaries herein described (hereinafter referred to as the "Beneficiaries") and in accordance with this Trust as is herein provided. Any additions to the Trust Estate, other than those derived from the administration of the said Estate by the Trustee, shall be subject to prior notice of the Protector (hereinafter referred to as the "Protector").

    1.2.2.   The Trustee shall stand possessed of and hold the Trust Estate in trust to invest same or such portion thereof as may thereafter be delivered to it pursuant to the provisions of the present Trust in its absolute discretion, either to retain the same as then invested or to sell or convert the same and to invest the monies realized from such sale or conversion in such investments as the Trustee may deem fit.

## ARTICLE TWO
### Trust Period

2.1. The duration of the Trust Period shall run from the date of the execution of these presents and shall expire upon the date:

    2.1.1. on which shall expire the period of eighty (80) years from the execution of this Trust; or

    2.1.2. on which shall expire the period of twenty (20) years from the death of the last survivor of all the descendants, male and female, of His late Majesty King George the Fifth living at the date hereof; or

    2.1.3. one (1) year after the day on which there shall be no beneficiary in existence; whichever shall first occur.

    2.1.4. such earlier date as the Protector, as hereinafter described, shall in its absolute discretion by Declaration appoint.

2.2. The completion of distribution shall be deemed to have taken place when the Trust Estate has been distributed in toto in conformity with the provisions of this Trust.

## ARTICLE THREE
### The Trustee

3.1. Definition and Number

    3.1.1. Trustee means one or more Trustees who is or who are for the time being in office whether he, she, they or it be the Trustee originally appointed hereby or subsequently appointed in accordance with this Trust.

    3.1.2. Those individuals who are Beneficiaries or may become Beneficiaries of this Trust as well as their spouses and relatives to the second degree, including the relatives to the second degree of their spouses, cannot be named Trustee to this Trust.

    3.1.3. An individual, company, corporation or body politic may be named a Trustee to this Trust. Any Trustee named herein shall assent to all of the terms of this Trust, including paragraph 4.13. of Article Four.

    3.1.4. The Trustee herein named is the Trustee for the time being of the Trust, namely:

**AMERICAS FIDUCIARY LIMITED,**
a Nevis corporation

3.2. <u>Vacancy and Replacement</u>

    3.2.1. An individual shall cease to be a Trustee when he or she dies, resigns or becomes unable or unwilling to act or to continue to act or becomes insolvent or bankrupt. A corporation shall cease to be a Trustee hereunder when the Trustee resigns or becomes insolvent or bankrupt or ceases to exist.

    3.2.2. The power to dismiss, replace, appoint new or additional Trustees shall be vested in the Protector as hereinafter provided.

    3.2.3. The replacing of a Trustee when a vacancy occurs shall be effected by an appointment as Trustee of any individual or corporation with power under law to contract. If more than one (1) Trustee has been appointed, the remaining Trustees shall agree upon and appoint the Trustee or Trustees required to fill such vacancy or vacancies subject to the approval of the Protector. In the event that the remaining Trustees cannot so agree or that there be no remaining Trustees, the Protector shall appoint the Trustee or Trustees required to fill such vacancy or vacancies.

    3.2.4. Resignation by a Trustee shall be effected by the delivery or mailing by registered mail of a written notice of resignation to the other Trustee or Trustees acting hereunder, as the case may be to the Beneficiaries and to the Protector. However, in the case of impossibility to give notice to all parties, the giving of notice to at least one of the above parties shall constitute good and valid notice hereunder.

    3.2.5. A retiring or replaced Trustee shall execute all transfers and do all acts or things that may be necessary for vesting the Trust Estate in the new, continuing or replacing Trustee or Trustees.

**ARTICLE FOUR**
**<u>Administration of Trust</u>**

4.1. Wherever discretion is vested in or power is conferred upon more than one (1) Trustee, such discretion or power must be exercised by a majority of the Trustees. If there are fewer than three Trustees, such discretion or power must be exercised by unanimity if there are two Trustees and if there is only one Trustee, it may validly exercise such discretion or power alone.

