UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

And

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

**OLYMPIA DE CASTRO'S NOTICE OF CLAIM AND
VERIFIED PETITION AND REQUEST FOR HEARING TO
ADJUDICATE THE VALIDITY OF HER INTEREST OF APPROXIMATELY
$900,000 (PLUS INTEREST) FROM THE FORTHCOMING SALE OF REAL
PROPERTY LOCATED AT 801 E. DANIA BEACH BLVD., DANIA BEACH, FL**

    Third-Party Petitioner Olympia De Castro ("De Castro"), files this verified petition and respectfully requests a hearing to adjudicate the validity of her interest in the property pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c).

    **I.    INTRODUCTION AND SUMMARY**

    The Government is improperly attempting to take De Castro's proceeds from the sale of her business interest, proceeds she needs to support herself and her three small children. These sale proceeds do not belong to the Defendant Gustavo Hernandez Fieri ("Hernandez") and are by no means tainted by even the allegation of any connection to any criminal conduct by Hernandez. The Court should hold an evidentiary hearing and enter an Order finding that De Castro's interest in the property is superior to that of Hernandez and the government.

In 2015, De Castro acquired an interest in a retail wine shop in New York. She sold her interest in the wine shop in December 2016, but, through the actions of others, did not receive her share of the proceeds of the sale. De Castro sued to obtain the funds from the wine shop sale and that lawsuit was settled by agreement. The settlement terms required that the full amount due to De Castro, plus interest (approximately $1 million), would be paid to her from the sale of a mobile home park, owned in part by the civil suit defendants, located in Dania Beach, Florida. It is the proceeds of this sale – proceeds not owned by Hernandez and utterly unconnected to the present criminal matter – that the Government proposes to take.

Neither De Castro's interest in the retail wine shop, nor proceeds from the sale of her interest, was named in the Indictment or Protective Order in this matter as property involved in the offense, nor as an agreed upon substitute asset. Nor could they have been. Hernandez did not have an interest in the wine shop, nor in the proceeds of the sale of De Castro's interest. Because De Castro holds all legal right, title, and interest in the approximately $1 million in proceeds of the sale of real property located in Dania Beach, FL, those proceeds cannot rightfully be forfeited in this action.

## II.     DETAILED AND VERIFIED FACTUAL BACKGROUND

In 2008, many years before Defendant Hernandez ever met Abraham Ortega or had any involvement in or connection to a money laundering conspiracy, and after Hernandez and De Castro married, Hernandez invested $900,000 for a minority membership interest in IWM Holdings LLC ("IWM"). IWM is a retail fine wine shop in New York City, operating under the trade name Italian Wine Merchants. Hernandez held the membership interest in

his name, was a director of IWM, served as a guarantor for obligations of IWM, and was registered as a principal of IWM with the New York State Liquor Authority ("NY SLA").

The investment in IWM was passive. Sergio Esposito is the founder of IWM and he ran the day-to-day operations. De Castro involved herself, however, at IWM since 2008 in several ways. De Castro drove revenue to IWM by hosting events at IWM, including events related to the hedge fund she had an ownership stake in and worked at in New York. De Castro's sister, who brought extensive hospitality experience from her career at the 5-star Mandarin Hotel, also assisted with events at IWM. In addition, De Castro built the financial model for IWM to help guide the finance team.

In 2014, Hernandez and other equity holders of IWM were invited to become involved with Domain Select Wine & Spirits ("Domain"), a wholesale and importation business involving fine wine. IWM and its principals engaged New York attorney Keven Danow to advise them with respect to "tied-house" laws, which generally restrict ownership by the same persons in retail, on the one hand, and import/wholesale on the other hand, in the beverage alcohol industry. Because Domain was a wholesaler and IWM was a retailer, Mr. Danow advised IWM's principals, including Hernandez, not to simultaneously hold interests in IWM and Domain.[1]

Based on this advice, De Castro and Hernandez agreed De Castro would solely own the IWM retail interest and Hernandez would solely own the Domain importation/wholesale interest. Hernandez and the other equity holders of IWM entered into various documents to

---

[1] Copies of memos from Mr. Danow dated 2/14/14 and 6/3/14 are attached as Exhibits 1 and 2 respectively.

accomplish this goal.[2] The entity Salondera LLC ("Salondera") was created in November 2014. De Castro obtained a one-third interest in Salondera.[3] Salondera became a 56.9% owner of IWM in 2015.[4]

