UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

vs.

GUSTAVO HERNANDEZ FRIERI,

    Defendant.
_____/

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE MARCH 25, 2021 SENTENCING

The United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorney, respectfully objects to Defendant GUSTAVO HERNANDEZ FRIERI's ("HERNANDEZ") Motion to Continue March 25, 2021 Sentencing. In support thereof, the United States of America states the following:

1. On August 16, 2018, a federal grand jury indicted Defendant GUSTAVO HERNANDEZ FRIERI with one count of conspiracy to commit money laundering in Count 1, several substantive counts of money laundering, and one count of interstate and foreign travel in aid of racketeering. [DE 19.]

2. On May 3, 2019, after his arrest in Italy and extradition proceedings, HERNANDEZ made his initial appearance in federal court in this criminal case. [DE 95.]

3. On November 26, 2019, HERNANDEZ pleaded guilty to Count 1 of the Indictment. [DE 162.] On that same date, HERNANDEZ's sentencing was set for March 20, 2020. *Id.*

4. Since his initial appearance, HERNANDEZ has moved, unopposed, to continue his sentencing several times. [DE 183, 185, 188, 196, 206, 276.]

5. The Court has granted those motions, and HERNANDEZ is now scheduled for sentencing on March 25, 2021, which is more than a year after it was originally scheduled. [DE 185, 189, 197, 208, 249, 281.]

6. Ahead of scheduling the current sentencing date, on January 11, 2021, the Court held a telephone status conference to discuss HERNANDEZ's prior motion to continue the sentencing hearing. [DE 281.] The Court stated that HERNANDEZ could have an in-person sentencing, but that if he wanted people to testify on his behalf, due to the COVID-19 pandemic, he should inquire if there were ways for them to speak to the Court on HERNANDEZ's behalf via video, telephone or letter. In addition, with HERNANDEZ's agreement, the United States also asked for the opportunity to take relevant witness testimony as to the financial status of HERNANDEZ and the Court allowed the United States to do so. At the conclusion of the telephonic status conference, the Court set HERNANDEZ's sentencing for March 25, 2021, and required the parties to file a status report as to the taking of testimony on the financial matters. [DE 281.]

7. On February 8 and 18, 2021, testimony from three witnesses was taken before Magistrate Judge Edwin G. Torres as to HERNANDEZ's financial matters. [DE 295 and 305.] A status report was also filed by the parties. [DE 302.]

8. The United States submits that the HERNANDEZ posits no good cause to continue sentencing for a seventh time and respectfully submits that the Court should impose sentence without any further unnecessary delay. *See* Fed. R. Crim. P. 32 (b). While willing to continue to communicate with counsel for HERNANDEZ prior to sentencing as to the United States' ultimate recommendation, the United States believes that she has enough information and the documents necessary to proceed and provide a well-informed sentencing recommendation to the Court.

9. The United States notes, as the Court has earlier, that this is not a COVID-19 case, in that it did not originate during the pandemic. And while the initial sentencing date was set in the early stages of the pandemic, the current sentencing date is almost a year after that date, precautions can and will be made for a safe, in-person sentencing, the Court is well-accustomed to incorporating video technology, including Zoom, into its hearings, and COVID-19 vaccines are being distributed across the world.

10. HERNANDEZ requests the continuance for more time to obtain documents requested by the United States, but such documents are not necessary to proceed with sentencing. HERNANDEZ fails to note that the United States asked for documentation to substantiate HERNANDEZ's claims that certain assets belong to others. While documentation has been promised for months, HERNANDEZ has not produced documents since the first of week of January 2021. Instead, the United States has had to issue hearing subpoenas to obtain relevant documentation and sees no reason to delay sentencing for HERNANDEZ to seek out additional documents that are not in his custody.

11. HERNANDEZ also requests the continuance in order to object to the recent Report & Recommendation ("R&R") issued by Magistrate Judge Torres regarding third-party claims to forfeited property. [D.E. 316.] However, that R&R was issued in third-party ancillary proceedings, so HERNANDEZ lacks standing to object to the R&R, and the United States is perplexed as to why sentencing should be continued to allow him to do so. Furthermore, objections are due on March 16, 2021, ahead of his scheduled sentencing. [DE 320.]

12. Finally, HERNANDEZ requests the continuance due to the fact that the United States "seems to be arguing" that he may have violated his bond. HERNANDEZ fails to state that the United States made HERNANDEZ aware of his potential bond violation in or around

August/September 2020, and raised the issue in a prior filings last fall [*see, e.g.*, DE 238, at 7-8; DE 247, at 9]. So, requesting more time to address this potential violation is unnecessary.

WHEREFORE, for the reasons stated above, the United States opposes HERNANDEZ's Motion to Continue March 25, 2021 Sentencing.

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

By:    */s/ Kurt K. Lunkenheimer*
    KURT K. LUNKENHEIMER
    Assistant United States Attorney
    Court ID No. A5501535
    U.S. Attorney's Office - SDFL
    99 N.E. 4th Street, Suite 600
    Miami, FL 33132-2111
    Telephone: (305) 961-9008
    Facsimile: (305) 536-4699
    Email: Kurt.Lunkenheimer@usdoj.gov

    DANIEL KAHN
    ACTING CHIEF, FRAUD SECTION

By:    */s/ Paul A. Hayden*
    Paul A. Hayden
    Trial Attorney
    Department of Justice
    1400 New York Ave., N.W.
    Washington, D.C. 20530
    Tel. (202) 353-9370
    paul.hayden2@usdoj.gov