**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-CR-20685-WILLIAMS/TORRES**

**UNITED STATES OF AMERICA**

v.

**GUSTAVO ADOLFO HERNANDEZ FRIERI,**

    **Defendant.**
_____/

**IN RE:**

**OLYMPIA DE CASTRO, and**
**597 HIBISCUS LANE REVOCABLE TRUST,**

    **Third-Party Petitioners.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE**
**OBJECTIONS AND CLARIFICATIONS TO THE**
<u>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**</u>

The United States of America (the "United States" or the "Government"), by and through the undersigned Assistant United States Attorney, hereby files this response to Defendant Gustavo Adolfo Hernandez Frieri's (the "Defendant") Motion for Leave To File Objections and Clarifications to the Report and Recommendation by Magistrate Judge Torres Dated March 7, 2021 (the "Motion"), ECF No. 332. In support of this response, the United States submits the following:

On March 7, 2021, U.S. Magistrate Judge Edwin G. Torres issued a Report and Recommendation on the Government's Motion To Dismiss (the "Report and Recommendation"), and recommended that a joint petition filed by Olympia De Castro ("De Castro") and 597 Hibiscus Revocable Trust (the "Revocable Trust") claiming preliminarily forfeited real property located at

597 Hibiscus Lane, Miami, Florida 33137 ("597 Hibiscus Lane") be dismissed.  *See* Report and Recommendation, ECF No. 316; U.S. Motion To Dismiss De Castro and Revocable Trust's 597 Hibiscus Joint Petition, Dec. 18, 2020, ECF No. 264; De Castro and Revocable Trust's Response, Jan. 18, 2021, ECF No. 285; U.S. Reply, Jan. 19, 2021, ECF No. 286.

On March 11, 2021, the Defendant filed the Motion requesting leave of the Court to file objections and clarifications to the Report and Recommendation as the "findings potentially adversely affect Mr. Hernandez regarding his sentencing in this case."  Hernandez Motion 1, ECF No. 332.

The Defendant lacks standing to file objections and clarifications to the Report and Recommendation issued in third-party forfeiture ancillary proceedings, as his interest in 597 Hibiscus Lane and his interest as settlor, or "Grantor," of the Revocable Trust were forfeited in the Second Preliminary Order of Forfeiture, which is final as to the Defendant.  *See* Hernandez Second Preliminary Order of Forfeiture, Sept. 28, 2020, ECF No. 239; Fed. R. Crim. P. 32.2(b)(4); *see also, e.g., United States v. Coffman*, 574 F. App'x. 541, 563-64 (6th Cir. 2014) (defendant lacks standing to litigate forfeiture of a substitute asset that the defendant claims does not belong to him).

To the extent the Defendant seeks to clarify the record ahead of his sentencing, the United States refers the Court to the following portion of the Government's Sentencing Memorandum, filed on March 19, 2021:

> Moreover, the defendant has previously failed to heed the orders of this Court in this case.  In two instances, when the defendant engaged in conduct that, at a minimum, was inconsistent with the spirt of Court orders, he failed to acknowledge his transgressions and instead focused on his ultimate lack of success in accomplishing his objective. . . . Later, at his bond proceedings, the defendant was ordered to pledge his interest in his Miami residence at 597 Hibiscus Lane, and not to "attempt to encumber properties or investments." [ECF No. 101, at 19; ECF No. 103].  After he was released on bond, and without leave of the Court or advance notice to the Government, the defendant resigned as co-trustee of the revocable trust that held title to the Miami residence, and committed "to resign as co-settlor"

2

>as part of his marital settlement with his now ex-wife. [ECF No. 238; ECF No. 238-10; ECF No. 238-11]. The defendant, via his counsel, recently addressed this potential bond violation, stating "[t]he fact that on October 1, 2019, Mr. Hernandez resigned as co-trustee in no way affected Mr. Hernandez's interest in the Miami property. . . . no transfer of interest occurred, and Mr. Hernandez's action in resigning in no way encumbered or alienated the property contrary to his bond restrictions." [ECF No. 332 (underline in original)].
>
>While the Government agrees that the defendant was unsuccessful in both instances, the defendant still acted in a manner inconsistent with the Court's orders. Rather than take responsibility for his conduct, the defendant has sought to recast his actions and explain them away.

Gov't Sentencing Memorandum 14-15, ECF No. 346 (quoting Motion at 2).

Furthermore, De Castro and the Revocable Trust directly contradict the Defendant, arguing that his post-bond and post-plea actions impacted his interest in 597 Hibiscus Lane. In their recently filed Objections to the Report and Recommendation, De Castro and the Revocable Trust assert that "[b]y signing and consenting to the marital settlement agreement, Hernandez Frieri relinquished his rights as settlor and his right to reside at the home (unless given consent)." *See* De Castro and Revocable Trust's Objections to Report and Recommendation 8-9, ECF No. 347. They now argue that the marital settlement "served to amend the terms of the original Trust, and was formalized as authorized under the Florida Trust Code upon acceptance by the divorce court." *Id.* at 9.[1]

As noted in its Sentencing Memorandum, the Government recently learned that the Defendant entered into a Joint Defense Agreement with De Castro, his ex-wife, because they have a common legal interest and strategy as it relates to certain disputed property and have apparently

---

[1] The United States will address De Castro and the Revocable Trust's Objections to the Report and Recommendation in its response, which is due on April 13, 2021. *See* Order, ECF No. 342.

worked together to oppose forfeiture with respect to that property.[2] Gov't Sentencing Memorandum 15-16. And this is also not the first time that the Defendant has sought to clarify, unnecessarily, the Court's forfeiture-related orders. *See, e.g.,* Hernandez Motion for Clarification of 2nd Preliminary Order of Forfeiture, Oct. 1, 2020, ECF No. 243 (seeking clarification "in order to avoid adversely affecting the interests of innocent third parties who have the right to file claims and litigate the issue of ownership in ancillary proceedings"); Order Denying Motion for Clarification, Dec. 28, 2020, ECF No. 273 (finding "there is nothing for the Court to clarify").

As in the previous instances, there is nothing that requires clarification by the Defendant, who also lacks standing to file objections to the Report and Recommendation.

WHEREFORE, for the foregoing reasons, the Court should deny the Motion.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/ Nalina Sombuntham*
Nalina Sombuntham
Assistant United States Attorney
Deputy Chief, Asset Forfeiture Division
Fla. Bar No. 96139
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224
Facsimile: (305) 536-408
nalina.sombuntham@usdoj.gov

---

[2] De Castro is represented by two different counsel in the forfeiture ancillary proceedings, in which she has filed petitions claiming (i) 597 Hibiscus Lane and (ii) approximately $900,000 from the sale of property in Dania Beach. *See* ECF Nos. 262, 296. With respect to her claim to the approximately $900,000, counsel for De Castro raised the Joint Defense Agreement. 3/17/2021 E-mail Correspondence (on file with undersigned AUSA); *see also* Exhibit 1, Devine Goodman & Rasco, LLP's Petition, ECF No. 297-1 (engagement letter addressed to De Castro "c/o Gustavo Hernandez[,] ghernandez@gsadvisors.net") (petition withdrawn by ECF No. 334). With respect to 597 Hibiscus Lane, second counsel for De Castro has not confirmed whether or not such counsel is also part of the Joint Defense Agreement. 3/17/2021-3/19/2021 E-mail Correspondence (on file with undersigned AUSA). Counsel for the Defendant has declined to comment on any Joint Defense Agreement. 3/17/2021-3/19/2021 E-mail Correspondence (on file with undersigned AUSA).