## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

### FOURTH PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Fourth Preliminary Order of Forfeiture ("Motion") against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant"):

On February 4, 2020, the Court entered a Preliminary Order of Forfeiture against the Defendant, and imposed a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175.

On September 28, 2020, the Court entered the Second Preliminary Order of Forfeiture, finding that the prerequisites of 21 U.S.C. § 853(p) have been satisfied to authorize the forfeiture of the Defendant's substitute property. *See* Hernandez 2nd Preliminary Order of Forfeiture, ECF No. 239.

On January 11, 2021, the Court entered the Third Preliminary Order of Forfeiture, which forfeited certain substitute property of the Defendant. *See* Hernandez 3rd Preliminary Order of Forfeiture, ECF No. 280. In the Third Preliminary Order of Forfeiture, the Court also restrained, pursuant to 21 U.S.C. § 853(g), real property located at 314 Hicks Street, Brooklyn, New York 11201 (the "314 Hicks Brooklyn Townhouse") to ensure its availability for criminal forfeiture.

*See id.*

Since entry of those orders, on February 8 and 18, 2021, the Defendant's pre-sentencing hearing on financial matters was held before U.S. Magistrate Judge Edwin G. Torres. *See* Minute Entry, ECF No. 295, Minute Entry, ECF No. 305.

The testimony and evidence presented at the hearing, along with the exhibits attached to the Motion, confirm that (i) the Defendant acquired 3 Gramercy Park West, Unit 2 (the "Gramercy Apartment") prior to his marriage, holding himself out to be its sole beneficial owner; (ii) the transfer of the Gramercy Apartment from the Defendant and his family's trusts to the Defendant's ex-wife and her trust, DC 2019 Irrevocable Trust, did not occur in an arms-length transaction for reasonably equivalent consideration, and (iii) proceeds from the sale of the Gramercy Apartment funded the 2020 purchase of the 314 Hicks Brooklyn Townhouse. Thus, the 314 Hicks Brooklyn Townhouse is other property of the Defendant, subject to forfeiture pursuant to 21 U.S.C. § 853(p). *See, e.g.*, *United States v. Gordon*, 710 F.3d 1124, 1167-68 (10th Cir. 2013) (affirming preliminary forfeiture of residence titled to defendant's wife as substitute property under § 853(p)).

To the extent that any other third party has an interest in any property sought through forfeiture proceedings, such interest will be addressed after the property is preliminarily forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2; *see also United States v. Gordon*, 710 F.3d 1124, 1167-68 (10th Cir. 2013).

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America: real property located at 314 Hicks Street, Brooklyn, New York 11201, in Brooklyn, New York, Block 260, and Lot 57, including all buildings, fixtures,

appurtenances, improvements, attachments and easements found therein or thereon, which is further identified as:

> ALL THAT CERTAIN plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:
>
> BEGINNING at a point formed at the northwesterly corner of Hicks and State Street;
>
> RUNNING THENCE northerly along the northwesterly side of Hicks Street, 24 feet 5 inches more or less to the middle of a party wall;
>
> THENCE westerly and part of the distance through the middle line of said party wall and parallel with State Street, 76 feet 8 3/4 inches;
>
> THENCE southerly parallel with Hicks Street, 24 feet 5 inches to the northerly side of State Street;
>
> THENCE easterly along the northerly side of State Street, 76 feet 8 3/4 inches to the northwesterly corner of State and Hicks Street, the point or place of BEGINNING.

2.      Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3.      The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this _____ day of March 2021.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copy:
Counsel of Record