# JULY 25, 2018

## GH Arrested in Italy while on Family Vacation

# GH Under Arrest In Italy

**July 13**
GH with his wife and their 3 children fly to Italy for family vacation

**July 25**
GH arrested in Sicily (Messina jail) per US Arrest Warrant

**July 29**
GH's wife and 3 children return to Miami, FL.

**July 30**
GH initial court appearance in Italy; GH under arrest in Messina

**July 24**
KRULL arrested in Miami

**July 23**
The C.S. writes to GH to ask where GH was, and GH responded he was in Italy, indicated his return date (7/30) and GH suggested meeting the day after GH's return to the US (7/31)

JULY 2018

13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28  29  30

# GH Under Arrest in Italy and the U.S.

**July 25**
GH arrested in Sicily (Messina jail) per US Arrest Warrant

**May 2**
GH returned to the US

**May 21**
Bond 'house confinement': electronic monitoring no curfew

**November 26**
Plea hearing

**April 30**
Sentencing

Time Under Arrest in Italy: **9 months & 8 days**

Total Time Under Arrest & Home Confinement: **2 years, 9 months & 8 days [33 MONTHS]**

| July | August | September | October | November | December | January | February | March | April | May | June | July | August | September | October | November | December | January | April |
|------|--------|-----------|---------|----------|----------|---------|----------|-------|-------|-----|------|------|--------|-----------|---------|----------|----------|---------|-------|
| | | **2018** | | | | | | | | | **2019** | | | | | | | **2020** | **2021** |

# 9 Months, 8 Days

## GH Under Arrest in Italy Awaiting Return to the US

STUDIO LEGALE
Avv. GIOVAMBATTISTA FRENI
- PATROCINANTE IN CASSAZIONE -
M E S S I N A

June 24, 2019

*VIA ELECTRONIC and REGULAR MAIL*

Michael S. Pasano, Esq.
Carlton Fields
Miami Tower
100 S.E. Second Street
Suite 4200
Miami, Florida 33131-2113

Re: Pro Veritate Opinion

Dear Mr. Pasano,

As defense attorneys for Hernandez Frieri Gustavo, residing in Miami (USA), born in Colombia on March 8, 1973, we render this pro veritate opinion and state as follows.

We have been retained by Hernandez Frieri Gustavo in connection with the criminal proceeding N. 2/2018 of the general register of extraditions of the Court of Appeal of Messina, Italy.

Against the aforementioned Hernandez Frieri Gustavo was issued an international arrest warrant by the Judicial Authority of the United States of America and carried out in the province of Messina, Italy on July 25, 2018.

During such extradition proceeding, Hernandez Frieri Gustavo was placed in detention on July 25, 2018, until May 2, 2019 on which date Hernandez Frieri Gustavo surrendered to the U.S. Marshalls for consignment to the U.S, pursuant to the decision to the Court of Appeal of Messina that granted the extradition.

According to the above events, we state that, based on Italian law and specifically to art. 657 1st comma C.P.P. (Code of Criminal Procedure), the entire period of such precautionary custody suffered by Hernandez Frieri Gustavo from July 25, 2018 to May 2, 2019, has to be computed toward incarceration.

Sincerely,

Avv. Giovambattista Freni

Avv. Giancarlo Bitragno



# MINISTERO DELLA GIUSTIZIA

*Dipartimento dell'Amministrazione Penitenziaria*
*Direzione della Casa Circondariale di Messina*
(Ufficio Matricola)

## - SI ATTESTA -

Che il detenuto **HERNANDEZ FRIERI Gustavo**, nato in Colombia, il 08/03/1973 :

- In data 25/07/2018 ingresso in questo Istituto proveniente dalla libertà;
- In data 30/07/2018 viene dimesso per concessione arresti domiciliari;
- In data 12/04/2019 viene nuovamente associato in questo Istituto;
- In data 20/04/2019 viene trasferito presso la casa Circondariale di Roma Rebibbia;
- In data 24/04/2019 viene posto agli arresti domiciliari in Roma;
- In data 02/05/2019 viene consegnato per estradizione definitiva.

Si rilascia la presente attestazione su richiesta e per gli usi consentiti dalla legge.

Messina, 10/03/2021

*[firma]*

IL DIRETTORE f.m.
(Dott.ssa Nunziella DI FAZIO)

COMANDANTE DI REPARTO
Dirigente di Pol Pen Antonella C. Macrì

IL SOMPILATORE ADDETTO
L'UFFICIO MATRICOLA

MINISTRY OF JUSTICE

Department of Penitentiary Administration

Direction of the Messina Prison

- CERTIFIES -

That inmate HERNANDEZ FRIERI Gustavo, born in Colombia, on 08/03/1973:

• On 25/07/2018 entered into the Messina prison from liberty;
• On 30/07/2018 he is placed under house arrest;
• On 12/04/2019 he is again entered into this prison for extradition;
• On 20/04/2019 he was transferred to the Rebibbia prison in Rome;
• On 24/04/2019 he is placed under house arrest in Rome;
• On 02/05/2019 he goes for final extradition.

This certificate is issued upon request and for the uses permitted by law.

Messina, 10/03/2021

THE DIRECTOR i.m.

(Dr. Nunziella DI FAZIO)



# MINISTERO DELLA GIUSTIZIA

DIPARTIMENTO AMMINISTRAZIONE PENITENZIARIA
DIREZIONE DELLA CASA CIRCONDARIALE
*Ufficio Matricola*
*Telefono 090/2381252*
*Email: matricola.cc.messina@giustizia.it*
*Pec: matricola.cc.messina@giustiziacert.it*

N. .... Tit ..../D Fasc. .... Matr. .... Lett. ....

## 002229

**Codice Messaggistica HH01**

Risposta alla lettera n ..........................
del .......................... allegati n ..........................

==================================

Messina, lì 10 marzo 2021

Allo Studio Legale
Avv. Giovambattista Freni
giovambattistafreni@pec.giuffre.it

| OGGETTO: | Trasmissione attestazione |
|---|---|
| Detenuto: | HERNANDEZ FRIERI Gustavo, nato in Colombia, il 08/03/1973.- |

Si trasmette attestazione prodotta sulla scorta degli atti di quest'ufficio.

*Fto*

**IL DIRETTORE f.m.**
**(Dott.ssa Nunziella DI FAZIO)**

c.c.

**COMANDANTE DI REPARTO**
Dirigente di Pol Pen Aff.nella C. Mach

Mod.25

MODULARIO
G.G. - AP - 15.

# Book XI
## JURISDICTIONAL RELATIONS WITH FOREIGN AUTHORITIES

### TITLE I
### GENERAL PROVISION

**Article 696**

*Primacy of conventions and general international law*

1. Extraditions, international letters rogatory, effects of foreign criminal judgments, enforcements abroad of Italian criminal judgments and other relations with foreign authorities related to the administration of justice in criminal matters are regulated by the rules of the European Convention on Mutual Assistance in Criminal Matters, signed in Strasbourg on 20 April 1959, as well as additional rules of international conventions in force in Italy and rules of general international law.

2. Unless such rules provide otherwise or if they lack, the following rules shall be followed.

### TITLE II
### EXTRADITION

#### Chapter I
#### EXTRADITION ABROAD

#### Section I
#### **Extradition procedure**

**Article 697**

*Extraditions and powers of the Minister of Justice*

1. The surrender of a person to a foreign State for the enforcement of a foreign judgment of conviction sentencing to imprisonment or of another decision limiting personal liberty shall only take place by means of extradition.

2. In case of joined requests for extradition, the Minister of Justice shall set a priority order. To this purpose, he shall consider all the circumstances of the case and, in particular, the date of receipt of the requests, the seriousness and place of commission of the offence or offences, the nationality and place of habitual residence of the requested person and the possibility of re-extradition from the requesting State to another State.

**Article 698**

*Political offences. Protection of fundamental rights of the person*

1. Extradition shall not be granted either for a political offence or if there are well-founded reasons to believe that the accused or convicted person will be subject to either persecution or discrimination on grounds of race, religion, sex, nationality, language, political opinions or social or personal conditions, or cruel, inhuman, degrading penalties or treatments, or in any case to actions which violate one of the fundamental rights of a person.

2. (...)

**Article 699**

*Specialty principle*

1. Extradition, the extension of already granted extradition and re-extradition are always granted under the express condition that the person extradited shall not be subject to either a limitation of his personal liberty due to enforcement of a sentence or a security measure, or to any other measure depriving him of his personal liberty nor shall he be surrendered to another State for a criminal act committed prior to the surrender other than that for which the extradition has been granted or extended, or for a fact for which re-extradition has been granted.

2. The provision of paragraph 1 shall not be applied if the person extradited has not left the territory of the State to which he had been surrendered within forty-five days of his final release, although he was given the possibility to do so, or if the person extradited had left the State and voluntarily returned to it.

STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto - Tn
T +39.0464.436688
F +39.0464.436648
www.canestrinilex.it

canestrinilex.com
studio legale rechtskanzlei law firm

472 CODE OF CRIMINAL PROCEDURE

3. The Minister may also decide that the extradition be subject to different conditions which he deems necessary.

4. The Minister shall monitor the compliance of both the specialty rule and other conditions that may have been imposed.

## Article 700
### Request and supporting documents

1. Extradition shall only be granted upon submission of a request which must include a copy of the decision depriving personal liberty or the judgment of conviction sentencing to imprisonment which has led to the request itself.

2. The request shall include:

a) a report on the criminal acts which the person to be extradited has been charged with, specifying the time and place of the commission of such act and their legal definition;

b) the text of the applicable legal provisions, indicating if the criminal act for which extradition has been requested is punishable with a death penalty by the foreign State and, in such case, which safeguards the requesting State provides to ensure that the penalty will not be imposed or, if already imposed, that it will not be enforced;

c) the identification data and other possible information that might determine the identity and the nationality of the person whose extradition has been requested.

