## A Non-Custodial Sentence Warranted Under Section 3553(a)

### A. An Individualized Assessment of Personal History and Characteristics, and the Nature of his Conduct, Warrant a Non-Custodial Sentence

We respectfully submit that, as described above and in the hundreds of letters presented to the Court, Mr. Hernandez is different from most defendants appearing before this Court for sentencing. His commitment to helping others, both individual human beings and the larger global community, is plainly a core expression of who he is – indeed, who he has always been, from childhood through professional maturity.

The conduct for which he was plead guilty represents an isolated anomaly and a stark departure from this personal history.

*Lifetime of Good Works*

Many white collar defendants can point to charitable contributions of some kind and in some degree. But in imposing sentences pursuant to § 3553(a), courts have recognized the separate, and much smaller, category of defendants who have shown a "truly extraordinary" charitable record. Where the convicted conduct is dramatically at odds with the defendant's life and character, especially where he has devoted significant time to civic and charitable contributions, courts have found the defendant deserving of a non-Guidelines sentence substantially below the Advisory range, including noncustodial sentences. Few individuals presented a record of contributions to the community matching that of Mr. Hernandez.

The defendant can point not only to a significant expenditure of time and effort, but further, that he was involved in founding and helping to sustain major initiatives improving many thousands of lives.

For example, see *United States v. Holzer*, 09 Cr. 470 (VM), the judge did not follow the Advisory Guidelines, but instead imposed a sentence under section 3553(a) of five years probation

125502883.1

with nine months to be spent in a halfway house. In imposing this sentence, the Court agreed with the characterization of Mr. Holzer as a "good person who made a terrible mistake," and cited Mr. Holzer's "commendable community service and his pro bono work with various not-for profit organizations" as reasons for imposing a non-custodial sentence and not an Advisory Guidelines sentence. Holzer Sentencing Tr. at 17, Exh. G.

Similarly, see *United States v. Peterson*, 11 Cr. 665 (RPP) – a directly comparable, and in some respects more egregious, case involving an outside director of a public company who disclosed its not yet announced merger – the Court declined to sentence within the Advisory Guidelines and instead imposed a sentence of two years of probation and three months of home confinement, stating: "…He engaged in a number of civic activities not as a figurehead, but as a participant, a person who gave of himself, not just of his wallet, and engaged in community activities to help his community. And that's significant."

Courts in other Circuits as well have found that where the defendant's past good works indicate that the offense conduct was aberrational, a non-Guidelines sentence well below the Advisory Guidelines range is appropriate and just. See *United States v. Howe*, 543 F.3d 128, 132 (3d Cir. 2008) (affirming sentence of probation with three months home confinement for wire fraud because defendant made an "isolated mistake" in the context of his entire life, which was otherwise outstanding and included devotion to family, community and church); See *United States v. Thurston*, 544 F.3d 22, 26 (1st Cir. 2008) (affirming 3 month sentence for Medicare fraud conspiracy of more than $5 million based on, among other things, defendant's charitable work, community service, generosity with his time and support and assistance of others).

Even in pre-Booker cases, in recognition of "truly extraordinary" charitable and community service, courts imposed sentences well below the then mandatory Guidelines. See

125502883.1

*United States v. Greene*, 249 F. Supp. 2d 262, 264 (S.D.N.Y. 2003) (in tax fraud case, court found the defendant was entitled to a seven level downward departure because he had donated his time, not merely money, by adopting six "hard to place" orphaned children); See *United States v. Canova*, 412 F.3d 331, 358-59 (2d Cir. 2005) (affirming downward departure based on defendant's volunteer service with Marine Corps and as volunteer firefighter, as well as three recent acts of good samaritanism); See *United States v. Shuster*, 331 F.3d 294, 296 (2d Cir. 2003). (upholding departure based on, among other factors, the defendant's charitable works); See *United States v. Serafini*, 233 F.3d 758, 773 (3d Cir. 2000) (downward departure upheld based on support letters referring to defendant's "assistance, in time and money, to individuals and local organizations"); See *United States v. Crouse*, 145 F.3d 786, 790 (6th Cir. 1998) ("exceptional" record of community service was a proper basis for a downward departure); See *United States v. Cooper*, 394 F.3d 172, 177 (3d Cir. 2005) (finding charitable contributions relevant to sentencing where the contributions exceeded mere financial support).

B.     **A Sentence of Probation with a Condition of Rigorous, Fulltime Community Service is Sufficient to Achieve the Goals of Sentencing**

Courts have recognized that in an appropriate case, and if used wisely, probation is sufficiently serious punishment to satisfy the statutory mandate that the sentence reflect the seriousness of the offense and provide just punishment. See *United States v. Brady*, 02 Cr. 1043 (JG), 2004 WL 86414, at *8-9 (E.D.N.Y. Jan. 20, 2004) (probation "may be used as an alternative to incarceration, provided that the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for the law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant.") (quoting U.S.S.G. Manual ch. 5, pt. B, introductory cmt.); Coughlin, 2008 U.S. Dist. LEXIS 11263 at *20-22 ("Home detention and probation can be severe

punishments, hugely restrictive of liberty, highly effective in the determent of crime and amply retributive."

We ask the Court to impose a probationary sentence, with the condition that Mr. Hernandez perform, for a significant period, a rigorous, full-time program of community service. At the Court's direction, Mr. Hernandez would, of course, be prepared to undertake any community service the Court concluded was appropriate.

125502883.1