UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>18-CR-20685-WILLIAMS</u>

UNITED STATES OF AMERICA

vs.

ABRAHAM  EDGARDO ORTEGA,

      Defendant.

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S <br> <u>OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT</u>

The United States of America, by and through its undersigned attorneys, hereby files this response to the defendant's objections to specific paragraphs of the Presentence Investigation Report. [ECF No. 363]  The United States intends to file a sentencing memorandum that will address the appropriate sentence under the 18 U.S.C. § 3553(a) factors separately.

**Objections to Page 4 and Paragraphs 108, 111, 113, 124, and 125**

The defendant seeks clarification to numerous personal facts and a monetary definition contained in these paragraphs, including his Venezuelan identification number, his parents' ages, and school names.  The government takes no position on these objections and defers to the probation department on the accuracy of the description of the information provided to it.

**Objection to Paragraphs 91 and 92**

While the parties initially applied the two-level enhancement for a conviction under 18 U.S.C. § 1956 in their plea agreement, it was subsequently determined that it does not apply because the sole object of the charged conspiracy was to commit a violation 18 U.S.C. § 1957, as discussed further below.  Therefore, the parties jointly objected to the inclusion of a two-level enhancement for a conviction under 18 U.S.C. § 1956 pursuant to the United States Sentencing

Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 2S1.1(b)(2)(B) and a two-level enhancement for sophisticated laundering pursuant to U.S.S.G. § 2S1.1(b)(3). The government maintains its objection to both of these proposed enhancements.

Because the defendant was convicted under 18 U.S.C. § 1956(h) and the sole object of the conspiracy was to commit an offense set forth in 18 U.S.C. § 1957 [ECF No. 53, Ortega's Information], subsection (b)(2)(B) is not applicable. *See* U.S.S.G. § 2S1.1, cmt. n.3(C). And since subsection (b)(2)(B) is no longer applicable, the sophisticated laundering enhancement cannot apply because that enhancement requires the applicability of (b)(2)(B). *See* U.S.S.G. § 2S1.1(b)(3). This describes the defendant's situation. As such, the parties jointly objected and represented the new offense level as 25 after a two-level decrease for acceptance of responsibility pursuant to § 3E1.1(a) and a one-level decrease pursuant to § 3E1.1(b) and a range of imprisonment from 57-71 months.

The government submits, however, that the parties agreed upon Sentencing Guideline offense level as jointly represented was in error. While the two-level enhancement for a conviction under 18 U.S.C. § 1956 pursuant to the U.S.S.G. § 2S1.1(b)(2)(B) and a two-level enhancement for sophisticated laundering pursuant to U.S.S.G. § 2S1.1(b)(3) are not appropriate, a one-level enhancement under U.S.S.G. 2S1.1(b)(2)(A) is applicable. *See U.S. v. Ruan*, 966 F.3d 1101, 1173-74 (11th Cir. 2020) (district court erred in applying the two-level sentencing enhancement under § 2S1.1(b)(2)(B), and it should have applied the one-level enhancement under § 2S1.1(b)(2)(A) where the defendant was convicted under 18 U.S.C. § 1956(h) and the sole object of the conspiracy was to commit an offense set forth in 18 U.S.C. § 1957). *See also*, *U.S. v. Tedder*, 403 F.3d 836 (7th Cir. 2005) (one-level enhancement pursuant to § 2S1.1(b)(2)(A) was applicable after applying Application Note 3(C)). The government draws the Court's and Probation's attention to this

2

pertinent authority to ensure that the government has provided both the Court and Probation with an accurate Guidelines calculation.

As such, the government submits that the defendant's total offense level should be 26 after a two-level decrease for acceptance of responsibility pursuant to § 3E1.1(a) and a one-level decrease pursuant to § 3E1.1(b).  Because the defendant's criminal history category is level I, his range of imprisonment is 63-78 months.


Respectfully Submitted,

DANIEL S. KAHN                                        JUAN ANTONIO GONZALEZ
ACTING CHIEF, FRAUD SECTION          ACTING UNITED STATES ATTORNEY

By:   */s/ Paul A. Hayden*                    By:   */s/ Kurt K. Lunkenheimer*
        PAUL A. HAYDEN                                KURT K. LUNKENHEIMER
        Trial Attorney                                       Assistant United States Attorney
        Fraud Section, Criminal Division        Court ID No. A5501535
        U.S. Department of Justice                  U.S. Attorney's Office - SDFL
        1400 New York Avenue, N.W.            99 N.E. 4th Street, Suite 600
        Washington, D.C. 20005                     Miami, FL 33132-2111
        Telephone: 202-353-9370                   Telephone: (305) 961-9008
        Email: paul.hayden2@usdoj.gov      Facsimile: (305) 536-4699
                                                                    Email: Kurt.Lunkenheimer@usdoj.gov