UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

vs.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

  **Defendant.**
           /

IN RE:

OLYMPIA DE CASTRO,

  **Third-Party Petitioner.**
           /

## UNITED STATES' FIRST SET OF REQUESTS FOR PRODUCTION TO PETITIONER OLYMPIA DE CASTRO,

  Pursuant to 21 U.S.C. § 853, Rule 32.2 of the Federal Rules of Criminal Procedure, Rule 34 of the Federal Rules of Civil Procedure, and Local Rule 26.1(g), the United States of America (the "United States") requests that, within the earlier of 30 days of service or within 10 days of any scheduled trial in the above-captioned matter, Olympia De Castro ("Petitioner" or "you") produce for inspection and copying all documents and information specified herein to the undersigned Assistant United States Attorneys, at the U.S. Attorney's Office, 99 N.E. 4th Street, 7th Floor, Miami, Florida or via e-mail.

### *Definitions*

  1.  "United States" refers to the United States of America.

  2.  "Petitioner," "you," or "your" refers to Olympia De Castro and all persons acting or purporting to act on her behalf.

3. "Subject Forfeited Assets" refers to the following property that you have claimed in the above-captioned matter: approximately $900,000 (plus interest) from the forthcoming sale of real property located at 801 E. Dania Beach Blvd.

4. "Case," "action," or "matter" refers to the ancillary forfeiture proceedings in the above-captioned case, *United States v. Gustavo Adolfo Hernandez Frieri*, Case No. 18-CR-20685-Williams/Torres, pending in the U.S. District Court in the Southern District of Florida.

5. "Claim" or "Petition" refers to your *Notice of Claim and Verified Petition and Request for Hearing to Adjudicate the Validity of Her Interest of Approximately $900,000 (Plus Interest) From the Forthcoming Sale of Real Property Located at 801 E. Dania Beach Blvd., Dania Beach, FL*, filed on or about February 10, 2021, in this action (ECF No. 296).

6. "Person" includes any natural person, individual, proprietorship, association, limited liability company, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise or legal entity, governmental body, or group of natural persons, including any employee or agent thereof.

7. "Document" means any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletypes, telefaxes, electronic mail entries, bulletins, meetings or other communications, inter-office or intra-office telephone calls, daily calendar entries, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts,

returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, motion pictures, mini-discs, floppy discs, CD-ROM discs, or mechanical or electronic recordings or representations of any kind (including without limitation, tapes, cassettes, discs, and records). A draft or non-identical copy is a separate "document" within the meaning of this term.

8. Documents "relate" or are "relating" if it constitutes, contains, comprises, consists of, embodies, identifies, states, refers to, deals with, sets forth, proposes, shows, evidences, discloses, describes, discusses, explains, summarizes, concerns, or otherwise addresses in any way the subject matter of the request.

9. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

10. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

## *Instructions*

1. Documents produced in response to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with these requests. You may produce copies of documents or electronically stored information instead of permitting inspection.

2. These requests are directed to and cover all documents in your possession, custody or control, or in the possession, custody, or control of your agents, attorneys, accountants, expert witnesses, investigators, consultants, or other representatives.

3. When producing the requested documents, please produce all other documents that are clipped, stapled, or otherwise attached to any requested documents.

4. If you withhold any documents that you are otherwise required to produce, specifically identify each document by stating its date, author, recipients and the reason for withholding said document. If you are asserting a privilege, please provide the following information: the type of document, general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

5. If any document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall: (a) describe in detail the nature of the document and its contents; (b) identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent; (c) specify the date on which the document was prepared or transmitted or both; (d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and (e) if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

6. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests are continuing in nature and you must supplement or correct a disclosure or response in a timely manner if you learn in some material respect that your disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to United States during the discovery process or in writing.

### *Documents To Be Produced*

1. All Documents that relate to your interest in the Subject Forfeited Assets.

2. All Documents between you and Gustavo Adolfo Hernandez Frieri concerning the Subject Forfeited Assets.

3. All Documents between you, Gustavo Adolfo Hernandez Frieri, and anyone at Devine Goodman & Rasco, LLP concerning the Subject Forfeited Assets.

4. All Documents between Gustavo Adolfo Hernandez Frieri and anyone at Devine Goodman & Rasco, LLP concerning the Subject Forfeited Assets.

5. All Documents between you, Gustavo Adolfo Hernandez Frieri, and/or Daniel Holtz concerning the Subject Forfeited Assets.

6. All Documents that support that you paid any value for the Subject Forfeited Assets.

7. All Documents that support the assertion in your Petition that "[i]n 2015, De Castro acquired an interest in a retail wine shop in New York."

8. All Documents showing that you exercised dominion or control over Italian Wine Merchants.

9. To the extent not already produced, all Documents you intend to rely on at the hearing on your Petition.

                    Respectfully submitted,

                    JUAN ANTONIO GONZALEZ
                    ACTING UNITED STATES ATTORNEY

By:    /s/_____
                    Joshua Paster
                    Nalina Sombuntham
                    Assistant United States Attorney
                    Court ID No. A5502616
                    99 N.E. 4th Street, 7th Floor
                    Miami, Florida 33132-2111
                    Telephone: (305) 961-9342
                    Facsimile: (305) 536-4089
                    joshua.paster@usdoj.gov
                    nalina.sombuntham2@usdoj.gov
                    *Counsel for United States of America*

Dated: April 13, 2021