UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

and

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

## OLYMPIA DE CASTRO'S ANSWERS TO
## UNITED STATES' FIRST SET OF INTERROGATORIES

Third-Party Petitioner Olympia De Castro (De Castro), by and through undersigned counsel, and Pursuant to 21 U.S.C. § 853, Rule 32.2 of the Federal Rules of Criminal Procedure, Rule 33 of the Federal Rules of Civil Procedure, serves her answers to the United States' First Set of Interrogatories.

Dated this 13th day of May 2021.

    Respectfully submitted,

    DEVINE GOODMAN & RASCO, LLP
    2800 Ponce de Leon Blvd., Suite 1400
    Coral Gables, FL 33134
    Tel: 305-374-8200
    Email: grasco@devinegoodman.com

    */s/ Guy A. Rasco*
    Guy A. Rasco., Esq.
    Fla. Bar No.: 727520
    *Attorneys for Third-Party Petitioner*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 13th day of May, 2021, via email on all parties of record.

                                                          */s/ Guy A. Rasco*
                                                          Guy A. Rasco

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**:

Describe in detail the circumstance in which you acquired your ownership in the Subject Forfeited Assets, including but not limited to: (a) the date, time, and place in which you acquired the property, including details on the transfer of funds in exchange for the property; (b) the reason you acquired the property; (c) the manner in which the property was delivered to your custody and control; (d) the identity and description of the person(s) from whom acquired the property; (e) any research conducted to determine appropriate price for such property; (f) any documents created regarding each transaction; and (g) the identity of the person(s) who were present when you obtained ownership of the property, including the person(s) who conducted the transaction, manager, or other customers. For each person identified in the answer to this interrogatory, provide the person's name, address, and telephone number.

**ANSWER:**

See Verified Petition of Olympia De Castro filed on February 10, 2021. In addition, I add the following:

I obtained the interest in IWM Holdings LLC ("IWM"), a retail wine shop, on June 10, 2015 from my then husband Gustavo Hernandez. The interest in IWM was acquired in 2008 while we were married. Mr. Hernandez transferred the interest in IWM to me because he had been invited to invest in Domaine Select Wine & Spirits ("Domaine"), a wine wholesale and importation business, in which Mr. Hernandez invested. Per the advice of legal counsel, "tied-house" laws prohibit ownership by the same persons in different licensed entities, such as retail and import/wholesale in the beverage alcohol industry. I was married to Mr. Hernandez so I did not pay him any consideration for the interest in IWM. There were many documents created in order to formalize the transfer to me of the IWM interest. These documents are attached to the Verified Petition and include the following:

Exhibit 3 - IWM Consent
Exhibit 4 - IWM - Joinder Agreement
Exhibit 5 - IWM - Acknowledgment of Termination of Membership
Exhibit 6 - LLC Agreement – Salondera
Exhibit 7 - IWM First Amendment to Operating Agreement (Ex. I to Jorge Mora deposition is the same document with a different table at the end. This document is the correct one)
Exhibit 8 – NYS Liquor Authority documents

There were several individuals involved in the transfer of the IWM interest. These include, among others, Gustavo Hernandez, Daniel Holtz, Jorge Mora, Toni Holtz, Javier Mora, Sergio Esposito, and Keven Danow. All of these individuals are identified in the Verified Petition.

**INTERROGATORY NO. 2**:

Describe in detail Gustavo Adolfo Hernandez Frieri's involvement with your Petition, Claim, the Subject Forfeited Assets or the state litigation that resulted in the Subject Forfeited Assets.

**ANSWER:**

**Extension requested.**

**INTERROGATORY NO. 3**:

Describe in detail your asserted joint defense agreement with Gustavo Adolfo Hernandez Frieri, including but not limited to identify the date the purported agreement began, the purpose of the purported joint defense, and your purported cooperative and common enterprise towards an identical legal strategy.

**ANSWER:**

**Extension requested.**

**INTERROGATORY NO. 4**:

Describe in detail all ways in which you claim to have exercised dominion or control over Italian Wine Merchants.

**ANSWER**:

See Verified Petition of Olympia De Castro filed on February 10, 2021. In addition, I add the following:

I was well aware of my then husband, Mr. Hernandez's ownership in IWM. I drove revenue to IWM by hosting events at IWM, including events related to the hedge fund I had an ownership stake in and worked at in New York. My sister, who brought extensive hospitality experience from her career at the 5-star Mandarin Hotel, also assisted with events at IWM. In addition, I participated in the interview process for the IWM CFO, and built the financial model for IWM to help guide the finance team.

