UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

and

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

**OLYMPIA DE CASTRO'S ANSWERS TO
UNITED STATES' FIRST SET OF INTERROGATORIES**

Third-Party Petitioner Olympia De Castro (De Castro), by and through undersigned counsel, and Pursuant to 21 U.S.C. § 853, Rule 32.2 of the Federal Rules of Criminal Procedure, Rule 33 of the Federal Rules of Civil Procedure, serves her objections to the United States' First Set of Interrogatories numbers 2 and 3.

Dated this 26th day of May 2021.

                                          Respectfully submitted,

                                          DEVINE GOODMAN & RASCO, LLP
                                          2800 Ponce de Leon Blvd., Suite 1400
                                          Coral Gables, FL 33134
                                          Tel: 305-374-8200
                                          Email: grasco@devinegoodman.com

                                          */s/ Guy A. Rasco*
                                          Guy A. Rasco., Esq.
                                          Fla. Bar No.: 727520
                                          *Attorneys for Third-Party Petitioner*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 26th day of May, 2021, via email on all parties of record.

                                     */s/ Guy A. Rasco*
                                     Guy A. Rasco

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 2**:

Describe in detail Gustavo Adolfo Hernandez Frieri's involvement with your Petition, Claim, the Subject Forfeited Assets or the state litigation that resulted in the Subject Forfeited Assets.

**ANSWER:**

**Objection. No answer to this interrogatory is possible without the impermissible invasion of my attorney-client communications and work product doctrine privileges. Insofar as I shared any attorney-client communications or attorney work product with Mr. Hernandez and his counsel, such sharing of information does not act as a waiver of these privileges because the information and communications were shared subject to a Joint Defense Agreement predicated on a common legal interest.**

**Objection. Any response regarding any involvement by Mr. Hernandez prior to February 10, 2020, would result in violation of the marital communications privilege. The marital communications privilege is one of two sorts of marital privilege long recognized by the Courts.** *See e.g., United States v. Singleton*, **260 F.3d 1295, 1297 (11th Cir. 2001), citing** *Trammel v. United States*, **445 U.S. 40, 50-51 (1980);** *United States v. Entrekin*, **624 F.2d 597, 598 (5th Cir.1980);** *United States v. Mendoza*, **574 F.2d 1373, 1379 (5th Cir.1978). "The marital communications privilege excludes information privately disclosed between husband and wife in the confidence of the marital relationship."** *Michael K. Sheils Trust v. Kuhn*, **2010 WL 11507727, at \*2 (M.D. Fla. Feb. 26, 2010) (quoting** *U.S. v. Abram*, **171 F. App'x 304, 309-10 (11th Cir. 2006) (***citing Trammel v. United States* **at 50-51). Gustavo and I were married in April 2007. We divorced on Feb. 10, 2020. Our communications during this period fall squarely into marital communication privilege and are not subject to discovery.**

**INTERROGATORY NO. 3**:

Describe in detail your asserted joint defense agreement with Gustavo Adolfo Hernandez Frieri, including but not limited to identify the date the purported agreement began, the purpose of the purported joint defense, and your purported cooperative and common enterprise towards an identical legal strategy.

**ANSWER:**

**Objection. A response would infringe upon the joint defense agreement itself by requiring de Castro to reveal the details of the shared common interest and the particular joint legal strategies engaged in. De Castro is willing to provide to the Court (***ex parte*, **for** *in camera* **review, an affidavit of counsel setting forth these details.)**

3