UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

and

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

## DECLARATION OF AMY STEELE DONNER

Pursuant to 28 U.S. Code § 1746, I Amy Steele Donner, Esq. declare as follows:

1. I am Of Counsel to Nelson Mullins Broad and Cassel. I have personal knowledge of the facts set forth in this Declaration.

2. I have been advised that the government has questioned whether Olympia De Castro engaged in impropriety concerning the Financial Affidavit prepared in connection with her divorce proceeding, *De Castro v. Hernandez*, Miami-Dade Circuit Court docket at Case No. 2019-011955-FC-04.

3. I represented Ms. De Castro in her divorce from Gustavo Hernandez. Ms. De Castro formally engaged me in the Spring of 2019.

4. As is my customary practice, I asked Ms. De Castro about all of her assets.

5. We customarily prepare a handwritten draft of a Financial Affidavit based on the information provided by our clients.

6. In December of 2019, Ms. De Castro provided me with information relating to her assets. We prepared a draft Financial Affidavit using the court approved form based on Ms. De Castro's information. That draft did not include the information for the case caption because we did not intend to file it with the Court.

7. It is my practice to not file the draft Financial Affidavit with the Court, but merely to exchange it with the opposing party if the court permits. That is what we did with Ms. De Castro's draft Financial Affidavit. It was not and has never been filed with the Court.

8. When I learned that Ms. De Castro had filed a civil action against Daniel Holtz and Toni Holtz in early January of 2020 (I did not represent Ms. De Castro in that action), I recommended that she amend the draft Financial Affidavit we held for her in our files to add her claim against Mr. Holtz as a contingent asset. Ms. De Castro had informed me earlier of this potential claim. Ms. De Castro agreed to the revision.

9. My assistant revised the handwritten draft Financial Affidavit by typing in the information for the case caption, and by typing in the section for contingent assets, the *De Castro v. Holtz* case number and the amount of $900,000.

10. Our firm records reflect that my assistant made the typewritten revisions to the draft Financial Affidavit and saved it to our electronic filing program, NetDocs, on February 13, 2020.

11. The revised Financial Affidavit was not filed with the Court in Ms. De Castro's divorce proceeding.

12. Ms. De Castro's divorce proceeding resulted in a default final judgment on February 10, 2020 without the need to file a Financial Affidavit of any kind.

13. The Miami-Dade Circuit Court docket at Case No. 2019-011955-FC-04 demonstrates that no financial affidavits were filed by either party.

14. At Ms. De Castro's request, my assistant emailed a copy of the revised draft Financial Affidavit to Ms. De Castro on January 27, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6-3-2021.

_____
Amy Steele Donner, Esq.