UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

And

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

## DECLARATION OF GUY AUSTIN RASCO, ESQ.

Pursuant to 28 U.S. Code § 1746, I Guy Austin Rasco, Esq. declare as follows:

1. I am a Florida licensed attorney in good standing, admitted to the bar of the Southern District of Florida, and I am counsel to Olympia De Castro in the above-entitled action (the "Forfeiture Action").

2. Nothing in this Declaration constitutes a waiver of any attorney-client privilege, the work product doctrine, or the common interest doctrine.

3. I was originally engaged by Ms. De Castro to pursue her interests in *Olympia De Castro v. Daniel Holtz, Toni Holtz, and Walden Capital Corporation*; Case No. 20-000080-CA-01 (the "State Civil Matter") and to secure her recovery of $900,000 (plus interest) that should have been paid to her by Walden Capital Corp. when her interest in Salondera LLC was sold in December 2016 (the "Asset").

4. At the outset of the State Civil Action, in December 2019, undersigned counsel, which represents Ms. De Castro, and Ms. De Castro entered into a Joint Defense Agreement ("JDA") with Ms. De Castro's then soon-to-be-ex-husband, Gustavo Adolfo Hernandez Frieri, and his counsel Michael Pasano.

5. Ms. De Castro and Mr. Hernandez shared a common legal interest at that time in securing Ms. De Castro's rights in the $900,000 Asset, primarily to ensure that the Asset – which was hers and hers alone – would be secured for Ms. De Castro to provide for their three children.

6. The parties shared a common legal strategy to force a favorable settlement with the defendants in the State Civil Action, or to try the case and obtain judgment against them for $900,000 plus interest.

7. Ms. De Castro, Mr. Hernandez and counsel did not share information or communications related to the State Civil Action until after the JDA was entered into.

8. Although not reduced to writing, the terms of the JDA were clear to all involved: the parties agreed to share information regarding the State Civil Action between and among themselves and their legal counsel with the understanding that doing so would advance their common legal interest and with the understanding that neither party would share with any third party what they had shared between and among them.

9. To advance that understanding, both parties were careful to limit their communications – primarily in the form of emails – to participants in the JDA.

10. In November 2020, the State Civil Action settled with Ms. De Castro for the payment of the full $900,000 plus interest, which was to be paid to Ms. De Castro from the

2

Devine Goodman & Rasco, LLP
2800 Ponce de Leon Boulevard | Suite 1400 | Coral Gables, Florida 33134 | P 305.374.8200 | F 305.374.8208

impending sale of a mobile home park owned in part by the defendants in the State Civil Action.

11. Soon after settlement was reached in the State Civil Action, however, in December of 2020, the United States began to focus on attempting to forfeit the Asset based on an argument that the asset allegedly belonged to Mr. Hernandez.

12. At this point the JDA between the parties turned on the same common interest – that the Asset be adjudged Ms. De Castro's property, so that it could provide for the parties' three children.

13. The common legal strategy to vindicate that interest shifted at that point, away from securing the asset from the claims of the defendants in the State Civil Action, and toward establishing fact-based defenses to the United States' claims in the Forfeiture Action that the Asset belonged not to Ms. De Castro.

14. Ms. De Castro, Mr. Hernandez and counsel did not share information or communications related to the Forfeiture Action until after the JDA was entered into.

15. Just as during the State Civil Action, although not reduced to writing, the terms of the JDA were clear to all involved: The parties agreed to share information regarding the Forfeiture Action between and among themselves and their legal counsel with the understanding that doing so would advance their common legal interest and with the understanding that neither party would share with any third party what they had shared between and among them.

16. To advance that understanding, both parties were careful to limit their communications – primarily in the form of emails – to participants in the JDA.

3

17. Ms. De Castro does not waive any aspect of her attorney-client communication privilege and asserts that the existence of the JDA – predicated on her continuing common legal interest with Mr. Hernandez respecting the disposition of her Asset – provides an exception to any claim of waiver of that privilege with respect to communications shared among the participants in the JDA.

18. Undersigned counsel has consulted with counsel for Mr. Hernandez and is advised that he, likewise, does not waive any aspect of his attorney-client communication privilege, and likewise asserts that the existence of the JDA – predicated on his continuing common legal interest with Ms. De Castro respecting the disposition of her Asset – provides an exception to any claim of waiver of that privilege with respect to communications shared among the participants in the JDA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 10, 2021

Guy Austin Rasco, Esq.

DEVINE GOODMAN & RASCO, LLP
2800 PONCE DE LEON BOULEVARD | SUITE 1400 | CORAL GABLES, FLORIDA 33134 | P 305.374.8200 | F 305.374.8208