UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI

_____/

**DEFENDANT'S JOINDER IN ECF#427**
**"OLYMPIA DE CASTRO'S RESPONSE TO THE GOVERNMENT'S**
**MOTION TO COMPEL DISCOVERY RESPONSES"**

Defendant Gustavo Hernandez joins in the assertion of the joint defense privilege by Olympia De Castro in ECF#427, *Olympia De Castro's Response To The Government's Motion To Compel Discovery Responses*, and in the emails and documents covered by that privilege, including those identified in the privilege log appended to Ms. De Castro's motion as Exhibit 4,  ECF#427-4. In further support, Mr. Hernandez states:

1. The Government contends that there was no valid joint defense between the De Castro and Hernandez camps because "[a] shared interest in preserving the money for their children is not a legal interest, but rather is akin to a commercial or rooting interest, which cannot support the common-interest doctrine." ECF#431:3. The government cites to page 7 of Magistrate Judge Goodman's Order in *Del Monte*, which states among other things:

> 6. The common interest doctrine applies only "when the parties have *a shared interest in actual or potential litigation against a common adversary*, and the nature of their common interest is **legal**, and not solely commercial." *Breslow v. Am. Sec. Ins. Co.*, No. 14-62834, 2016 WL 698124, at *9 (S.D. Fla. Feb. 19, 2016) (internal citations omitted).

*Del Monte Int'l GMBH v. Ticofrut, S.A.*, No. 16-23894-CIV, 2017 WL 1709784 (S.D. Fla. May 2, 2017) (**bold** in original; *italics* added).

2. Judge Goodman's order supports, rather than defeats, the argument that the communications with Mr. Rasco are privileged pursuant to the joint defense agreement between Mr. Rasco, as counsel for Ms. De Castro, and Michael Pasano, as counsel for Mr. Hernandez. Mr. Hernandez requests an opportunity to be heard.[1]

3. De Castro and Hernandez meet all three requirements identified by Judge Goodman: they have "a shared interest" in "actual litigation" "against a common adversary," the United States government. The nature of their common interest is to overcome the efforts of the government in pending litigation to forfeit assets, and secure those assets for Ms. De Castro to provide for their three children.

4. De Castro and Hernandez also shared a common legal interest and legal strategy during the civil case, *De Castro v. Holtz, et al*, No. 20-000080-CA-01. As

---

[1] This case is unlike the other case cited by the Government, *McCullough v. Fraternal Ord. of Police*, 304 F.R.D. 232 (N.D. Ill. 2014), because that case involved the same lawyer representing two different parties, not the lawyer for one party communicating with the client of another lawyer in the joint defense.

De Castro's *Response* states, their common legal strategy was "[f]irst to secure Ms. De Castro's right to the asset from the civil defendants and then to protect it from the unjustified predations of the government, to the benefit of the couple's children." ECF#427:9.

> The core functionality of this joint defense agreement was to secure the asset from the civil defendants in the first place. Then the strategy was designed to allow Mr. Hernandez, who was fighting for his liberty, and Ms. De Castro, who was fighting to retain her lawfully owned asset, to coordinate their legal strategies to the degree necessary to secure the just and proper outcome in this proceeding (which is for Ms. De Castro to keep the $900,000 to help support herself and her children), without compromising their other legal interests. To that end, they did form and implement common legal strategies. Rasco Dec. (Exh. C) ¶¶6, 10, 13.

ECF#427:9*; see also Del Monte,* 2016 WL 698124, at *7 ("Parties seeking to use the common interest doctrine must in practice demonstrate cooperation in forming 'a common legal strategy' because the doctrine 'does not encompass a joint business strategy'"); Rasco Declaration, ECF#427-5:¶¶4-6, 12-14.[2]

5. In this case, Mr. Rasco, who is a lawyer, was communicating with Hernandez, a represented party who is also a defendant in a pending criminal case. Michael Pasano, who represented Hernandez in the criminal case since its inception,

---

[2] Other portions of *Del Monte* further support the privilege here. For example, all communications with Mr. Rasco were "made and maintained under circumstances where it is reasonable to assume that disclosure to third parties was not intended," and steps were taken to protect confidentiality. *See Del Monte*, 2017 WL 1709784, at *7, ¶¶ 9-10;  Rasco Declaration, ECF#427-5:¶¶7-9, 14-16.

would not have authorized Hernandez to participate in communications with Mr. Rasco unless Mr. Pasano believed the communications were privileged under the joint defense and would not be disclosed to third parties, much less the prosecutors. For his part, Mr. Rasco would not have communicated with Hernandez, a represented party, unless Mr. Pasano authorized it. *See* Florida's No-Contact Rule (Rule 4-4.2(a)) (prohibiting lawyers from contacting represented parties).

6. From the onset of the communications with Mr. Rasco, Mr. Pasano (a) assured Hernandez that communications with Mr. Rasco were privileged, (b) authorized Hernandez to communicate with Mr. Rasco pursuant to their joint defense agreement, and (c) encouraged Hernandez to communicate directly with Mr. Rasco, under the full expectation that the communications were privileged. Mr. Rasco, in turn, agreed to keep all communications with Mr. Pasano and with Hernandez confidential pursuant to their joint defense agreement. *See* Rasco Declaration, ECF#427-5:¶¶8-9, 15-16.

7. The privilege log appended to De Castro's motion lists emails where undersigned counsel and undersigned's law partner Jackie Perczek were included in the exchange with Mr. Rasco. Undersigned counsel joined Mr. Pasano in the representation of Hernandez at the beginning of 2021. Mr. Pasano and Mr. Hernandez informed undersigned that they were operating under a joint defense agreement with Mr. Rasco, which undersigned believed was a valid and enforceable

agreement. As counsel for Hernandez, undersigned orally joined in the joint defense and, when copied on emails with Hernandez and Mr. Rasco, undersigned believed that the communications with Mr. Rasco were privileged and did not advise Hernandez otherwise.

8. Having established that there was a joint defense, Mr. Hernandez does not waive the joint defense privilege.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
(305) 371-6421
HSrebnick@RoyBlack.com

By:   /s/ *Howard Srebnick*
HOWARD SREBNICK
Florida Bar No. 919063