UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI
_____/

**HERNANDEZ-FRIERI'S REPLY TO GOVERNMENT'S
RESPONSE [ECF#448] TO HERNANDEZ-FRIERI'S
JOINDER [ECF#444] TO OLYMPIA DE CASTRO'S RESPONSE
[ECF#427] TO GOVERNMENT'S MOTION TO COMPEL [ECF#421]**

The government makes three arguments, all of which build on the erroneous premise that in order for Ms. De Castro and Mr. Hernandez to have a valid JDA, both De Castro and Hernandez must have an interest *in the asset* the government seeks to forfeit. No such requirement exists.

First, the government contends that Hernandez has failed to establish a valid JDA because there has been no "proffer that [Hernandez] has a legal interest *in the approximately $900,000 in dispute* (the Subject Asset) . . . ." The government contends that a joint defense between Hernandez and De Castro is invalid because it "runs counter to De Castro's entire case, which is that the ownership interest underlying the Subject Asset was hers since 2015." ECF#448:2 (emphasis added).

Second, the government contends that if there is a valid JDA between Hernandez and De Castro, then this means that Hernandez has an interest in the Subject Asset. The government states: "In other words, if the common-interest doctrine applies, then both De Castro and Defendant recognize that Defendant had an interest *in the property that was forfeited* to the United States." ECF#448:2 (emphasis added).

Third, the government contends that because a valid JDA between Hernandez and De Castro means that Hernandez has an interest in the Subject Asset, Hernandez was required to disclose the Subject Asset in his personal financial statement in the criminal case. The government argues:

> Defendant never disclosed the Subject Asset to the Government in his financial disclosure form, filed in the criminal prosecution. (*See* ECF No.238-4.) Now, Defendant claims a 'legal' interest *in the Subject Asset*. This underscores how Defendant sought to shield his interest in the Subject Asset previously, but now alleges an interest in that asset, in efforts to impede final forfeiture—contrary to his plea agreement. (ECF No. 163 ¶¶ 7, 13-14.).

ECF#448:3 n.3 (emphasis added).

But Hernandez and De Castro need not have common ownership of the Subject Asset in order to participate in an enforceable JDA; the government cites no case that requires joint ownership of property as the sine qua non for determining whether parties have a valid JDA. To the contrary, parties in litigation (who, until joined in litigation, may be total strangers) routinely enter into a joint defense to

collaborate in litigation against a common litigation adversary, even if those parties do not have shared ownership of property. The Eleventh Circuit has explained:

> [M]any courts have held that the attorney-client privilege gives rise to a concomitant "joint defense privilege" which "serves to protect the confidentiality of communications passing from one party to the attorney for another party *where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel*." As the Second Circuit observed, "The need to protect the free flow of information from client to attorney logically exists whenever multiple clients share a *common interest about a legal matter*."

*United States v. Almeida*, 341 F.3d 1318, 1324 (11th Cir. 2003) (emphasis added). In *Almeida*, the Eleventh Circuit upheld the JDA between two co-defendants in a criminal case whose only common interest was their shared adversity to the government in the criminal litigation. *See also Del Monte Int'l GMBH v. Ticofrut, S.A.*, 2017 WL 1709784 (S.D. Fla. May 2, 2017) ("The common interest doctrine applies only "when the parties have *a shared interest in actual or potential litigation against a common adversary*, and the nature of their common interest is **legal**, and not solely commercial") (**bold** in original; *italics* added).

Hernandez entered into valid JDA with De Castro in part because he and De Castro have "a shared interest" in "actual litigation" "against a common adversary," the United States government. The nature of their common interest is to overcome the government's quest to punish Hernandez by forfeiting untainted assets that belong to Ms. De Castro (the mother and care-giver of their three minor children) or are partially owned by or are held in trust for the benefit of their three minor children.

ECF#444:2-3. Hernandez shares with De Castro the common goal of defeating the government's litigation effort—in the criminal case against Hernandez—to have "the sins of the father … laid upon the children." William Shakespeare, The Merchant of Venice. *Cf. Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018) ("We agree that a person's interest in being united with his relatives is sufficiently concrete and particularized to form the basis of an Article III injury in fact.").

        Respectfully submitted,

        **BLACK SREBNICK**
        201 South Biscayne Boulevard, Suite 1300
        Miami, Florida 33131
        (305) 371-6421
        HSrebnick@RoyBlack.com

By:   /s/ *Howard Srebnick*
        HOWARD SREBNICK
        Florida Bar No. 919063