UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

And

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

**OLYMPIA DE CASTRO'S RESPONSE TO THE GOVERNMENT'S "SUPPLEMENTAL FILING IN FURTHER SUPPORT OF THE GOVERNMENT'S MOTION TO COMPEL"**

Olympia De Castro, through undersigned counsel, responds to the government's so-called "Supplemental Filing in Further Support of the Government's Motion to Compel" (DE 454) (the "Supplement")[1] as follows:

Through the Supplement, the government advances the following position: That disclosure of an email in which De Castro never claimed a privilege acted as a waiver of a privilege and, further, that disclosure of a May 2019 email can waive a privilege that didn't

---

[1] Preliminarily – and despite the fact the Supplement actually supports De Castro's position, not the government's – we note that the Supplement is really nothing more than the government's unauthorized sur-reply to the government's own reply, and suggest the Court is free simply to ignore or strike it.

exist until December 2019.[2] If that sounds nonsensical, that's because the government's position is nonsense.

First, De Castro has never claimed a privilege for the 16 May 2019 email the government's Supplement waves about like a still-smoking gun. Indeed, the 16 May 2019 is not privileged. De Castro was not represented by counsel as of May 2019 and there was no joint defense agreement in place at that time. Disclosure of a unprivileged document in which one does not claim privilege cannot rationally be understood as a waiver of the privilege one did not claim.

Second, De Castro is not claiming that her joint defense agreement[3] with Gustavo Hernandez Fieri began before December 2019. See the Declaration of undersigned counsel (Exhibit C to DE 427) at paragraph 4. The joint defense agreement was first instituted when the parties' shared a legal interest and the need for a common legal strategy arose in the civil case De Castro prosecuted to litigate her sole ownership of the $900,000 asset at issue here. That happened at the very end of 2019 (as the case was brought in January 2020) six months after creation of the 16 May 2019 email.

---

[2] As we have said before, the claimed Joint Defense Agreement isn't actually a privilege of its own, but acts as an exception to the waiver of attorney-client and work product privileges when parties and lawyers share communications with each other.

[3] As set forth in her Amended Privilege Log (DE 459), De Castro's initially filed privilege log contained an error that carried the "JDA" notation down through the privilege column for all the documents claimed. That error has been corrected in the amended log for the last nine documents to comport with the facts and the sworn declaration of undersigned counsel. Thus, the government's claim in footnote 2 of the Supplement, that De Castro claims the existence of a joint defense agreement as far back as 2017, is false. The nine emails at the end of the Privilege Log aren't privileged under a joint defense agreement. They are all (including the 9 January 2017 email to which the government refers) subject solely to the marital privilege (as more fully set forth in DE Castro's Response to the Motion to Compel (DE 427) pp. 6 – 7).

De Castro's production of the unprivileged 16 May 2019 email between De Castro and Hernandez's lawyer is a non-event and cannot constitute a waiver of privilege on this email or other emails. The implications for De Castro's privilege claims are precisely nothing at all. That was an unprivileged document created before the relevant privilege even arose.

Dated this 4th day of August 2021.

                                            Respectfully submitted,

                                            DEVINE GOODMAN & RASCO, LLP
                                            2800 Ponce de Leon Blvd., Suite 1400
                                            Coral Gables, FL 33134
                                            Tel: 305-374-8200
                                            Email: grasco@devinegoodman.com

                                            */s/ Guy A. Rasco*
                                            Guy A. Rasco., Esq.
                                            Fla. Bar No.: 727520
                                            Robert J. Kuntz, Jr., Esq.
                                            Fla. Bar. No.: 094668
                                            *Attorneys for Third-Party Petitioner*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Filing System this 4th day of August, 2021, on all counsel of record.

*/s/ Guy A. Rasco*
Guy A. Rasco