4.2. The Trustee hereunder has unlimited rights of ownership of the Trust Estate and, as owners, have absolute discretion to invest, manage, administer and otherwise deal with any part or the whole of the Trust Estate as the Trustee sees fit, the whole in accordance with the provisions of this Trust. Not to in any way limit or restrict the generality of the foregoing, the Trustee shall provide prior written notice to the Protector in investing, managing, administering and otherwise dealing with any part or the whole of the Trust Estate and may exercise and/or delegate, in its sole and absolute discretion, whenever and as often as the Trustee shall deem it advisable until the duration of the Trust Period has expired, the power and authority:

4.2.1. to invest the cash funds from time to time constituting part of the Trust Estate in any investments or securities which the Trustee may consider advisable and the Trustee is not to be limited to those investments authorized by law for trustees;

4.2.2. from time to time and at any time to sell, transfer, assign, exchange, or otherwise dispose of any of the securities or investments from time to time constituting the Trust Estate, in any manner the Trustee may deem proper, at any price and terms considered desirable by the Trustee, and the Trustee shall not be bound to secure the consent or approval of any person, official, authority, tribunal or Court whomsoever or whatsoever;

4.2.3. to vote all stocks and shares, to exercise all rights incidental to the ownership of stocks, shares, bonds, other securities and investments and property held as part of the Trust Estate, and to issue proxies to others; to sell or exercise any subscription rights and in connection with the exercise of subscription rights, to use trust monies for that purpose; to consent to and join in any plan, reorganization, readjustment or amalgamation or consolidation with respect to any corporation whose stock, shares, bonds or other securities at any time form part of the Trust Estate, and to authorize the sale of the undertaking or assets or a substantial portion of the assets or undertaking of any corporation and generally to act in respect of the Trust Estate as fully and effectually from time to time as if the same were not trust property but always for the benefit of the Trust Estate;

4.2.4. to hold any or all securities or other property in bearer form or in the name of the Trustee or in the name of some other person, company or partnership or in the name or names of nominees without disclosing the fiduciary relationship, and to deposit the said securities and any title deeds or documents belonging or relating to the Trust Estate in any part of the world with any bank or trust company or any other company that undertakes the safe custody of securities as part of its business without being responsible for the default of such bank, trust company or other company or for any loss occasioned thereby;

4.2.5. notwithstanding anything herein otherwise contained or rule of law to the contrary, to purchase as an investment of the Trust Estate, and hold as part of the Trust Estate, any securities or property at any price and upon any terms that may be deemed expedient or desirable by the Trustee;

4.2.6. to make any payments, provisions or distributions which may be required under the terms hereof in whole or in part in money, securities or other property and on every division or distribution, the judgment and apportionment of the Trustee and valuations made by the Trustee shall be binding and conclusive on all persons whomsoever;

4.2.7. to incorporate any company or companies under the laws of any jurisdiction in the world at the expense of the Trust Estate, for the purposes of the powers and authority of the Trustee and more particularly, to invest the whole or any part of the Trust Estate wholly or partly in shares or other securities of such company or companies;

4.2.8. to lease at any time and from time to time real property or interests in real property entrusted to it or from time to time held by it hereunder for such term or terms of months or years, to begin presently or in the future, as to them may seem proper, even though such lease or leases shall be for a term or terms exceeding that especially authorized by law and be beyond the term of the termination of any trust estate herein created, such leases to be with such options to the lessees of renewal and/or purchase or for the purchase or disposal of buildings thereon or to be placed thereon, and upon such covenants, terms, conditions, agreements and provisions as to it shall seem proper; and in connection therewith, to make, execute, acknowledge and deliver any and all instruments that may be necessary, proper or desirable;

4.2.9. to acquire, hold and sell real estate anywhere in the world;

4.2.10. to acquire and hold debts secured by hypothec or mortgage on real estate anywhere in the world;

4.2.11. to renew and keep renewed any hypothec or mortgage upon real estate anywhere in the world;

4.2.12. to register any property, immovable or moveable, in the name of the Trustee or in the names of the nominees;

4.2.13. to deposit any cash balances in the hands of the Trustee at any time at any bank or trust company;