De Castro became a member of IWM's Board of Advisors. She also registered as a principal of IWM with the NY SLA.[5] De Castro received tax reporting K-1 documents for 2015 and 2016 from Salondera reflecting her one-third ownership in Salondera. De Castro's K-1s are attached as Exhibit 9. De Castro's ownership in Salondera (and IWM), as well as Hernandez' transfer of his ownership in IWM, are reflected in all of the business documents, many of which are attached hereto. As of the NY SLA approval of the applications by De Castro and others on June 10, 2015, De Castro became an equity holder in IWM through Salondera *and Hernandez ceased to hold any equity in or positions at IWM*.

Salondera (through De Castro and its other two members) agreed to sell the membership interest of Salondera on or about October 6, 2016 wherein IWM would redeem Salondera's equity interest for a purchase price of $2.7 million.[6] On or about December 29, 2016 there was a closing on the Redemption Agreement. Salondera agreed that its three

---

[2] These include Written Consent In Lieu of Meeting of Members of IWM (2/14/15) (attached as Exhibit 3); Joinder Agreement to Operating Agreement (2/24/15) (attached as Exhibit 4); and Acknowledgment of Termination of Membership (2/14/15)(attached as Exhibit 5).

[3] *See* Limited Liability Company Agreement of Salondera (6/10/15)(attached as Exhibit 6).

[4] *See* First Amendment to Operating Agreement of IWM (attached as Exhibit 7).

[5] *See* NY SLA documents, including Application, Conditional Letter of Approval (4/7/15), and Notice of Approval of Corporate Change (6/10/15) (all attached as Exhibit 8).

[6] The Redemption Agreement (10/6/16) and related Escrow Agreement is attached as Exhibit 10; the Unanimous Written Consent In Lieu of Meeting of Members of Salondera (12/16) is attached as Exhibit 11; and De Castro's resignation from the Board of Advisors of IWM is attached as Exhibit 12.

4

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

members (De Castro, Javier Mora (as trustee for Jorge Mora's daughter), and Daniel Holtz's ("D. Holtz") then wife Toni Holtz ("T. Holtz")) would split the net proceeds of $2.7 million equally. Each member was to receive $900,000.

Salondera and D. Holtz agreed that Walden Capital Corporation ("Walden") (and its sole principal D. Holtz) would act as Salondera's trustee and agent and would receive by wire transfer the $2.7 million purchase price, for the benefit of Salondera and its members, to be held and later disbursed equally to each of the three Salondera members. On or about December 29, 2016, when Walden received the $2.7 million purchase price by wire, D. Holtz paid the other two members each their one-third interest ($900,000) in the proceeds of the sale, but did not pay De Castro her $900,000. Instead, Walden and D. Holtz retained De Castro's $900,000.

De Castro took steps to be paid the $900,000 from Walden and D. Holtz. De Castro met personally with D. Holtz in New York on March 6, 2019 and asked him to pay her the $900,000. D. Holtz made a series of excuses, but eventually agreed at that meeting that the money was owed to De Castro and promised to pay it in full, including 5% simple interest. On or about April 5, 2019 D. Holtz made his first payment to De Castro of $12,500. D. Holtz and Walden continued to make payments to De Castro throughout 2019 totaling $82,250.[7]

On January 3, 2020, De Castro was forced to sue D. Holtz, Walden, and T. Holtz to obtain the proceeds of the sale of her membership interest in Salondera/IWM. A copy of the Complaint is attached as Exhibit 14. No depositions were taken. The parties entered into a settlement agreement in that civil suit where De Castro would be paid back her $900,000 (plus 5% interest) from the sale of a mobile home park located at 801 E. Dania Beach Blvd., Dania

---

[7] Documents reflecting most of these payments to De Castro's bank account (which is in her name only) are attached as Exhibit 13.

5

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

Beach, Florida ("Dania Beach Property") that is owned by Mile Marker 55, LLC ("Mile Marker 55"). A copy of the Settlement Agreement is attached as Exhibit 15. A portion of Mile Marker 55 is owned by D. Holtz and/or T. Holtz. The Judge in the divorce case pending between D. Holtz and T. Holtz entered the Second Agreed Order Modifying Temporary Injunction on September 4, 2020 stating that upon the sale of the property owned by Mile Marker 55, De Castro shall be paid all agreed sums in connection with the settlement agreement of the suit brought by De Castro. A copy of the Order is attached as Exhibit 16.