## Article 701
### Jurisdictional safeguard

1. The extradition of a person accused or convicted abroad may not be granted without the favourable decision of the Court of Appeal.

2. If, however, the person accused or convicted abroad accepts the requested extradition, there is no need to obtain the decision of the Court of Appeal. The consent that may be expressed must be given in the presence of the lawyer and should be mentioned in the minutes.

3. The favourable decision of the Court of Appeal and the consent of the person do not make the extradition mandatory.

STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto -Tn
T +39.0464.436638
F +39.0464.436648
www.canestrinilex.it

CODE OF CRIMINAL PROCEDURE 473

4. The competence to decide shall belong, in the following order, to the Court of Appeal of the district where the accused or convicted person has his habitual or temporary residence or address for service when the request for extradition is forwarded to the Minister of Justice or to the Court of Appeal which ordered the temporary arrest under Article 715 or the Court of Appeal of the President who decided upon the confirmation of the arrest under Article 716. If competence cannot be established following such procedure, the Court of Appeal in Rome shall be competent.

## Article 702
### Intervention of the requesting State

1. The requesting State shall be entitled to participate in the proceedings before the Court of Appeal and the Court of Cassation, represented by a lawyer entitled to plead before the Italian judicial authority, provided that there is reciprocity.

## Article 703
### Ascertainments by the General Public Prosecutor

1. When the Minister of Justice receives a request for extradition by a foreign State, he shall forward it, together with the documents enclosed therein, to the General Public Prosecutor attached to the Court of Appeal with competence under Article 701, paragraph 4, unless he holds that the request must be rejected.

2. Unless Article 717 has already been applied, upon receiving the request, the General Public Prosecutor shall order the appearance of the person concerned before him to proceed to his identification and obtain his potential consent to extradition. The person concerned shall be assisted by a court-appointed or a retained lawyer. The lawyer is entitled to be present during the identification procedure and shall be informed about it at least twenty-four hours in advance.

3. The General Public Prosecutor shall request to the foreign authorities, through the Minister of Justice, the documentation and information he deems necessary.

4. Within three months of the date of receipt of the extradition

474                 CODE OF CRIMINAL PROCEDURE

request, the General Public Prosecutor shall submit his speech to the Court of Appeal.

5. The closing speech shall be filed with the Clerk's ( the Court of Appeal, together with the documents and th objects. The Clerk's Office shall be in charge of serving the notice of filing upon the person whose extradition is requested, his lawyer and, if present, the representative of the requesting State. Such persons are entitled to read and copy the closing speech and the documents, as well as examine the seized objects and submit briefs, within ten days.

### Article 704
#### Proceedings before the Court of Appeal

1. Upon expiry of the time limit provided for in Article 703, paragraph 5, the President of the Court shall set the hearing for the decision by means of a decree to be notified to the General Public Prosecutor and served on the person whose extradition is requested, on his lawyer and, if present, on the representative of the requesting State, at least ten days in advance, under penalty of nullity. The President of the Court shall also designate a court-appointed lawyer for the person who has no retained lawyers. Briefs may be submitted to the Clerk's Office up to five days prior to the hearing.

2. The Court shall decide, by issuing a judgment in chambers, whether the conditions for accepting the request for extradition are fulfilled, after gathering the information and ordering the ascertainments deemed necessary, as well as hearing the Public Prosecutor, the lawyer and, if present, the person whose extradition is requested and the representative of the requesting State.

3. In the event of a favourable decision on extradition, the Court, upon request of the Minister of Justice, shall order the precautionary detention in prison of the person to be extradited who is at liberty, and shall seize the *corpus delicti* and the physical items related to the offence, establishing which documents and seized objects may be delivered to the requesting State.

4. In the event of a decision against extradition, the Court shall revoke the precautionary measures applied and shall order the restitution of the seized objects.

475

CODE OF CRIMINAL PROCEDURE

### Article 705
#### Conditions for the decision

… ̶̶̶̶̶̶̶̶̶̶436648 [ ̶̶̶̶̶ ̶̶̶ance of a convention or if the convention does not ̶̶̶̶̶̶̶̶̶̶̶̶̶̶ otherwise, the Court of Appeal shall deliver a favourable judgment on extradition if there are serious indications of guilt or if a final judgment of conviction exists and, for the same criminal acts, there are no ongoing criminal proceedings against the person whose extradition is requested nor a final judgment has been delivered in Italy.

2. The Court of Appeal shall in any case deliver a judgment against extradition if:

   *a)* the person charged with the offence for which extradition has been requested has been or will be subject to proceedings which do not guarantee the protection of fundamental rights;

   *b)* extradition is requested due to enforcement of a judgment that contains provisions which do not adhere to the fundamental principles of the Italian legal system;

   *c)* there are well-founded reasons to believe that the person will be subject to actions, penalties or treatments referred to in Article 698, paragraph 1.

### Article 706
#### Appeal to the Court of Cassation

1. An appeal may be lodged with the Court of Cassation against the judgment of the Court of Appeal, also based on the merits of the case, by the person concerned, his lawyer, the General Public Prosecutor and the representative of the requesting State.

2. The provisions of Article 704 shall apply during the trial before the Court of Cassation.

### Article 707
#### Renewal of request for extradition

1. The judgment against extradition shall preclude the delivery of a subsequent favourable judgment after submission of another request by the same State for the same criminal acts, unless the

canestrinilex.com
studio legale rechtsanwaltei law firm
www.canestrinilex.com

request is based on elements which have not been assessed by the judicial authority.

Article 708
Extradition decision. Surrender

1. The Minister of Justice shall decide on extradition within forty-five days of receipt of the minutes recording the consent to extradition or the notice of expiry of the time limit for the application for appellate remedies or the filing of the judgment of the Court of Cassation.

2. If the time limit expires without the Minister issuing decision, the person whose extradition has been requested, if detained, shall be released.

3. The same person shall also be released if his extradition rejected.

4. The Minister of Justice shall promptly notify the requesting State of the decision and, if the latter is positive, of the place of surrender and the date from which extradition can take place, also giving detailed indications on the limitations of personal liberty to which the person to be extradited has been subject for the purposes of extradition.

5. The time limit for the surrender shall be of fifteen days from the date set under paragraph 4 and, upon reasoned request by the requesting State, may be extended for an additional twenty days.

6. The decision regarding the extradition shall lose effectiveness if, within the set time limit, the requesting State does not take over the person to be extradited. In such case, the latter shall be released.

Article 709
Suspension of surrender. Temporary surrender. Enforcement abroad

1. The enforcement of extradition shall be suspended if the person to be extradited must be prosecuted in the Italian territory or must serve a sentence for offences committed before or after that for which extradition has been granted. The Minister of Justice,

STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto - Tn
T +39.0464.436868
F +39.0464.436648
www.canestrinilex.it

after hearing the judicial authority with competence for the ongoing proceedings in Italy or for the enforcement of the sentence, may proceed to the temporary surrender to the requesting State of the person to be extradited who has been accused there, agreeing on time limits and procedure.

2. The Minister of Justice may also agree that the sentence to be served be enforced in the requesting State, provided that the provisions of Chapter II of Title IV are observed.

Article 710
Extension of granted extradition

1. In the case of a new request for extradition, submitted after the surrender of the person extradited and concerning a criminal act that was committed prior to the surrender and was other than that for which extradition has already been granted, the provisions of this Chapter shall be observed, provided they are applicable. The request shall enclose the statements of the person concerned rendered before a judge of the requesting State and regarding the requested extension of the extradition.

2. The Court of Appeal shall decide on the aforementioned extension without the presence of the person concerned.

3. The trial before the Court of Appeal shall not take place if the person extradited has agreed to the requested extension by means of the statements provided for in paragraph 1.

Article 711
Re-extradition

1. The provisions of Article 710 shall apply also if the State to which the person has been surrendered requests the consent for the re-extradition of the same person to a different State.

Article 712
Transit

1. The transit through the Italian territory of a person extradited from one State to another shall be authorised, upon

request of the latter, by the Minister of Justice, unless the transit compromises the sovereignty, security or other essential interests of Italy.

2. The transit shall not be authorised if:

*a)* the extradition has been granted for criminal acts which are not deemed offences by the Italian law;

*b)* one of the cases provided for in Article 698, paragraph 1 or paragraph 2, arises, if the requesting State does not guarantee that the death penalty will not be imposed or, if already imposed, that it will not be enforced;

*c)* the person concerned is an Italian citizen and his extradition to the State which requests the transit could not be granted.

3. Unless the person extradited has given his consent to the transit by means of a statement rendered before the judicial authority of the State which granted extradition, the authorisation shall not be granted unless a favourable decision is issued by the Court of Appeal. To this purpose, the Minister of Justice shall forward the request and the enclosed documents to the General Public Prosecutor attached to the Court of Appeal. The Court shall decide in chambers without the presence of the person concerned, in compliance with Article 704, paragraphs 1 and 2. The provisions of Article 706, paragraph 1, shall also be observed. The competence to decide shall in any case belong to the Court of Appeal in Rome.

4. The authorisation shall not be requested if the transit takes place by air and no stopover in the Italian territory is envisaged. In case of a stopover, the provisions of the previous paragraphs and those of Section II of this Chapter shall be observed, provided they are applicable.

### Article 713
*Security measures imposed on the person extradited*

1. The security measures applied to the person dismissed or convicted in Italy who is subsequently extradited shall be enforced when he returns for any cause to the Italian territory, following a new ascertainment of his social dangerousness.

### Section II
### Precautionary measures

### Article 714
*Coercive measures and seizure*

... person whose extradition is requested may, at any time, be subject to coercive measures, upon request of the Minister of Justice. Similarly, the seizure of the *corpus delicti* and the physical items related to the offence for which extradition is requested may be ordered at any time.

2. The provisions of Title I of Book IV regarding coercive measures shall be observed, if applicable, with the exception of those of Articles 273 and 280, as well as the provisions of Chapter III of Title III of Book III. When applying coercive measures, the need to guarantee that the person whose extradition is requested avoids a potential surrender shall be taken into account.