Based on advice of counsel concerning "tied-house" laws, my then husband Mr. Hernandez and I agreed that I would solely own the IWM retail interest, and Mr. Hernandez would solely own the Domain importation/wholesale interest. Mr. Hernandez and the other equity holders of IWM entered into various documents to accomplish this goal. These include Written Consent In Lieu of Meeting of Members of IWM (2/14/15); Joinder Agreement to Operating Agreement (2/24/15);

Acknowledgment of Termination of Membership (2/14/15); and First Amendment to Operating Agreement. These documents are attached to the Verified Petition. The entity Salondera LLC ("Salondera") was created in November 2014. I obtained a one-third interest in Salondera. I signed the Limited Liability Company Agreement of Salondera. Salondera became a partial owner of IWM in 2015.

I became a member of IWM's Board of Advisors. I also registered as a principal of IWM with the NY SLA and was approved by the NY SLA as of June 10, 2015. I received tax reporting K-1 documents for 2015 and 2016 from Salondera reflecting my one-third ownership in Salondera. I filed these K-1s as part of my income tax filings with the U.S. My ownership in Salondera (and IWM), are reflected in all the business documents, many of which are attached to the Verified Petition.

Salondera (through me and its other two members) agreed to sell the membership interest of Salondera on or about October 6, 2016 wherein IWM would redeem Salondera's equity interest for a purchase price of $2.7 million. On or about December 29, 2016 there was a closing on the Redemption Agreement. Salondera agreed that its three members (De Castro, Javier Mora (as trustee for Jorge Mora's daughter Maia Mora), and Daniel Holtz's ("D. Holtz") then wife Toni Holtz ("T. Holtz")) would split the net proceeds of $2.7 million equally. Each member was to receive $900,000.

Salondera and D. Holtz agreed that Walden Capital Corporation ("Walden") (and its principal D. Holtz) would act as Salondera's paying agent and would receive by wire transfer the $2.7 million purchase price, for the benefit of Salondera and its members, to be held and later disbursed equally to each of the three Salondera members. On or about December 29, 2016, when Walden received the $2.7 million purchase price by wire, or shortly thereafter, D. Holtz paid the other two members each their one-third interest ($900,000) in the proceeds of the sale, but did not pay me the $900,000 that pertained to my interest. Instead, Walden and D. Holtz retained the $900,000 that belonged to me.

I took steps to be paid the $900,000 from Walden and D. Holtz. I met personally with D. Holtz in New York on or about March 6, 2019 and asked him to pay me the $900,000. D. Holtz agreed that the money was owed to me and promised to pay it in full, including 5% simple interest. On or about April 5, 2019 D. Holtz made his first payment to me of $12,500. D. Holtz and Walden continued to make payments to me throughout 2019 totaling $82,250. I texted D. Holtz to collect my money. See documents Bate Stamped as ODC0570 – ODC0583. I engaged in many email strings with D. Holtz to collect my money. These include ODC0001 - ODC0550. I drafted a Promissory Note and a Personal Guaranty form and sent them to D. Holtz, who reviewed them, proposed edits and signing under Walden Capital. These are located at ODC0551 - ODC0569.

On January 3, 2020, I was forced to sue D. Holtz, Walden, and T. Holtz to obtain the proceeds of the sale of my membership interest in Salondera/IWM, because D. Holtz was amidst a divorce and D. Holtz was claiming his then wife's attorney had not agreed for him to sign the Promissory Note. I met with T. Holtz who indicated this was not the case, and that she was not objecting to D. Holtz signing the Promissory Note. No depositions were taken. We entered into a settlement agreement in that civil suit where I would be paid back my $900,000 (plus 5% interest) from the sale of a

mobile home park located at 801 E. Dania Beach Blvd., Dania Beach, Florida ("Dania Beach Property") that is owned by Mile Marker 55, LLC ("Mile Marker 55"). A portion of Mile Marker 55 is owned by D. Holtz and/or T. Holtz. The Judge in the divorce case pending between D. Holtz and T. Holtz entered the Second Agreed Order Modifying Temporary Injunction on September 4, 2020 stating that upon the sale of the property owned by Mile Marker 55, I shall be paid all agreed sums in connection with the settlement agreement of the suit brought by me. My counsel forced the parties to agree to the entry of this Order.

I got a divorce from Mr. Hernandez. In my financial affidavit (required by the divorce), I disclosed my exclusive ownership in 100% of the proceeds of the then pending civil suit.

I have always acted as the owner of my interest in IWM and the $900,000 from its sale. I have always exercised dominion and control over this asset.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

and

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

**DECLARATION**

I, __Olympia De Castro__, do hereby declare, certify, and verify, under penalty of perjury as provided by federal law, that I have read the foregoing Answers to the First Set of Interrogatories and that every answer is true and correct.

Executed on: __5/13/2021__

                                                      PETITIONER/CLAIMANT