4.2.14. to keep the whole or any part of the Trust Estate at any place within its discretion;

4.2.15. to retain any life insurance policy entrusted to it or from time to time held by it hereunder; to purchase insurance on the life of any Beneficiary hereunder or on the life of anyone and to select such type of policy and mode of premium payments as the Trustee may deem advisable; to exercise all rights with regard to such retained or purchased insurance as the policy contracts grant to the owner thereof; to pay premiums on such policies either out of the principal or out of income or partly out of principal and partly out of income as the Trustee shall deem proper; to name as Beneficiaries of the said new policies either the Trust Estate or the Beneficiaries thereof; to

> purchase annuities for one or more Beneficiaries and to select such type of annuity and mode of payment therefore as the Trustee may deem advisable; and to purchase and pay the premiums on policies of insurance against fire, other casualty or public liability or other insurance of a similar character, but the Trustee shall not be liable for any omission to purchase any insurance or to purchase a particular amount of any type of insurance;

4.2.16.     to determine whether any monies shall, for the purpose of this Trust, be considered as principal or income of the Trust Estate or whether any taxes, expenses or losses shall be paid out of or borne by principal or income.

4.3. Notwithstanding the foregoing powers and authority conferred upon the Trustee hereunder, in respect of any corporation the shares of which are comprised in the Trust Estate, the shares not be realized or liquidated but, to the greatest extent possible, that they be distributed in specie to the Beneficiaries in accordance with this Declaration of Trust, in order to ensure to the greatest extent possible the continued existence of such corporations and the ownership of the shares thereof by the Beneficiaries as aforesaid.

4.4. The Trustee may furthermore act upon the opinion or advice of or information obtained from any reputable solicitor, valuer, broker, auctioneer, accountant or other expert but the Trustee shall not be bound to act upon such opinion or advice and the Trustee shall not be responsible for any loss occasioned by so acting or by not so acting as the case may be save for its own intentional default or willful misconduct.

4.5. Without limiting the generality of any power or authority otherwise conferred upon the Trustee hereunder, the Trustee shall have the full power and authority, instead of acting personally, to appoint any agent or agents in any part of the world, to assist in the administration of this Trust and in the management of the Trust Estate and, provided that the Trustee exercises reasonable care in the appointment of such agent or agents, the Trustee shall not be responsible for any act or neglect of any such agent or agents.

4.6. Any Trustee being engaged in a professional business or trade, may, in the discretion of the Trustee, be paid all usual professional, business and trade charges and remuneration for business transacted and time expended and acts done by it or any employee or partner of the Trustee or by any firm or corporation with which it is connected in connection with the Trusts hereof including acts which a Trustee not being in any profession, business or trade could have done personally. Amounts paid under the foregoing shall be in addition to that Trustee's remuneration.

4.7. In addition to their disbursements, the Trustee and the Protector shall be remunerated such fees as are usual for the type of administration.

4.8. The Trustee may, with the prior approval of the Protector, receive and hold as part of the Trust Estate, subject to the Trusts hereof, any property made available by any other person or persons to be added to and to become part of the Trust Estate.

4.9. The Trustee shall inform personally the Beneficiary or Beneficiaries of the age of majority upon their request with respect to the position of the investment of the Trust Estate. The Trustee shall not, however, give this information, if, in its opinion, the information might be used in an abusive or illicit manner or in any way detrimental to the interests of the Trust Estate or the other Beneficiary or Beneficiaries. The Trustee shall decide in its sole discretion whether the prerequisites for a disclosure of information are met.

4.10. Notwithstanding the foregoing, the Trustee and the Protector may divulge any and all information relating to this Trust and the Trust Estate if the Trustee is legally bound to do so by ordinance or imperative statutory provision of law.

4.11. The Trustee and the Protector hereunder agree to execute any further documents or deeds which may be necessary to effectively transfer the Trust Estate to the Trustee.

4.12. The Trustee shall be protected in acting upon any direction, paper or document believed by them to be genuine and to have been signed by the proper person or persons. In case of doubt, the Trustee may refer to the Protector and shall in such case be protected in acting upon any direction, paper or document confirmed or believed by the Protector to be genuine and to have been signed by the proper person or proper persons.