More than three years after De Castro acquired her membership interest in IWM (through Salondera), Hernandez was arrested in the summer of 2018 and then indicted for the present case. On November 26, 2019, Hernandez pleaded guilty and was convicted of Count 1 of the Indictment, conspiracy to commit money laundering. At the time of his plea and conviction, he did not have any interest in the proceeds of the sale of De Castro's membership interest in Salondera/IWM. Hernandez had transferred this interest to his then-wife more than four years prior to his plea and conviction.

As part of his change of plea in November 2019, Hernandez signed a Plea Agreement. In the agreement, Hernandez agreed to forfeit all property involved in the charged money laundering or property that constitutes substitute assets. D.E. 163 at 7. He further agreed to the entry of orders of forfeiture of property specifically identified in the Indictment and Amended Protective Order. Hernandez, however, did not consent to the forfeiture of the proceeds of the sale of De Castro's interest in Salondera/IWM. *Id.* This property was not named in the Indictment or Amended Protective Order as property involved in the offense or an agreed upon substitute asset. Hernandez did not consent - nor could he consent - because he did not have an interest in the property.

In his January 2020 Financial Disclosure Statement, which he was required to submit under oath pursuant to the Plea Agreement and upon which the Government has relied as truthful, Hernandez did not list any interest in Salondera/IWM – because he had none. D.E. 238-4. Hernandez did list, however, his interest in Domain, the importation/wholesale wine business he acquired on or about the time he transferred his interest in IWM to De Castro. *Id.* at 8, 22.

The government filed a motion for third preliminary order of forfeiture on January 10, 2021 regarding approximately $900,000 from the forthcoming sale of the Dania Beach Property (representing the proceeds of the sale of De Castro's interest in Salondera/IWM). D.E. 289. The 88.9 Certification indicates that Hernandez does not own this asset and nonetheless did not oppose the forfeiture because the actual owner would come forward and contest the forfeiture. The Court issued a Third Preliminary Order of Forfeiture on January 11, 2021 stating that "[t]he Defendant has been identified as the true beneficial owner of approximately $900,000 due from the sale of the Dania Beach Property." D.E. 280 at 2. The Court preliminarily forfeited the proceeds of De Castro's sale of her interest in Salondera/IWM (which are to be paid from the sale of the Dania Beach Property).

III.    CLAIMS

De Castro acquired her interest in IWM (through Salondera) more than four years before Hernandez plead guilty. She has a legal right, title or interest in the proceeds of the sale of her interest in IWM (from the sale of the Dania Beach Property) which render the Third Preliminary Order of Forfeiture invalid in whole or in part because the right, title, or interest was vested in De Castro rather than in Hernandez, or was superior to any right, title or interest of Hernandez, at the time of the commission of the acts which gave rise to the Third

Preliminary Order of Forfeiture. *See* 18 U.S.C. § 853(n). In addition, De Castro was a *bona fide* purchaser for value of her right, title and interest in the Dania Beach Property and was at the time of such purchase reasonably without cause to believe the property was subject to forfeiture. *Id.*

## IV. CONCLUSION

WHEREFORE, Olympia De Castro respectfully moves this Court for a hearing to adjudicate the validity of her interest in the proceeds of the sale of her interest in IWM (from the sale of the Dania Beach Property) and later to amend the forfeiture order and exclude the proceeds from the sale of her interest in Salondera/IWM (which are to be paid from the sale of the Dania Beach Property).

Dated this 10th day of February, 2021.

Respectfully submitted,

DEVINE GOODMAN & RASCO, LLP
2800 Ponce de Leon Blvd., Suite 1400
Coral Gables, FL 33134
Tel: 305-374-8200
Email: grasco@devinegoodman.com

*/s/ Guy A. Rasco*
Guy A. Rasco., Esq.
Fla. Bar No.: 727520
*Attorneys for Third-Party Petitioner*

8

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Filing System this 10th day of February, 2021, on all counsel of record.

/s/ *Guy A. Rasco*
Guy A. Rasco

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

## **VERIFICATION**

      I have read the Verified Petition in this action. Based on my personal knowledge and my review of the business records concerning the matters at issue in this action, the factual maters alleged in the Petition are accurate. In accord with 21 U.S.C. § 853(n)(6), pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge and belief.

_____             Dated: __2/10/2021__
Olympia De Castro

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208