3. The coercive measures and the seizure shall in no case be ordered if there are well-founded reasons to believe that the conditions for a favourable judgment on extradition are not met.

4. The coercive measures shall be revoked if one year has lapsed since their enforcement without the Court of Appeal delivering a favourable judgment on extradition or, in the case of an appeal in Cassation against that judgment, one year and six months without the proceedings terminating before the judicial authority. Upon request of the General Public Prosecutor, such time limits may be extended, also more than once, for a total period not exceeding a maximum term of three months, if it is necessary to perform particularly complex ascertainments.

5. The competence to follow the provisions of the previous paragraphs shall belong to the Court of Appeal or, during the proceedings before the Court of Cassation, to the Court of Cassation itself.

### Article 715
*Temporary application of precautionary measures*

1. Upon request of the foreign State and a reasoned request of

STUDIO LEGALE CANESTRINI

Piazza Podestà, 10
38068 Rovereto –Tn
T +39.0464.436688
F +39.0464.436648
www.canestrinilex.it

the Minister of Justice, the Court of Appeal may temporarily order a coercive measure before the request for extradition is received.

2. The measure may be ordered if:

*a)* the foreign State has declared that, against the person concerned, it has issued a decision restricting his personal liberty or a judgment of conviction sentencing him to imprisonment and that it intends to apply for extradition;

*b)* the foreign State has described the criminal acts, specified the offence and the elements necessary to identify precisely the person;

*c)* there is a risk of flight.

3. The competence to decide upon the measure to be taken shall belong, in the following order, to the Court of Appeal of the district where the person has his habitual or temporary residence or address for service or the Court of Appeal of the district where the person is located. If competence cannot be established following such procedure, the Court of Appeal in Rome shall be competent.

4. The Court of Appeal may also order the seizure of the *corpus delicti* and the physical items related to the offence.

5. The Minister of Justice shall immediately inform the foreign State that the coercive measure and the possible seizure have been temporarily applied.

6. The precautionary measures shall be revoked if, within forty days of the aforementioned notification, the Ministry of Foreign Affairs or the Ministry of Justice does not receive the request for extradition and the documents provided for in Article 700.

### Article 716
*Arrest by criminal police*

1. In cases of urgency, the criminal police may arrest a person against whom an application for temporary arrest has been submitted, if the conditions provided for in Article 715, paragraph 2, apply. The criminal police shall also decide upon the seizure of the *corpus delicti* and the physical items related to the offence.

2. The authority which carried out the arrest shall immediately inform the Minister of Justice and, without delay, within a maximum term of forty-eight hours, shall put the arrested person at the disposal of the President of the Court of Appeal of the district

where the arrest has taken place, by forwarding the related minutes.

3. If the President of the Court of Appeal does not order the release of the arrested person, he shall confirm the arrest by means of an order within ninety-six hours of the arrest, ordering the application of a coercive measure. The President of the Court of Appeal shall immediately inform the Minister of Justice of the decision adopted.

4. The coercive measure shall be revoked if the Minister of Justice does not request its continuation within ten days of the confirmation.

5. The provisions of Article 715, paragraph 5 and 6, shall apply.

### Article 717
*Examination of the person subject to a coercive measure*

1. If a coercive measure has been applied under Articles 714, 715 and 716, the President of the Court of Appeal shall proceed to the identification of the person and shall obtain his potential consent to extradition, mentioning it in the minutes, without delay and in any case within five days of the enforcement of the measure or its confirmation, as provided for in Article 716.

2. In order to decide upon the required actions provided for in paragraph 1, the President of the Court of Appeal shall invite the person concerned to appoint a retained lawyer. If the person concerned does not appoint a retained lawyer, the President of the Court shall designate a court-appointed lawyer under Article 97, paragraph 3. The lawyer shall be informed, at least twenty-four hours in advance, of the date set for the aforementioned actions and shall be entitled to participate.

### Article 718
*Revocation and substitution of measures*

1. The revocation and substitution of the measures provided for in the previous Articles shall be ordered in chambers by the Court of Appeal or, during the proceedings before the Court of Cassation, by the Court of Cassation itself.

STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto (TN)
T +39.0464.436608
F +39.0464.436607
www.canestrini.it

482     CODE OF CRIMINAL PROCEDURE

2. The revocation shall always be ordered if required by the Minister of Justice.

### Article 719
*Appellate remedies against the decisions on precautionary measures*

1. A copy of the decisions issued by the President of the Court of Appeal or by the Court of Appeal under the provisions of the previous Articles shall be notified and served, after their enforcement, on the General Public Prosecutor attached to the Court of Appeal, the person concerned and his lawyer, who may lodge an appeal in Cassation for breach of law.

### Chapter II
EXTRADITION FROM ABROAD

### Article 720
*Request for extradition*

1. The Minister of Justice shall have the competence to request to a foreign State the extradition of an accused or convicted person against whom a decision depriving his personal liberty shall be enforced. To this purpose, the General Public Prosecutor attached to the Court of Appeal of the district in which the proceedings are ongoing or where the judgment of conviction has been delivered shall request the extradition to the Minister of Justice, forwarding him the necessary documents and documentary evidence.

2. The extradition may be requested upon initiative of the Minister of Justice himself.

3. The Minister of Justice may decide not to request extradition or to postpone the request, informing the requesting judicial authority.

4. The Minister of Justice shall have the competence to decide upon the acceptance of the conditions that might be imposed by the foreign State to grant extradition, provided that they do not conflict with the fundamental rights of the Italian legal system. The judicial authority shall be bound to respect the accepted conditions.

STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto -Tn
T +39.0464.436688
F +39.0464.436648
www.canestrinilex.it

483     CODE OF CRIMINAL PROCEDURE

5. The Minister of Justice may order, for the purposes of extradition, searches abroad for the accused or convicted person and request his temporary arrest.

### Article 721
*Specialty principle*

1. The person extradited shall not be subject to either a limitation of his personal liberty due to enforcement of a sentence or a security measure, or to any other measure depriving him of his personal liberty for a criminal act that was committed prior to the surrender and was other than that for which extradition has already been granted, unless there is the express consent of the foreign State or the person extradited has not left the Italian territory within forty-five days of his final release, although he was given the possibility to do so, or if the person extradited had left the State and voluntarily returned to it.

### Article 722
*Precautionary detention abroad*

1. The precautionary detention imposed abroad following a request for extradition submitted by the State shall be calculated only to the effects of the total length provided for in Article 303, paragraph 4, without prejudice to the provision of Article 304, paragraph 4.

### TITLE III
INTERNATIONAL LETTERS ROGATORY

### Chapter I
LETTERS ROGATORY FROM ABROAD

### Article 723
*Powers of the Minister of Justice*

1. The Minister of Justice shall order the enforcement of a letter rogatory by a foreign authority for notifications, services and

the gathering of evidence, unless he holds that the actions required compromise the sovereignty, security or other essential interests of the State.

2. The Minister shall not order the enforcement of a letter rogatory when it is proven that the actions required are expressly banned by the law or do not adhere to the fundamental rights of the Italian legal system. The Minister shall not enforce a letter rogatory also when there are well-founded reasons to believe that prejudices on account of race, religion, sex, nationality, language, political opinions or personal or social conditions have affected the development or outcome of the trial and the accused person has not freely given his consent to the letter rogatory.

3. If the letter rogatory concerns the summons of a witness, an expert or an accused person before the foreign judicial authority, the Minister of Justice shall not enforce the letter rogatory when the requesting State does not provide enough safeguards for the protection of the summoned person.

4. The Minister of Justice is also entitled to interrupt the letter rogatory if the requesting State does not provide enough safeguards of reciprocity.

## Article 724
### *Jurisdictional proceedings*

1. With the exception of the cases provided for in Articles 726 and 726-*ter*, the letter rogatory shall not be enforced by the foreign authority without a prior favourable decision by the Court of Appeal of the place where the actions required shall be carried out.

1-*bis*. If the request for judicial assistance concerns actions which shall be enforced in several districts of the Court of Appeal, such request shall be forwarded directly to the foreign authority or, through the Minister of Justice or another Italian judicial authority that may have been involved, to the Court of Cassation, which decides which Court of Appeal is competent following the provisions of Articles 32, paragraph 1, and 127, provided such provisions are compatible. The decision shall also be taken considering the number and types of actions to be carried out as well as their importance, with reference to the location of the

various courts concerned. The notice referred to in Article 127, paragraph 1, shall be notified exclusively to the General Public Prosecutor attached to the Court of Cassation. The Court of Cassation shall forward the case file to the appointed Court of Appeal, notifying the Minister of Justice of the decision.

2. After receiving the documents from the Minister of Justice, the General Public Prosecutor shall deliver his own closing speech before the Court of Appeal and forward without delay a copy of the letters rogatory of the foreign authority concerning the crimes referred to in Article 51, paragraph 3-*bis*, to the National Anti-Mafia Prosecutor.

3. The President of the Court shall set the date of the hearing and inform the General Public Prosecutor.

4. The Court shall enforce the letter rogatory by means of an order.

5. The enforcement of the letter rogatory shall be rejected if:

*a)* the actions required are banned by the law or do not adhere to the principles of the Italian legal system;

*b)* the criminal act prosecuted by the foreign authority is not deemed an offence by the Italian law and the accused person has not freely given his consent to the letter rogatory;

*c)* there are well-founded reasons to believe that prejudices on account of race, religion, sex, nationality, language, political opinions or personal or social conditions have affected the development or outcome of the trial and the accused person has not freely given his consent to the letter rogatory.

5-*bis*. The enforcement of the letter rogatory shall be suspended if the latter may compromise ongoing investigations or criminal proceedings in Italy.

## Article 725
### *Enforcement of letters rogatory*

1. While ordering the enforcement of a letter rogatory, the Court shall delegate one of his members or the preliminary investigation judge of the place where the actions shall be carried out.