4.13. Neither the Trustee nor the Protector shall be liable for any error in judgment but only for its own intentional fault or willful misconduct. The Trustee and the Protector shall not be personally liable for any monies to become due by or any claims against this Trust Estate or upon any instrument executed by the Trustee under the provisions hereof. The Trustee shall be indemnified and saved harmless out of the funds of the Trust Estate from time to time and at all times from and against:

    4.13.1. all costs, charges, and expenses whatsoever which such Trustee sustains or incurs in or about any actions, suits or proceedings which are brought, commenced or prosecuted against the Trustee for or in respect of any act, deed, matter or thing whatsoever done or permitted by it in or about the execution of the duties of this Trust, and

    4.13.2. all other costs, charges and expenses which the Trustee sustains or incurs in or about or in relation to the affairs of the present Trust and Trust Estate.

4.14. The Trustee shall have the power to bind the Trust Estate but shall not render itself personally liable.

4.15. <u>Power to Amend.</u>

    4.15.1 Subject to the prior written notice to the Protector the Trustee may, at any time or times during the Trust Period, by writing, make any alterations or additions to the provisions of the Trust which it considers, in its absolute discretion, to be for the

benefit of all or any one or more of the Beneficiaries (and for the avoidance of doubt, may change or amend the duration of the Trust Period, provided that in no case shall the Trust Period exceed the period as may be permitted from time to time by the Applicable Law or be shorter than ten (10) years from the date hereof).

4.15.2 Subject to the prior written notice to the Protector the Trustee may, at any time or times during the Trust Period, by writing, extinguish or restrict the future exercise of any of the powers conferred on it by the Trust or by the Applicable Law, including the exercise of any of the powers contained in this Article 4.

4.15.3 Subject to the prior written notice to the Protector the Trustee may during the Trust Period in its sole discretion by deed exercise its powers pursuant to this Article 4, to add or remove any Beneficiary or Beneficiaries. Any such addition or exclusion so made shall name or describe the Person or Persons or class or classes of Persons to be thereby added or excluded and shall specify the date (not being earlier than the date of the declaration, but during the Trust Period) from which such Person or Persons or class or classes of Persons shall be so added or excluded and the period (if terminating before the end of the Trust Period) for which such Person or Persons shall be added or excluded. In exercising its power pursuant to this Section 4.15.4, the Trustee may add or delete a Beneficiary or Beneficiaries without regard for the interests of the current Beneficiaries' in the Trust Fund or any income thereon.

4.15.4 Except as otherwise provided herein, any appointment or exclusion made pursuant to this Section 4.15.4. may be revocable or irrevocable, and shall have effect from the date specified by the Trustee.

4.15.5 Notwithstanding the provisions of this Trust, in no circumstances shall a Beneficiary be appointed as Trustee and if any Trustee becomes a Beneficiary such Trustee shall immediately and without further action retire as Trustee in accordance with Section 3.2.4 or 6.2.3 hereof.

4.16 Subject to the prior written notice to the Protector the Trustee may change at any time and from time to time during the Trust Period the governing law and forum for the administration of this Trust as hereinafter provided.

## ARTICLE FIVE
### Benefit of Trust

5.1. The Beneficiaries of this Trust shall be those persons enumerated in Annex "B" attached hereto and forming an integral part hereof or as appointed by deed pursuant to the powers under clause 4.15.4 hereof.

5.2. The Trust Estate together with any other property which may from time to time be held by the Trustee in lieu thereof or in addition thereto, shall be held by the Trustee upon the following Trust:

        5.2.1. The Trustee shall hold the Trust Estate during the Trust Period and may accumulate the whole of the income of the Trust Estate for the maximum period of accumulation permitted by law and add such accumulations to the principal thereof provided that during the Trust Period the Trustee may, upon making payments, apply any of the principal or the income of the Trust Estate to or for the benefit of the Beneficiaries designated in paragraph 5.1. of this Article Five provided, however, that in the interests of any Beneficiary, the Trustee may, taking into consideration the country of residence of the Beneficiary, tax and duties there eligible, foreign exchange rates and other financial, political, economic or personal considerations, retain any such distribution or payment for the benefit of the Beneficiary and provided further that any discretion herein contained shall be subject to Annex "B" referred to in paragraph 5.1. of this Article Five.