2. The rules of this Code shall apply while carrying out the

STUDIO LEGALE
CANESTRINI
Piazza Podestà, 9
38068 Rovereto (TN)
T +39.0464.436648
F +39.0464.436648
www.canestrinilex.com

canestrinilex.com
studio legale penale internazionale law firm

486    CODE OF CRIMINAL PROCEDURE

actions required, provided that compliance with the procedures expressly required by the foreign judicial authority does not conflict with the principles of the Italian legal system.

### Article 726
*Summons of witnesses upon request of foreign authorities*

1. The summons of witnesses having their habitual or temporary residence in the Italian territory, requested by a foreign judicial authority, shall be forwarded to the Public Prosecutor of the Republic of the place where it must be enforced, who shall serve it under Article 167.

### Article 726-bis
*Direct service on the person concerned*

1. If international conventions or agreements allow direct service on the person concerned by means of postal mail and such service is not used, also the request for service by the foreign judicial authority on the accused having his habitual or temporary residence in the Italian territory shall be forwarded to the Public Prosecutor of the Republic of the place where it must be enforced, who shall serve it under the provisions of Articles 156, 157 and 158.

### Article 726-ter
*Letters rogatory by foreign administrative authorities*

1. If an international agreement envisages the submission of the request for judicial assistance in proceedings concerning an offence also by a foreign administrative authority, the preliminary investigation judge of the place where the requested actions must be carried out shall decide on the letter rogatory, upon request of the Public Prosecutor of the Republic. The provisions of Articles 724, paragraphs 5 and 5-bis, and 725, paragraph 2, shall apply.

---

CODE OF CRIMINAL PROCEDURE    487

## Chapter II
### LETTERS ROGATORY ABROAD

### Article 727
*Forwarding of letters rogatory to foreign authorities*



STUDIO LEGALE CANESTRINI

Piazza Podestà, 10
38068 Rovereto - Trento (Italy)
T +39.0464.436688
F +39.0464.436688
www.canestrinilex.com

1. The letters rogatory which are issued by courts and Public Prosecutors and addressed, within their respective assignments, to foreign authorities for notifications, services and the gathering of evidence, shall be forwarded to the Minister of Justice, who shall send them to their addressees by diplomatic means.

2. Within thirty days of receipt of the letter rogatory, the Minister shall order by decree the non-enforcement of the letter rogatory if he believes it may compromise the security or any other fundamental interests of the State.

3. The Minister shall inform the requesting judicial authority of the date of receipt of the request and of the dispatch of the letter rogatory or decree provided for in paragraph 2.

4. If the letter rogatory has not been forwarded by the Minister within thirty days of receipt and no decree provided for in paragraph 2 has been issued, the judicial authority may directly send the letter rogatory to the diplomatic or consular agent and shall inform the Minister of Justice.

5. In cases of urgency, the judicial authority shall forward the letter rogatory according to paragraph 4, after the Minister of Justice has received a copy of such letter. The provision of paragraph 2 shall in any case be applied until the letter rogatory is forwarded by the diplomatic or consular agent to the foreign authority.

5-bis. Whenever the letter rogatory may be enforced according to Italian law procedures, pursuant to international agreements, the judicial authority shall specify in the letter, the procedure and the necessary requirements for the requested documents to be used at trial.

5-ter. In any case, a copy of the letters rogatory issued by Public Prosecutor magistrates and drawn up during proceedings related to the crimes referred to in Article 51, paragraph 3-bis, shall be forwarded to the National Anti-Mafia Prosecutor without delay.

CODE OF CRIMINAL PROCEDURE

### Article 728
*Temporary immunity of the summoned person*

1. If the letter rogatory concerns the summons of a witness, an expert or an accused person appearing before an Italian judicial authority, the summoned person appearing before the court shall not be deprived of his liberty as a consequence of the enforcement of a sentence or security measure nor shall he be subject to other measures depriving him of his liberty for criminal acts prior to the service of the summons.

2. The immunity provided for in paragraph 1 shall cease if the witness, the expert or the accused person has not left the Italian territory within fifteen days from the moment when his presence is no longer required by the judicial authority, although he was given the possibility to do so, or he had left the State and voluntarily returned to it.

### Article 729
*Use at trial of documents gathered by letter rogatory*

1. The breach of the rules referred to in Article 696, paragraph 1, concerning the gathering or forwarding of documents or other means of evidence following a letter rogatory abroad shall result in the exclusion of the gathered or forwarded documents or means of evidence. If the foreign State has imposed conditions on the possible use of the requested documents, the judicial authority is obliged to comply with such conditions.

1-*bis*. If the foreign State enforces the letter rogatory following a different procedure to that specified by the judicial authority according to Article 727, paragraph 5-*bis*, the evidence forwarded by the foreign authority shall not be used.

1-*ter*. The statements concerning the content of the documents which are unusable according to paragraphs 1 and 1-*bis* shall in no case be used, irrespective of the person who made them.

2. The provision of Article 191, paragraph 2, shall be applied.



STUDIO LEGALE
CANESTRINI
Piazza Podestà, 10
38068 Rovereto -Tn
T +39.0464.436688
F +39.0464.436648
www.canestrinilex.it

CODICE DI PROCEDURA PENALE

Parte Prima

all'imputato di dichiarare all'autorità di polizia gli orari e i luoghi in cui sarà quotidianamente reperibile per i necessari controlli, con obbligo di comunicare preventivamente alla stessa autorità le eventuali variazioni dei luoghi e degli orari predetti.

4. Il giudice può, anche con separato provvedimento, prescrivere all'imputato di non allontanarsi dall'abitazione in alcune ore del giorno, senza pregiudizio per le normali esigenze di lavoro.

5. Nel determinare i limiti territoriali delle prescrizioni, il giudice considera, per quanto è possibile, le esigenze di alloggio, di lavoro e di assistenza dell'imputato. Quando si tratta di persona tossicodipendente o alcooldipendente che abbia in corso un programma terapeutico di recupero nell'ambito di una struttura autorizzata, il giudice stabilisce i controlli necessari per accertare il programma di recupero prosegua.

6. Dei provvedimenti del giudice è data in ogni caso immediata comunicazione all'autorità di polizia competente, che ne vigila l'osservanza e fa rapporto al pubblico ministero di ogni infrazione.

**Art. 284. Arresti domiciliari.**

1. Con il provvedimento che dispone gli arresti domiciliari, il giudice prescrive all'imputato di non allontanarsi dalla propria abitazione o da altro luogo di privata dimora ovvero da un luogo pubblico di cura o di assistenza.

2. Quando è necessario, il giudice impone limiti o divieti alla facoltà dell'imputato di comunicare con persone diverse da quelle che con lui coabitano o che lo assistono.

3. Se l'imputato non può altrimenti provvedere alle sue indispensabili esigenze di vita ovvero versa in situazione di assoluta indigenza, il giudice può autorizzarlo ad assentarsi nel corso della giornata dal luogo di arresto per il tempo strettamente necessario per provvedere alle suddette esigenze ovvero per esercitare una attività lavorativa.

4. Il pubblico ministero o la polizia giudiziaria, anche di propria iniziativa, possono controllare in ogni momento l'osservanza delle prescrizioni imposte all'imputato.

5. L'imputato agli arresti domiciliari si considera in stato di custodia cautelare.

5-bis. Non possono essere, comunque, concessi gli arresti domiciliari a chi sia stato condannato per il reato di evasione nei cinque anni precedenti al fatto per il quale si procede. A tale fine il giudice assume nelle forme più rapide le relative notizie. (¹) (²)

(1) Comma aggiunto dall'art. 16, comma 4, del D.L. 24 novembre 2000, n. 341, convertito con modificazioni, nella L. 19 gennaio 2001, n. 4.
(2) Comma così sostituito dall'art. 5 della L. 26 marzo 2001, n. 128.

**Art. 285. Custodia cautelare in carcere.**

1. Con il provvedimento che dispone la custodia cautelare, il giudice ordina agli ufficiali e agli agenti di polizia giudiziaria che l'imputato sia catturato e immediatamente condotto in un istituto di custodia per rimanervi a disposizione dell'autorità giudiziaria.

2. Prima del trasferimento nell'istituto o custodia sottoposta a custodia cautelare non può subire limitazione della libertà, se non per il tempo e con le modalità strettamente necessarie alla sua traduzione.

3. Per determinare la pena da eseguire, la custodia cautelare subita si computa a norma dell'articolo 657, anche quando si tratti di custodia cautelare subita all'estero in conseguenza di una domanda di estradizione ovvero nel caso di rinnovamento del giudizio a norma dell'articolo 11 del codice penale.

**Art. 286. Custodia cautelare in luogo di cura.**

1. Se la persona da sottoporre a custodia cautelare si trova in stato di infermità di mente che ne esclude o ne diminuisce grandemente la capacità di intendere o di volere, il giudice, in luogo della custodia in carcere, può disporre il ricovero provvisorio in idonea struttura del servizio psichiatrico ospedaliero, adottando i provvedimenti necessari per prevenire il pericolo di fuga. Il ricovero non può essere mantenuto quando risulta che l'imputato non è più infermo di mente.

2. Si applicano le disposizioni dell'articolo 285 commi 2 e 3.

**Art. 286-bis. Divieto di custodia cautelare. (¹)**

(...) (¹)

2. Con decreto del Ministro della sanità, da adottare di concerto con il Ministro di grazia e giustizia, sono definiti i casi di AIDS conclamata o di grave deficienza immunitaria e sono stabilite le procedure diagnostiche e medico-legali per il loro accertamento.