        5.2.2. The Trustee shall, in its sole discretion, determine the time and amount of payments, appropriations and applications of the income and/or principal of the Trust Estate to the Beneficiaries as aforesaid at all times.

5.3. Upon expiration of the Trust Period and subject to such powers of appointment as may be hereinafter contained, the Trustee shall pay or transfer the remaining principal and income to the Beneficiaries as shall then be living in such manner as set forth in Annex "B" referred to in subparagraph 5.1. of this Article Five; provided that if at the expiration of the Trust Period no Beneficiary as defined herein shall be alive, the principal and income then remaining in the Trust Estate shall be distributed according to subparagraph 5.11. of this Article Five.

5.4. All gifts, payments, or benefits made under the present Trust from the proceeds of the Trust Estate are intended as aliment and shall not be subject to seizure for the payment of any debts of the Beneficiaries or their representatives except in the case of express hypothecation or pledge after delivery, donation, or payment to them of any portion of the Trust Estate.

5.5 The proceeds, payment or other donation of any property to the Beneficiaries shall be and remain his or her private and separate property, free from the control of any consort, and shall not be liable for the debts of the said consort, and shall not form part of any community of property which may subsist between such consorts.

5.6. If any person should become entitled to any portion or share of the Trust Estate either before attaining the age of 21 or at such time when such person is determined to be mentally incapacitated, such portion or share may, in the Trustee's discretion, in consultation with the Protector, be held and kept invested by the Trustee and the income and principal or some amount thereof as the Trustee, in consultation with the Protector, considers necessary or advisable, shall be used and applied for the benefit of such person until either he or she has either attained the age of 21, whereupon his or her portion or share, or the amount thereof then remaining in the hands of the Trustee shall be paid or transferred to such person or, as the case may be, in the case of mental incapacity, until such time as the Trustee has been

       determined by the Trustee, in consultation with the Protector, that it is necessary or advisable to pay and transfer the amount of such portion or share to the acting guardian of such person.

5.7. The Trustee shall also have the power to make any payment for any person under the age of 21 to the parent or legal guardian of any such person whose receipt thereof shall be sufficient discharge to the Trustee.

5.8. The determination of mental incapacity shall be made by the Protector after consultation with the Trustee and upon such medical or other expert assessment as the Protector considers necessary or advisable.

5.9. The words "child," "children," "issue" when used herein, refer to a legitimate child, legitimate children or their respective legitimate issue but do not include an adopted child, adopted children, or their respective issue or adopted issue.

5.10. If the Trustee deems it necessary, a prerequisite of the enjoyment of the proceeds of the Trust Estate by any Beneficiary shall be that within a period of two months after the date when any such person is appointed Beneficiary hereunder, he or she declares to the Trustee in a form satisfactory to the Trustee and the Trustee's legal counsel, that he or she promises to respect all the provisions laid down in the present Trust and the provisions of any conveyance of property by any person or persons to the Trustee to be held as part of the Trust Estate subject to the Trusts hereof. If he or she is in default to so declare and promise, he or she shall lose all of his or her rights to the enjoyment or the proceeds of the present Trust and Trust Estate, and any other trust fund which may have been created in consequence hereof and be excluded by the Trustee in accordance with the positions of clause 4.15.4 hereof.

5.11. The charitable institutions and purposes to which the right or benefit of the Trust Estate shall possibly pass in accordance with the provisions of this Trust shall be those designated, if any, in Annex "B" hereto or as appointed by deed pursuant to the power under clause 4.15.4 hereof.

### ARTICLE SIX
### The Protector

6.1. Definition

    6.1.1. The Protector shall be the person who is, for the time being, in office, whether the Protector originally appointed hereby or subsequently appointed in accordance with this Trust.