3. Quando ricorrono esigenze diagnostiche al fine di accertare la sussistenza delle condizioni di salute di cui all'articolo 275, comma 4-bis, ovvero esigenze terapeutiche nei confronti di persona che si trovi in tali condizioni, se tali esigenze non possono essere soddisfatte nell'ambito penitenziario, il giudice può disporre il ricovero provvisorio in idonea struttura del Servizio sanitario nazionale per il tempo necessario, adottando, ove occorra, i provvedimenti idonei a evitare il pericolo di fuga. Cessate le esigenze di ricovero, il giudice provvede a norma dell'articolo 275.

(1) Comma abrogato dall'art. 3, L. 12 luglio 1999, n. 231. Si riporta il testo del comma abrogato: "1. Non può essere mantenuta la custodia cautelare in carcere nei confronti di chi sia affetto da infezione da HIV e ricorra una situazione di incompatibilità con lo stato di detenzione. L'incompatibilità sussiste, ed è dichiarata dal giudice, nei casi di AIDS conclamata o di grave deficienza immunitaria; negli altri casi l'incompatibilità per infezione da HIV è valutata dal giudice tenendo conto del periodo residuo di custodia cautelare e degli effetti che sulla pericolosità del detenuto hanno le

dell'esecuzione. Il pubblico ministero provvede analogamente quando l'istanza presentata è inammissibile ai sensi degli articoli 90 e seguenti del testo unico di cui al decreto del Presidente della Repubblica 9 ottobre 1990, n. 309, e successive modificazioni, nonché, nelle more della decisione del tribunale di sorveglianza, quando il programma di recupero di cui all'articolo 94 del medesimo testo unico non risulta iniziato entro cinque giorni dalla data di presentazione della relativa istanza o risulta interrotto . A tal fine il pubblico ministero, nel trasmettere l'istanza al tribunale di sorveglianza, dispone gli opportuni accertamenti.

8-bis. Quando è provato o appare probabile che il condannato non abbia avuto effettiva conoscenza dell'avviso di cui al comma 5, il pubblico ministero può assumere, anche presso il difensore, le opportune informazioni, all'esito delle quali può disporre la rinnovazione della notifica.

9. La sospensione dell'esecuzione di cui al comma 5 non può essere disposta:

a) nei confronti dei condannati per i delitti di cui all'articolo 4-bis della legge 26 luglio 1975, n. 354, e successive modificazioni, nonché di cui agli articoli 423-bis, 624, quando ricorrono due o più circostanze tra quelle indicate dall'articolo 625, 624-bis del codice penale, e per i delitti in cui ricorre l'aggravante di cui all'articolo 61, primo comma, numero 11-bis, del medesimo codice, (¹) fatta eccezione per coloro che si trovano agli arresti domiciliari disposti ai sensi dell'articolo 89 del testo unico di cui al decreto del Presidente della Repubblica 9 ottobre 1990, n. 309, e successive modificazioni;

b) nei confronti di coloro che, per il fatto oggetto della condanna da eseguire, si trovano in stato di custodia cautelare in carcere nel momento in cui la sentenza diviene definitiva;

c) nei confronti dei condannati ai quali sia stata applicata la recidiva prevista dall'articolo 99, quarto comma, del codice penale».

10. Nella situazione considerata dal comma 5, se il condannato si trova agli arresti domiciliari per il fatto oggetto della condanna da eseguire, il pubblico ministero sospende l'esecuzione dell'ordine di carcerazione e trasmette gli atti senza ritardo al tribunale di sorveglianza perché provveda alla eventuale applicazione di una delle misure alternative di cui al comma 5. Fino alla decisione del tribunale di sorveglianza, il condannato permane nello stato detentivo nel quale si trova e il tempo corrispondente è considerato come pena espiata a tutti gli effetti. Agli adempimenti previsti dall'articolo 47-ter della legge 26 luglio 1975, n. 354, e successive modificazioni, provvede in ogni caso il magistrato di sorveglianza.

(1) Parole inserite dall'art. 2, comma 1, lett. m) del D.L. 23 maggio 2008, n. 92, convertito con modificazioni nella L. 24 luglio 2008, n. 125.

### Art. 657. Computo della custodia cautelare e delle pene espiate senza titolo.

1. Il pubblico ministero, nel determinare la pena detentiva da eseguire, computa il periodo di custodia cautelare subita per lo stesso o per altro reato, anche se la custodia è ancora in corso. Allo stesso modo procede in caso di applicazione provvisoria di una misura di sicurezza detentiva, se questa non è stata applicata definitivamente.

2. Il pubblico ministero computa altresì il periodo di pena detentiva espiata per un reato diverso, quando la relativa condanna è stata revocata, quando per il reato è stata concessa amnistia o quando è stato concesso indulto, nei limiti dello stesso.

3. Nei casi previsti dai commi 1 e 2, il condannato può chiedere al pubblico ministero che i periodi di custodia cautelare e di pena detentiva espiata, operato il ragguaglio, siano computati per la determinazione della pena pecuniaria o della sanzione sostitutiva da eseguire; nei casi previsti dal comma 2, può altresì chiedere che le sanzioni sostitutive espiate siano computate nelle sanzioni sostitutive da eseguire per altro reato.

4. In ogni caso sono computate soltanto la custodia cautelare subita o le pene espiate dopo la commissione del reato per il quale deve essere determinata la pena da eseguire.

5. Il pubblico ministero provvede con decreto, che deve essere notificato al condannato e al suo difensore.

### Art. 658. Esecuzione delle misure di sicurezza ordinate con sentenza.

1. Quando deve essere eseguita una misura di sicurezza, diversa dalla confisca, ordinata con sentenza, il pubblico ministero presso il giudice indicato nell'articolo 665 trasmette gli atti al pubblico ministero presso il magistrato di sorveglianza competente per i provvedimenti previsti dall'articolo 679. Le misure di sicurezza di cui sia stata ordinata l'applicazione provvisoria a norma dell'articolo 312 sono eseguite dal pubblico ministero presso il giudice che ha emesso il provvedimento, il quale provvede a norma dell'articolo 659 comma 2.

### Art. 659. Esecuzione di provvedimenti del giudice di sorveglianza.

1. Quando a seguito di un provvedimento del giudice di sorveglianza deve essere disposta la carcerazione o la scarcerazione del condannato, il pubblico ministero che cura l'esecuzione della sentenza di condanna emette ordine di esecuzione con le modalità previste dall'articolo 656 comma 4. Tuttavia, nei casi di

Stampa DeJure



BANCHE DATI EDITORIALI GFL

---

| CODICI |

**Codice di Procedura Penale - 22/09/1988, n.447**
**Gazzetta Ufficiale:** 24/10/1988, n.250
**Vigente**

---

### EPIGRAFE

---

Codice di procedura penale, approvato con D.P.R. 22 settembre 1988, n. 447 (1).

*(1) Il D.P.R. 22 settembre 1988, n. 447, pubblicato nel Supplemento ordinario n. 1 alla G.U. n. 250 del 24 ottobre 1988, consta di due articoli, rispettivamente così formulati: «È approvato il testo del Codice di procedura penale allegato al presente decreto»; «Le disposizioni del nuovo codice di procedura penale entrano in vigore un anno dopo la loro pubblicazione nella Gazzetta Ufficiale».*

### PARTE SECONDA

### LIBRO UNDICESIMO

#### Rapporti giurisdizionali con autorità straniere

### TITOLO II

**Estradizione (1)(1) V., in tema di mandato d'arresto europeo e procedure di consegna tra Stati membri, la l. 22 aprile 2005, n. 69.**

### CAPO I

#### Estradizione per l'estero

### SEZIONE I

#### Procedimento

### Articolo 704

#### Procedimento davanti alla corte di appello.

---

1. Scaduto il termine previsto dall'articolo 703, comma 5, il presidente della corte fissa l'udienza per la decisione, con decreto da comunicarsi [153] al procuratore generale e da notificarsi alla persona della quale è richiesta l'estradizione, al suo difensore [703$^2$] e all'eventuale rappresentante dello Stato richiedente [702], almeno dieci giorni prima [172$^5$], a pena di nullità. Provvede inoltre a designare un difensore di ufficio alla persona che ne sia priva [97] e, ove necessario, nomina un interprete. Fino a cinque giorni prima dell'udienza possono essere presentate memorie in cancelleria (1).

2. La corte decide con sentenza in camera di consiglio, entro sei mesi dalla presentazione della requisitoria, sull'esistenza delle condizioni per l'accoglimento della domanda di estradizione, dopo aver assunto le informazioni e disposto gli

accertamenti ritenuti necessari, sentiti il pubblico ministero, il difensore e, se compaisi, la persona della quale è richiesta l'estradizione e il rappresentante dello Stato richiedente (2) .

3. Quando la decisione e' favorevole all'estradizione, la corte, se vi e' richiesta del Ministro della giustizia, dispone la custodia cautelare in carcere della persona da estradare che si trovi in liberta'. Provvede, altresi', al sequestro del corpo del reato e delle cose pertinenti, stabilendo quali devono essere consegnati allo Stato richiedente (3) .

4. Quando la decisione è contraria all'estradizione, la corte revoca le misure cautelari applicate e dispone in ordine alla restituzione delle cose sequestrate [262, 263].

[1] L'articolo 4, comma 1, lettera e), numero 1), del d.lgs. 3 ottobre 2017, n. 149, ha aggiunto, al secondo periodo del presente comma, le seguenti parole: «e, ove necessario, nomina un interprete»;

[2] L'articolo 4, comma 1, lettera e), numero 2), del d.lgs. 3 ottobre 2017, n. 149, ha inserito al presente comma, le parole  «, entro sei mesi dalla presentazione della requisitoria,» dopo le parole: «in camera di consiglio;» ha sostituito le parole «, sentiti» alle parole «e dopo aver sentito» e ha sostituito le parole «se comparsi» alle parole «se compaiono».