    6.1.2. Any individual who is not a U.S. citizen or resident, or any corporation that is not organized in any state or territory of the U.S., may be the Protector whether an individual (resident or non-resident of Canada) or a corporation (Canadian or

foreign). Those individuals who are Beneficiaries or may become Beneficiaries of this Trust as well as their spouses and relatives, including the relatives of their spouses, may only be named Protector to this Trust to the extent that, in the aggregate, the Trustee does not comprise a majority of the total of persons and corporations appointed to and currently occupying the office of the Protector.

6.1.3. The Protector(s), for the time being, of the present Trust, shall be H&H Protectors Ltd., a Bahamas corporation.

6.2. <u>Resignation and Replacement</u>

6.2.1. A Protector shall cease to be a Protector when he or she dies, resigns or becomes unable or unwilling to act or continue to act or becomes insolvent or bankrupt. A corporation shall cease to be a Protector hereunder when the Trustee resigns or becomes insolvent or bankrupt or ceases to exist.

6.2.2. In the event an individual appointed as Protector in section 6.1.3. of Article 6 is unable or unwilling to serve as a Protector, then a successor protector shall be appointed by the Trustee.

6.2.3. Resignation by a Protector shall be effected by the delivery or mailing by registered mail of a written notice of resignation to the Trustee acting.

6.3. <u>Powers of the Protector</u>. Notwithstanding any other provisions of the present Trust and particularly the powers and authority herein granted to the Trustee, the Protector shall at any time or from time to time during the Trust Period or any extension thereof, have the full power and authority:

6.3.1. to remove from office, or appoint new or additional Trustees as the Protector shall consider advisable and without limiting the generality of the foregoing, to fill any vacancy in the office of the Trustee.

6.3.2. to veto distributions of capital or income by the Trustee to any Beneficiary, provided such veto is exercised reasonably.

6.3.3. to extinguish, diminish, reduce or otherwise limit the Protector's own powers as Protector during the tenure of persons appointed to and then in the office of the Protector; however, such extinction, diminishment, reduction or limitation shall not affect the powers of subsequent persons who may by replacement or later appointment be named to the office of Protector subsequently.

6.3.4. to supervise the accounts of the Trust Estate, receive an accounting from any or all of the Trustee or any other person, company, institution or creditor holding any assets or property of the Trust Estate or any other trust fund which may be created in consequence hereof.

6.3.5. without limiting the generality of any power or authority otherwise conferred upon the Protector hereunder, the Protector shall have the full power and authority, instead of acting personally, to appoint any agent or agents in any part of the world to assist in the carrying out of the powers of the Protector; and, provided that the Protector exercises reasonable care in the appointment of such agent or agents, the Protector shall not be responsible for any act or neglect of any such agent or agents.

6.3.6. any person appointed to the office of Protector being engaged in a profession, business or trade, shall be paid all usual professional business and trade charges and remuneration for business transacted and time expended and acts done by it or any employee or partner of the Trustee or by any firm or corporation with which it is connected in connection with the present Trust, including acts which persons appointed to the office of Protector not being in any profession, business or trade could have done personally.

6.3.7. Any reference to the "Protector" in this Trust shall be construed as a reference to all of the persons appointed to and then in the office of the Protector if there be more than one.

6.3.8. Wherever herein discretion is vested in or power is conferred upon the Protector, such discretion or power must be exercised by a majority of the persons appointed to and then in the office of the Protector. If it should happen at any time that there are fewer than three (3) persons then in the office of the Protector, such discretion or power must be exercised by unanimity if there are two (2) such persons and if there is only one (1) such person, he may validly exercise such discretion or power alone.

## ARTICLE SEVEN
### Power to Revoke and Amend

This Trust is irrevocable and no Trust provisions or interests may be altered, amended, revoked or terminated under this Trust or under any statute or other rule of law.

## ARTICLE EIGHT
### Interpretation

8.1. Any provision or condition of this declaration of Trust which is or becomes void for any reason whatsoever including the fact that it is considered to be or constitutes an impossible condition or one contrary to good morals, to law, to equity, or to public order, shall not annul this declaration Trust but shall only be considered as not written.