[3] Comma sostituito dall'articolo 4, comma 1, lettera e), numero 3), del d.lgs. 3 ottobre 2017, n. 149. Il testo precedente era il seguente: «Quando la decisione è favorevole all'estradizione, la corte, se vi è richiesta del ministro di grazia e giustizia, dispone la custodia cautelare in carcere della persona da estradare che si trovi in libertà e provvede al sequestro del corpo del reato e delle cose pertinenti al reato, stabilendo quali documenti e cose sequestrate possono essere consegnati allo Stato richiedente.» Precedentemente, ai sensi del d.lgs. 30 luglio 1999, n. 300, come da ultimo modificato dal d.l. 18 maggio 2006, n. 181, conv., con modif., in l. 17 luglio 2006, n. 233, la denominazione «ministro di grazia e giustizia» era da intendersi «ministro della giustizia».

GIOVAMBATTISTA FRENI                          © Copyright Giuffrè Francis Lefebvre S.p.A. 2019                          12/02/2019

12/2/2019                                                                                    Stampa DeJure



BANCHS DATI EDITORIALI GFL

---

CODICI

**Codice di Procedura Penale - 22/09/1988, n.447**
**Gazzetta Ufficiale:** 24/10/1988, n.250
**Vigente**

---

## EPIGRAFE

---

Codice di procedura penale, approvato con D.P.R. 22 settembre 1988, n. 447 (1).

*(1) Il D.P.R. 22 settembre 1988, n. 447, pubblicato nel Supplemento ordinario n. 1 alla G.U. n. 250 del 24 ottobre 1988, consta di due articoli, rispettivamente così formulati: «È approvato il testo del Codice di procedura penale allegato al presente decreto»; «Le disposizioni del nuovo codice di procedura penale entrano in vigore un anno dopo la loro pubblicazione nella Gazzetta Ufficiale».*

### PARTE SECONDA

### LIBRO UNDICESIMO

#### Rapporti giurisdizionali con autorità straniere

### TITOLO II

**Estradizione (1)(1) V., in tema di mandato d'arresto europeo e procedure di consegna tra Stati membri, la l. 22 aprile 2005, n. 69.**

### CAPO I

#### Estradizione per l'estero

### SEZIONE I

#### Procedimento

### Articolo 706

#### Ricorso per cassazione.

---

1. Contro la sentenza della corte di appello [712[3]] può essere proposto ricorso per cassazione [606; 203 att.], anche per il merito, dalla persona interessata, dal suo difensore, dal procuratore generale e dal rappresentante dello Stato richiedente [702]. La corte decide entro sei mesi dal ricevimento del ricorso (1) .

2. Nel giudizio davanti alla corte di cassazione si applicano le disposizioni dell'articolo 704.

[1] L'art. 4, comma 1. lettera g), del d.lgs. 3 ottobre 2017, n. 149 ha inserito, dopo il primo periodo, il seguente: «La corte decide entro sei mesi dal ricevimento del ricorso.».

---

12/2/2019                                                                Stampa DeJure



BANCHE DATI EDITORIALI GFL

---

CODICI

**Codice di Procedura Penale - 22/09/1988, n.447**
**Gazzetta Ufficiale:** 24/10/1988, n.250
**Vigente**

---

### EPIGRAFE

Codice di procedura penale, approvato con D.P.R. 22 settembre 1988, n. 447 (1).

*(1) Il D.P.R. 22 settembre 1988, n. 447, pubblicato nel Supplemento ordinario n. 1 alla G.U. n. 250 del 24 ottobre 1988, consta di due articoli, rispettivamente così formulati: «È approvato il testo del Codice di procedura penale allegato al presente decreto»; «Le disposizioni del nuovo codice di procedura penale entrano in vigore un anno dopo la loro pubblicazione nella Gazzetta Ufficiale».*

### PARTE SECONDA

### LIBRO UNDICESIMO

#### Rapporti giurisdizionali con autorità straniere

### TITOLO II

**Estradizione (1)(1) V., in tema di mandato d'arresto europeo e procedure di consegna tra Stati membri, la l. 22 aprile 2005, n. 69.**

### CAPO I

#### Estradizione per l'estero

### SEZIONE I

#### Procedimento

### Articolo 708

#### Provvedimento di estradizione. Consegna.

1. Il Ministro della giustizia decide in merito all'estradizione entro quarantacinque giorni dalla ricezione del verbale che dà atto del consenso all'estradizione [701², 703²] ovvero dalla notizia della scadenza del termine per l'impugnazione [706] o dal deposito della sentenza della corte di cassazione [203 att.] (1) .

2. Scaduto tale termine senza che sia intervenuta la decisione del ministro, la persona della quale è stata chiesta l'estradizione, se detenuta, è posta in libertà.

3. La persona medesima è altresì posta in libertà in caso di diniego dell'estradizione.

Stampa DeJure

4. Il Ministro della giustizia comunica senza indugio allo Stato richiedente la decisione e, se questa è positiva, il luogo della consegna e la data a partire dalla quale sarà possibile procedervi, dando altresì precise indicazioni circa le limitazioni alla libertà personale subite dall'estradando ai fini dell'estradizione (2) .

5. Il termine per la consegna e' di quindici giorni dalla data stabilita a norma del comma 4 e, su domanda motivata dello Stato richiedente, puo' essere prorogato di altri venti giorni. Il termine per la consegna e' sospeso in caso di sospensione dell'efficacia della decisione del Ministro della giustizia da parte del competente giudice amministrativo e riprende a decorrere dalla data di deposito del provvedimento di revoca del provvedimento cautelare o del provvedimento con cui e' accolto il gravame proposto avverso il provvedimento cautelare o della sentenza che rigetta il ricorso ovvero della decisione che dichiara l'estinzione del giudizio (3) .

6. Il provvedimento di concessione dell'estradizione perde efficacia se, nel termine fissato, lo Stato richiedente non provvede a prendere in consegna l'estradando; in tal caso quest'ultimo viene posto in libertà.

[1] *L'art. 4, comma 1, lettera h, numero 1, del d.lgs. 3 ottobre 2017, n. 149 ha sostituito le parole «Ministro della giustizia» alle parole «ministro di grazia e giustizia». Precedentemente, ai sensi del d.lgs. 30 luglio 1999, n. 300, come da ultimo modificato dal d.l. 18 maggio 2006, n. 181, conv., con modif., in l. 17 luglio 2006, n. 233, la denominazione «ministro di grazia e giustizia» era da intendersi «ministro della giustizia».*

[2] *L'art. 4, comma 1, lettera h, numero 1, del d.lgs. 3 ottobre 2017, n. 149 ha sostituito le parole «Ministro della giustizia» alle parole «ministro di grazia e giustizia». Precedentemente, ai sensi del d.lgs. 30 luglio 1999, n. 300, come da ultimo modificato dal d.l. 18 maggio 2006, n. 181, conv., con modif., in l. 17 luglio 2006, n. 233, la denominazione «ministro di grazia e giustizia» era da intendersi «ministro della giustizia».*

[3] *Comma sostituito dall'art. 5, comma 2, della l. 21 luglio 2016, n. 149; il testo precedente era così formulato: <<5. Il termine per la consegna è di quindici giorni dalla data stabilita a norma del comma 4 e, a domanda motivata dello Stato richiedente, può essere prorogato di altri venti giorni.>>*

 © Copyright Giuffrè Francis Lefebvre S.p.A. 2019

10/3/2021          https://webmail.pec.giuffre.it/layout/origin/html/printMsg.html?_v_=v4r2b64.20210208_1200&contid=&folder=SU5CT1g=&msgid=83...

Da    "Matricola C.C. Messina PEC" <matricola.cc.messina@giustiziacert.it>
A     "FRENI" <giovambattistafreni@pec.giuffre.it>
Data mercoledì 10 marzo 2021 - 13:05

**PROT.N°002729 DEL 10/03/2021 TRASMISSIONE ATTESTAZIONE**

Si trasmette documentazione allegata.
Tx: ass. capo Barca L.

Ufficio Matricola Casa Circondariale di Messina

Per quanto attiene l'autenticità da attribuirsi all'atto trasmesso, si rappresenta che:
1) si tratta di atto debitamente assunto a protocollo
2) il documento originale è depositato presso l'Ufficio indicato in intestazione;
3) questo indirizzo IP:10.1.151.54, individua la postazione informatica dalla quale è stato inviato il messaggio;
"Tutte le informazioni contenute in questo messaggio di posta elettronica ed i file ad esso allegati sono riservati
e possono essere utilizzati esclusivamente dal destinatario specificato. L'accesso alle e-mail e l'eventuale uso
del loro contenuto da parte di qualsiasi soggetto a ciò non autorizzato sono severamente proibiti.
Nel caso in cui si riceva il messaggio per errore è assolutamente vietato usarlo, copiarlo o comunque divulgarlo
mediante comunicazione e/o diffusione e bisogna provvedere sia alla sua cancellazione che alla distruzione di tutte
le copie. Ringraziamo anticipatamente per la collaborazione

**Allegato(i)**

doc09375720210310125003.pdf (43 KB)

BILATERAL EXTRADITION TREATIES

<u>ITALY</u>

EXTRADITION TREATY WITH ITALY

TREATY DOC. 98-20

1983 U.S.T. LEXIS 421

October 13, 1983, Date-Signed

MESSAGE FROM THE PRESIDENT OF THE UNITED STATES

TRANSMITTING THE EXTRADITION TREATY BETWEEN THE GOVERNMENT OF
THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE REPUBLIC
OF ITALY, SIGNED AT ROME ON OCTOBER 13, 1983

TEXT:

98TH CONGRESS

2d Session

SENATE

LETTER OF TRANSMITTAL

THE WHITE HOUSE, April 18, 1984.

To the Senate of the United States:

With a view to receiving the advice and consent of the Senate to ratification, I transmit
herewith the Treaty on Extradition between the United States of America and Italy, signed at
Rome on October 13, 1983.

I transmit also, for the information of the Senate, the Report of the Department of State with
respect to the Treaty.

The treaty will facilitate United States efforts to prosecute narcotics conspiracies by expressly
providing that conspiracies and attempts to commit extraditable offenses constitute

extraditable offenses. The Treaty also provides a legal basis for temporarily surrendering prisoners to stand trial for crimes which [*2] occurred in the requesting State.