## ARTICLE NINE
### Governing Laws

9.1. Subject to the terms of subparagraph 4.16 of Article Four hereof, the Trust Estate created herein is created under the law of the Province of Nova Scotia, Canada and the rights of all parties and the construction and effect of every provision hereof shall be subject to the exclusive jurisdiction of and construed and regulated only according to the law of the Province of Nova Scotia, Canada.

9.2. If the governing law of this Trust is changed and any provision of this Trust be found to be in violation of or contrary to such new governing law, including, by way of example, but without limitation, any law or rule therein prevailing relating to accumulation of trust income and to perpetuity periods, such provision shall be deemed to be amended and to comply with the new governing law.

9.3. If at any time it appears that the Trust falls within the definition of a "United States Person," as defined in Section 7701(a)(30)(E) of the United States Internal Revenue Code of 1986 and the regulations thereunder, the Trustee may amend the Declaration, change the jurisdiction of the Trust, or do otherwise as it sees fit so the Trust will not fall within such definition in accordance with the provisions of subparagraph 4.16 hereof.

9.4. Notwithstanding anything in the Declaration to the contrary, if at any time a United States court attempts to assert jurisdiction over or otherwise supervise the administration of the Trust directly or indirectly, the Trustee shall cause the Trust to migrate from the United States. Notwithstanding anything in the Declaration to the contrary, if any governmental agency or creditor attempts to collect information from or assert a claim against the Trust, the Trustee shall cause one or more substantial decisions of the Trust to be controlled by a person or entity that is not a United States fiduciary. The Trustee may accomplish its objectives set forth in this Section 9.4. by amending the Declaration, changing the jurisdiction of the Trust, or otherwise as the Trustee sees fit at its sole discretion.

## ARTICLE TEN
### Acceptance of Trustee and Protector

The Trustee accepts the Trust hereby created, and both the Trustee and Protector agree to carry out the provisions hereof to be performed on their part.

## ARTICLE ELEVEN
### Notices

11.1. Any notice required or permitted to be given under any of the provisions of this Trust of the provisions of this Trust shall be sent by registered air mail, postage pre-paid, to the last known address of the addressee. No evidence that such notice has been received by any addressee shall be necessary to constitute good and valid notification. Any such notice given as aforesaid shall be deemed to have been given two (2) weeks after the envelope containing same is mailed, pre-paid registered air mail as aforesaid. There shall be no

obligation to give any such notice to any party in the case of impossibility to give any such notice.

## ARTICLE TWELVE
## Exclusion from Benefits

Whoever contests the validity of this Trust, of the Trust created under it, of the Trusts created by virtue of the present Trust, of the provisions of any conveyance of property by any person or persons to the Trustee to form and be held as part of the Trust Estate, shall cease to be a Beneficiary of any of these Trusts and shall be excluded from any benefits, direct or indirect, deriving from the Trust Estate in accordance with the provisions of subparagraph 4.15.4 hereof

## ARTICLE THIRTEEN
## Severability

Should any provision of this Trust be determined to be contrary to or invalid under the Governing Law of this Trust by a competent court of that jurisdiction, provided that its removal would not substantially affect or render contradictory or incomprehensible the remainder of this Trust, such provision shall be considered as unwritten and shall not invalidate or otherwise affect this Trust and the Trust hereby created.

*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

**WHEREFORE,** the parties hereto have executed this Trust on the date first hereinabove written.

**ACCEPTED** by

The Trustee:

AMERICAS FIDUCIARY LIMITED,
a Nevis corporation

By: _____     _____
     TIMOTHY D. RICHARDS, Director          Witness

                                                                                _____
                                                                                Witness

**AMENDED AND RESTATED**
**ANNEX "A"**

**November 13, 2006**

**THE TRUST ESTATE**

1. Two Hundred Canadian Dollars (CDN $200.00);

2. 100% of the Beneficial interest in the Global Irrevocable Trust, a Nova Scotia Trust dated December 1, 2004;

3. 100% of the Beneficial interest in the Gramercy Irrevocable Operating Trust, a Nova Scotia Trust dated July 1, 2005.