The Treaty follows generally the form and content of extradition treaties recently concluded by this Government. Upon entry into force, it will terminate and supersede the existing extradition treaty between the United States and Italy.

This Treaty will make a significant contribution to international cooperation in law enforcement. I recommend that the Senate give early and favorable consideration to the Treaty and give its advice and consent to ratification.

RONALD REAGAN.

LETTER OF SUBMITTAL

DEPARTMENT OF STATE,

Washington, April 10, 1984.

The PRESIDENT,

The White House.

THE PRESIDENT: I have the honor to submit to you the Treaty on Extradition between the United States of America and Italy, signed at Rome on October 13, 1983. I recommend that the Treaty be transmitted to the Senate for advice and consent to ratification.

The Treaty follows generally the form and content of extradition treaties recently concluded by this Government.

Article 1 obligates each State to extradite to the other, in accordance with the terms of the Treaty, any persons charged with or convicted of an extraditable offense by the requesting State. (Extradition [*3] shall also be granted, Article 2 explains, for attempts to commit, participation in the commission of, and conspiracy to commit extraditable offenses.)

Article 2 permits extradition for any offense punishable under the laws of both States by imprisonment for more than one year. Instead of listing each offense for which extradition may be granted, as was United States practice until recently, this Treaty adopts the modern practice of permitting extradition for any crime punishable under the laws of both contracting Parties for a minimum period. This obviates the need to renegotiate or supplement the Treaty should both States pass laws covering new types of criminal activity, such as computer-related crimes.

Article 2 also follows the practice of recent United States extradition treaties in indicating that the dual criminality standard should be interpreted liberally in order to effectuate the intent of the Parties that fugitives be brought to justice. Article 2 further provides that, if

extradition is granted for an extraditable offense, it may also be granted for offenses which are punishable by less than a year's imprisonment.

Article 3 provides that extradition may be granted for [*4] an offense committed outside the territory of the requesting State, provided that such an offense is punishable under the laws of the requested State or that the person sought is a national of the requesting State.

Article 4 provides that extradition shall not be denied on the ground that the person sought is a national of the requested State.

Articles 5, 6, 8 and 9 state mandatory grounds for refusal of extradition. Article 5 provides that extradition shall be denied when the offense for which extradition is requested is a political or military offense. Article 6 provides that extradition shall be denied when the person sought has been in jeopardy in the requested State for the same offense. Article 8 provides that extradition shall be denied where the requesting State's statute of limitation bars prosecution or enforcement of the penalty. Article 9 provides that extradition shall be denied when the offense is punishable by death in the requesting, but not the requested, State, unless satisfactory assurances are received that the death penalty, if imposed, will not be carried out.

Article 7 states a discretionary ground for refusal of extradition. It provides that extradition may [*5] be refused when the person sought is being proceeded against by the requested State for the same act.

Articles 10-13 set out procedures which are similar to those found in other modern United States extradition treaties. In particular, Article 10 clarifies the form and content of the documentation required to demonstrate to a United States court probable cause to believe that the crime for which extradition is sought was committed and that the person sought committed it.

Article 14 provides that if the person sought is being proceeded against or is serving a sentence in the requested State for a different offense, that State may either (a) defer surrender until the proceedings are concluded or the sentence has been served, or (b) temporarily surrender the person solely for the purpose of prosecution. Temporary surrender is an innovative feature found in recent United States extradition treaties (Costa Rica, The Netherlands and Sweden).

Article 15 sets forth a non-exclusive list of factors to be considered by the requested Party in determining to which country to surrender a person sought by more than one State.

Article 16 expressly incorporates into the Treaty the rule of specialty. [*6] This article provides, subject to specified exceptions, that a person extradited under the Treaty may not be tried, punished or detained for an offense other than that for which extradition has been granted.

Article 17 permits surrender without formal proceedings where the person sought agrees in writing to surrender after having been advised by a competent judicial authority of his or her

right to a formal proceeding and to the protections afforded by the Treaty.

Article 18 provides for the seizure and surrender to the requesting State of all property related to the offense for which extradition is requested. This obligation is subject to the rights of third parties.

Article 19 governs transit through the territory of one of the contracting Parties of a person being surrendered to the other Party by a third country.

Article 20 provides that the requested State shall represent the requesting State in an proceedings in the requested State arising out of a request for extradition.

Article 21 governs expenses in a manner similar to other recent United States extradition treaties.

Article 22, like the parallel provision of almost all recent United States extradition treaties, stipulates [*7] that the Treaty is retroactive, in the sense that it applies to offenses committed before as well as after its entry into force.

Article 23 provides for termination of the Treaty by either Party upon six months written notice to the other.

Article 24 provides that the Treaty will enter into force immediately upon the exchange of the instruments of ratification. Upon entry into force, this Treaty will terminate and supersede the Treaty on Extradition between the United States and Italy signed on January 18, 1973. The prior Treaty shall govern pending extradition proceedings except that Article 2 of this Treaty shall apply to those proceedings, and Article 14 shall also apply to those found extraditable under the prior Treaty.

The Department of Justice joins the Department of State in favoring approval of this Treaty by the Senate at an early date.

Respectfully submitted,

GEORGE P. SHULTZ.

EXTRADITION TREATY BETWEEN THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE REPUBLIC OF ITALY

The Government of the United States of America and the Government of the Republic of Italy,

Recognizing their close cooperation in the repression of crimes;

Desiring to make such [*8] cooperation even more effective;

Seeking to conclude a new Treaty for the reciprocal extradition of offenders;

Have agreed as follows:

ARTICLE I

Obligation to Extradite

The Contracting Parties agree to extradite to each other, pursuant to the provisions of this Treaty, persons whom the authorities of the Requesting Party have charged with or found guilty of an extraditable offense.

ARTICLE II

Extraditable Offenses 1. An offense, however denominated, shall be an extraditable offense only if it is punishable under the laws of both Contracting Parties by deprivation of liberty for a period of more than one year or by a more severe penalty. When the request for extradition relates to a person who has been sentenced, extradition shall be granted only if the duration of the penalty still to be served amounts to at least six months.

2. An offense shall also be an extraditable offense if it consists of an attempt to commit, or participation in the commission of, an offense described in paragraph 1 of this Article. Any type of association to commit offenses described in paragraph 1 of this Article, as provided by the laws of Italy, and conspiracy to commit an offense described in paragraph [*9] 1 of this Article, as provided by the laws of the United States, shall also be extraditable offenses.

3. When extradition has been granted for an extraditable offense, it shall also be granted for any other offense specified in the request even if the latter offense is punishable by less than one year's deprivation of liberty, provided that all other requirements for extradition are met.

4. The provisions of this Article apply whether or not the offense is one for which United States federal law requires proof of an element, such as interstate transportation, the use of the facilities of interstate commerce, or the effects upon such commerce, since such an element is required for the sole purpose of establishing the jurisdiction of United States federal courts.

ARTICLE III

Jurisdiction

When an offense has been committed outside the territory of the Requesting Party, the Requested Party shall have the power to grant extradition if its laws provide for the punishment of such an offense or if the person sought is a national of the Requesting Party.

ARTICLE IV

Extradition of Nationals

A Requested Party shall not decline to extradite a person because such a person is a national [*10] of the Requested Party.

ARTICLE V

Political and Military Offenses

1. Extradition shall not be granted when the offense for which extradition is requested is a political offense, or if the person whose surrender is sought proves that the request for surrender has been made in order to try or punish him or her for a political offense.

2. For the purpose of the application of paragraph 1 of this Article, an offense with respect to which both Contracting Parties have the obligation to submit for prosecution or to grant extradition pursuant to a multilateral international agreement, or an offense against the life, physical integrity or liberty of a Head of State or Government or a member of their respective families, or any attempt to commit such an offense, will be presumed to have the predominant character of a common crime when its consequences were or could have been grave. In determining the gravity of the offense and its consequences, the fact that the offense endangered public safety, harmed persons unrelated to the political purpose of the offender, or was committed with ruthlessness shall, in particular, be taken into account.

3. Extradition shall not be granted for offenses [*11] under military law which are not offenses under ordinary criminal law.

ARTICLE VI

Non Bis in Idem

Extradition shall not be granted when the person sought has been convicted, acquitted or pardoned, or has served the sentence imposed, by the Requested Party for the same acts for which extradition is requested.

ARTICLE VII

Pending Proceedings for the Same Acts

Extradition may be refused if the person sought is being proceeded against by the Requested Party for the same acts for which extradition is requested.

ARTICLE VIII

Lapse of Time

Extradition shall not be granted when the prosecution, or the enforcement of the penalty, for the offense for which extradition has been requested has become barred by lapse of time under the laws of the Requesting Party.

ARTICLE IX

Capital Punishment

When the offense for which extradition is requested is punishable by death under the laws of the requesting Party and the laws of the requested Party do not provide for such punishment for that offense, extradition shall be refused unless the requesting Party provides such assurances as the requested Party considers sufficient that the death penalty shall not be imposed, or, if imposed, shall [*12] not be executed.

ARTICLE X

Extradition Requests and Supporting Documents

1. Requests for extradition shall be made through the diplomatic channel.

2. All requests for extradition shall be accompanied by:

(a) documents, statements or other information which set forth the identity and probable location of the person sought, with, if available, physical description, photographs and fingerprints;

(b) a brief statement of the facts of the case, including the time and location of the offense;

(c) the texts of the laws describing the essential elements and the designation of the offense for which extradition is requested;

(d) the texts of the laws describing the punishment for the offense; and

(e) the texts of the laws describing the time limit on the prosecution or the execution of the punishment for the offense.