**AMENDED AND RESTATED**
**ANNEX "B"**

**November 13, 2006**

**<u>BENEFICIARIES</u>**

A. <u>Beneficiaries</u>

1. The Beneficiary of the HH MASTER SETTLEMENT ("Trust") shall be GUSTAVO HERNANDEZ ROMERO (the "Settlor").

2. Upon the death of GUSTAVO HERNANDEZ ROMERO, the Contingent Beneficiaries of the Trust shall be the Settlor's daughters: MARIA LUCIA HERNANDEZ FRIERI and MARIA ELENA HERNANDEZ FRIERI.

4. During the lifetime of the Settlor, the Trust Estate shall not be vested in the Contingent Beneficiaries and the Contingent Beneficiaries shall have no claim of any kind, including the right to receive accountings on the Trust Estate.

5. Upon the death of the Settlor, the remainder of the Trust Estate shall become vested in the Contingent Beneficiary.

B. <u>Payments from the Trust Estate</u>

1. During the lifetime of the Settlor, the Trustee, at its discretion, may pay to or for the benefit of the Settlor so much of the capital or income of the Trust Estate as the Trustee deems necessary in view of the requirements of an adequate standard of living of the Settlor, and taking into consideration the accustomed standard of living of the Settlor and any special needs of the Settlor, such as health, educational expenses or other similar needs.

2. Upon the death of the Settlor, the Trustee shall divide the remaining principal and accumulated but undistributed income of the Trust Estate into separate and equal shares of Fifty-Percent (50%) ("Trust Share") for the benefit of the Contingent Beneficiaries and shall distribute each respective Trust Shares in accordance with the following provisions:

    a. The Trustee may pay to or for the benefit of each Contingent Beneficiary his/her respective Trust Share as the Trustee deems necessary in view of the requirements of an adequate standard of living of the Contingent Beneficiary, taking into consideration the accustomed standard of living of the Contingent Beneficiary and any special needs of the Contingent Beneficiary, such as health care, educational expenses or other similar needs.

    i.    Upon the Protector's determination, the Trustee shall pay to each of the Contingent Beneficiaries his/her respective Trust Share, outright, Per Stirpes.

    ii.    If any of the Contingent Beneficiaries die prior to receiving full and final distribution, with surviving Issue, then the deceased Contingent Beneficiary's Trust Share shall be divided into so many shares so as to provide one (1) separate and equal share ("Issue's Share") for each of the deceased Contingent Beneficiary's then-living Issue. Any payments from an Issue's Share shall be made in accordance with the provisions of this section (2) of Annex B.

    iii.    If any of the Contingent Beneficiaries die prior to receiving full and final distribution, without surviving Issue, then the deceased Contingent Beneficiary's Trust Share shall be distributed among the other Contingent Beneficiaries, Per Stirpes, in equal shares.

    iv.    In the event no Contingent Beneficiary survives prior to full and final distribution of the Trust Estate, then the Trustee shall distribute the Trust Estate pursuant to written instructions of the Protector. In default and subject as aforesaid, the Trustee shall stand possessed of the principal and income of the Trust Estate absolutely for the Beneficiaries at the expiry of the Trust Period and if more than one, in equal shares, Per Stirpes.

3. Upon distribution of the entire Trust Estate and any income thereon to the Beneficiaries hereunder, the Trust shall terminate.

4. "Per Stirpes" shall mean that method of distribution pursuant to which a class or group of distributees take by right of representation through a deceased ancestor, a share to which such ancestor would have been entitled had he/she not been deceased. If, for example, distribution is to be made "Per Stirpes" to a specified person, and said person is deceased but is survived by children, then the share which would otherwise have been distributable to such deceased specified person had he/she then been living shall be divided equally among the children of such deceased person. As a further example, and consistent with the example in the preceding sentence, if all of the children of such specified person shall be deceased, then the share which would otherwise have been distributable to each such deceased child shall be divided equally among the children of each deceased child, with the effect that the children of each such deceased child of each such specified person will receive by right of representation the share which his/her parent would have received had he/she then been living.