3. A request for extradition which relates to a person who has not yet been convicted shall also be accompanied by:

(a) a certified copy of the arrest warrant or any order having similar effect;

(b) a summary of the facts of the case, of the relevant evidence and of the conclusions reached, providing a reasonable basis to believe that the person sought committed the offense [*13] for which extradition is requested; in the case of requests from Italy such a summary shall be written by a magistrate, and in the case of requests from the United States it shall be

written by the prosecutor and shall include a copy of the charge; and

(c) documents establishing that the person sought is the person to whom the arrest warrant or equivalent order refers.

4. A request for extradition which relates to a person who has been convicted shall, in addition to those items set forth in paragraph 2 of this Article, be accompanied by:

(a) a copy of the judgment of conviction, or, in the case of the United States, if the person has been found guilty but not yet sentenced, a statement by a judicial officer to that effect;

(b) if the penalty has been pronounced, a copy of the sentence and a statement as to the duration of the penalty still to be served; and

(c) documents establishing that the person sought is the person convicted.

5. If the person sought has been convicted in absentia or in contumacy, all issues relating to this aspect of the request shall be decided by the Executive Authority of the United States or the competent authorities of Italy. In such cases, the Requesting [*14] Party shall submit such documents as are described in paragraphs 2, 3 and 4 of this Article and a statement regarding the procedures, if any, that would be available to the person sought if he or she were extradited.

6. The documents which accompany an extradition request shall be made available in English and Italian by the Requesting Party.

7. The documents which accompany an extradition request shall be admissible into evidence when:

(a) in the case of a request from the United States, they are certified by a judge, magistrate or other United States official and are sealed by the Secretary of State;

(b) in the case of a request from Italy, they are signed by a judge or other Italian judicial authority and are certified by the principal diplomatic or consular officer of the United States in Italy.

ARTICLE XI

Additional Documentation

1. If the Requested Party considers that the documentation furnished in support of a request for extradition is incomplete or otherwise does not conform to the requirements of this Treaty, that Party shall request the submission of necessary additional documentation. The Requested Party shall set a reasonable time limit for the submission of [*15] such documentation, and shall grant a reasonable extension of that time limit upon an application by the Requesting Party setting forth the reasons requiring the extension.

2. If the person sought is in custody and the additional documentation submitted is incomplete or otherwise does not conform to the requirements of this Treaty, or if such documentation is not received within the period specified by the Requested Party, that person may be discharged from custody. Such discharge shall not prejudice the re-arrest and the extradition of the person sought if a new request and the additional documentation are delivered at a later date.

ARTICLE XII

Provisional Arrest

1. In case of urgency, either Contracting Party may apply for the provisional arrests of any person charged or convicted of an extraditable offense. The application for provisional arrest shall be made either through the diplomatic channel or directly between the United States Department of Justice and the Italian Ministry of Grace and Justice, in which case the communication facilities of the International Criminal Police Organization (Interpol) may be used.

2. The application shall contain: a description of the person [*16] sought including, if available, the person's nationality; the probable location of that person; a brief statement of the facts of the case including, if possible, the time and location of the offense and the available evidence; a statement of the existence of a warrant of arrest, with the date it was issued and the name of the issuing court; a description of the type of offenses, a citation to the sections of law violated and the maximum penalty possible upon conviction, or a statement of the existence of a judgment of conviction against that person, with the date of conviction, the name of the sentencing court and the sentence imposed, if any; and a statement that a formal request for extradition of the person sought will follow.

3. On receipt of the application, the Requested Party shall take the appropriate steps to secure the arrest of the person sought. The Requesting Party shall be promptly notified of the result of its application.

4. Provisional arrest shall be terminated if, within a period of 45 days after the apprehension of the person sought, the Executive Authority of the Requested Party has not received a formal request for extradition and the supporting documents required [*17] by Article X.

5. The termination of provisional arrest pursuant to paragraph 4 of this Article shall not prejudice the re-arrest and extradition of the person sought if the extradition request and the supporting documents are delivered at a later date.

ARTICLE XIII

Decision and Surrender

1. The Requested Party shall promptly communicate to the Requesting Party through the

diplomatic channel its decision on the request for extradition.

2. The Requested Party shall provide reasons for any partial or complete rejection of the request for extradition and a copy of the court's decision, if any.

3. When an extradition request has been granted, the competent authorities of the Contracting Parties shall agree on the time and place of the surrender of the person sought. If, however, that person is not removed from the territory of the Requested Party within the agreed time, that person may be set at liberty, unless a new date for surrender has been agreed upon.

ARTICLE XIV

Deferred Surrender and Temporary Surrender

After a decision on a request for extradition has been rendered in the case of a person who is being proceeded against or is serving a sentence in the Requested Party for [*18] a different offense, the Requested Party shall have the authority to:

(a) defer the surrender of the person sought until the conclusion of the proceedings against that person or the full execution of any punishment that may be or may have been imposed; or

(b) temporarily surrender the person sought to the Requesting Party solely for the purpose of prosecution. A person so surrendered shall be kept in custody while in the Requesting Party and shall be returned to the Requested Party at the conclusion of the proceedings against that person, in accordance with conditions to be determined by mutual agreement of the Contracting Parties.

ARTICLE XV

Requests for Extradition Made by Several States

The Executive Authority of the Requested Party, upon receiving requests from the other Contracting Party and from one or more other States for the extradition of the same person, either for the same offense or for different offenses, shall determine to which State it will extradite that person. In making its decision, the Executive Authority shall consider all relevant factors, including:

(a) the place in which the offense was committed;

(b) the gravity of the respective offenses, where [*19] the requesting States are requesting extradition for different offenses;

(c) the possibility of re-extradition between the requesting States; and

(d) the order in which the requests were received.

ARTICLE XVI

Rule of Specialty and Re-Extradition

1. A person extradited under this Treaty may not be detained, tried or punished in the Requesting Party except for:

(a) the offense for which extradition has been granted or when the same facts for which extradition was granted constitute a differently denominated offense which is extraditable;

(b) an offense committed after the surrender of a person; or

(c) an offense for which the Executive Authority of the United States or the competent authorities of Italy consent to the person's detention, trial or punishment. For the purpose of this subparagraph, the Requested Party may require the submission of the documents called for in Artilce X.

2. A person extradited under this Treaty may not be extradited to a third State unless the surrendering Party consents.

3. Paragraphs 1 and 2 of this Article shall not prevent the detention, trial or punishment of an extradited person in accordance with the laws of the Requesting Party, or the [*20] extradition of that person to a third State, if:

(a) that person leaves the territory of the Requesting Party after extradition and voluntarily returns to it; or

(b) that person does not leave the territory of the Requesting Party within 30 days of the day on which that person is free to leave.

ARTICLE XVII

Simplified Extradition

If the person sought irrevocably agrees in writing to surrender to the Requesting Party after having been advised by a judge or competent magistrate of the right to formal proceedings and the protections afforded under this Treaty, the Requested Party may surrender the person without formal proceedings.

ARTICLE XVIII

Surrender of Articles, Instruments, Objects and Documents

1. All articles, instruments, objects of value, documents and other evidence relating to the offense may be seized and surrendered to the Requesting Party. Such property may be

surrendered even when extradition cannot be effected. The rights of third parties in such property shall be duly respected.

2. The Requested Party may condition the surrender of the property upon satisfactory assurance from the Requesting Party that the property will be returned to the Requested Party [*21] as soon as practicable, and may defer its surrender if it is needed as evidence in the Requested Party.

ARTICLE XIX

Transit

1. Either Contracting Party may authorize transit through its territory of a person surrendered to the other by a third State. The Contracting Party requesting transit shall provide the transit State, through the diplomatic channel, a request for transit which shall contain a description of the person and a brief statement of the facts of the case.

2. No authorization for transit shall be required when air transportation is used and no landing is scheduled in the territory of the other Contracting Party. If an unscheduled landing occurs in the territory of that Contracting Party, it shall detain the person being transited not less than 96 hours while awaiting a request for transit pursuant to paragraph 1 of this Article.

ARTICLE XX

Assistance and Representation

The United States Department of Justice shall advise, assist and represent the Republic of Italy in any proceedings in the United States arising out of a request for extradition made by the Republic of Italy.

The Italian Ministry of Grace and Justice, through all means permitted by its legal system, [*22] shall advise, assist and provide for the representation of the United States of America in any proceedings in Italy arising out of a request for extradition made by the United States of America.

ARTICLE XXI

Expenses

The Requesting Party shall pay the expenses related to the translation of documents and the transportation of the person sought from the city where confined to the Requesting Party. The Requested Party shall pay all other expenses related to the provisional arrest, extradition request and proceedings. Any expenses related to transit under Article XIX shall be borne by the Requesting Party.

The Requested Party shall make no pecuniary claim against the Requesting Party arising out

of the arrest, detention or surrender of persons sought under the terms of this Treaty.

ARTICLE XXII

Scope of Application

This Treaty shall apply to offenses committed before as well as after the date this Treaty enters into force.

ARTICLE XXIII

Denunciation

Either Contracting Party may terminate this Treaty at any time by giving written notice to the other Contracting Party. Termination shall be effective six months after the date of receipt of such notice.

ARTICLE XXIV

Ratification [*23] and Entry into Force

1. This Treaty shall be subject to ratification. The instruments of ratification shall be exchanged at Washington as soon as possible.

2. This Treaty shall enter into force immediately upon the exchange of the instruments of ratification.

3. Upon the entry into force of this Treaty, the Treaty on Extradition between the United States of America and the Republic of Italy, signed at Rome on January 18, 1973, and the Supplementary Protocol, signed at Rome on November 9, 1982, shall cease to have effect; however, extradition proceedings pending in a Requested Party at the time this Treaty enters into force shall be subject to the prior Treaty, except that Article II of this Treaty should also be applicable to such proceedings. Article XIV of this Treaty shall also apply to persons found extraditable under the prior Treaty.

DONE at Rome, this thirteenth day of October, 1983 in duplicate in the English and Italian languages, both equally authentic.

FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA

FOR THE GOVERNMENT OF THE REPUBLIC OF ITALY