UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

and

OLYMPIA DE CASTRO,

    Third Party Petitioner,

597 HIBISCUS LANE REVOCABLE TRUST,

    Third Party Petitioner.

_____/

**RESPONSE TO MOTION FOR FINAL ORDER OF FORFEITURE**

    Third Party Petitioners, Olympia De Castro and 597 Hibiscus Lane Revocable Trust, file their response in opposition to the Government's Motion for Final Order of Forfeiture (DE 544) and further state as follows:

    1.    The Government's motion relates to forfeiture proceedings with regard to the substitute property at issue, the sale proceeds from the home at 597 Hibiscus Lane, Miami, Florida. The Government notes that this Court adopted (DE 539) the Report of the United States Magistrate Judge (DE 316), which recommended dismissal of the petition filed by these Third Party Petitioners who were the record title owners of the real estate. Because there are sound legal and equitable grounds for the Court to recognize, at least in part, the interests of the Third Party Petitioners, the Court should either deny the Government's motion or modify the relief to afford intermediate relief. *See United States Franco*, 2017 WL

3187392, at *4 (W.D. Va. July 26, 2017) (adopting equitable approach of partial forfeiture; recognizing that the inability of a tenant by the entirety to show a superior interest should not lead to complete forfeiture of state-law-recognized interests; "Instead, the court will exercise its broad powers under § 853 and utilize an intermediate solution modeled on the decision of the Court of Appeals for the Third Circuit in *United States v. Parcel of Real Property Known as 1500 Lincoln Ave.*, 949 F.2d 73 (3d Cir. 1991) (Alito, J.).").

2. In this case, the Report adopted by this Court recommended dismissal of the petition. In this context, it should be noted that dismissal may be with or without prejudice, and given the circumstances in this case in which an interest in the property was conveyed to the Trust prior to any offense set forth in the criminal indictment, and further given that the property at issue consists entirely of untainted, substitute assets of which spouses were co-trustees prior to 2019, the Court should consider these petitioners' request that the Court denominate the dismissal order as *without prejudice*, including to permit amendment of the petition to address partial or equitable distribution of interests. *See United States v. Silva*, 15-20727-Cr-Gayles, 2018 WL 5847348 (S.D. Fla. Sept. 6, 2018) (granting, solely on an equitable and proportional distribution basis, petition for ancillary relief; district court made proportional division of the LLC assets because the LLC was owned in part by the criminal defendant and her interest was subject to forfeiture; district court concluded that equitable distribution of net proceeds from sale of real properties at issue—with proportional shares of the proceeds going to claimants and the Government—effectuated remedial purposes of 21 U.S.C. § 853).

3. Ruling that dismissal in this case should be without prejudice affords the best opportunity for assuring that justice is done. The Report adopted in this case found that because the criminal defendant was one of two trustees of Petitioner 597 Hibiscus Lane Revocable Trust, and because the trust was revocable (albeit *not* unilaterally revocable by the criminal defendant, because the governing Trust documents prohibited the criminal

defendant from taking any action to revoke the Trust unless co-trustee Olympia De Castro agreed),[1] the trustee (Olympia), as nominal owner on behalf of the trust, could not have a superior interest to the criminal defendant, even though the latter had resigned and lost his ability to participate in any revocation decision in 2019.  Considering the allegations of the present petition in the light most favorable to the Petitioners as required in the pre-summary judgment stage, *see*, *e.g.*, *Godelia v. Doe 1*, 881 F.3d 1309, 1316 (11th Cir. 2018), dismissal without prejudice would best effect the interests of justice.  *See United States v. Soultanali*, No. 14-CR-229-1, 2018 WL 4008333, at *4 (N.D. Ill. Aug. 20, 2018), (addressing co-ownership interests where superiority of petitioner's co-ownership interest was disputed by government; "The Court therefore dismisses the petitions with respect to the Morton Grove and Wheeling properties without prejudice, to allow the Adverse Claimants to properly and specifically plead their interests.").

      4.      Importantly, the Report in this matter cited no analogous forfeiture authorities in which dismissal with prejudice, without leave to amend to clarify standing, was ordered. And the unique nature of the nominee standing of a trustee (or co-trustees) is distinct from situations in which only a nominal *underlying* interest is at stake.  Thus, while the Report focused on the resignation of the criminal defendant as a co-trustee in 2019, even if that resignation had not occurred, the nominal nature of the trustee status would not have undermined the substantive interest of the Trust itself.  As was seen in Judge Gayles' decision in *Silva*, an entity does not lack standing simply because a defendant has a managerial position or is a stockholder or as here, had a potential reversionary interest (albeit one that he did not unilaterally control).  To the extent the Report concluded that a mere contingent reversionary interest (the criminal defendant's prior settlor interest) was ever superior to the Trust entity interest, despite his lack of control over revocability, the

---

[1] Pursuant to Article 4, the Trust can only be revoked by the Grantor – defined as Gustavo Hernandez-Frieri and Olympia De Castro *jointly*. *See* DE 262-1, at 1, 4.

Petitioners should have the opportunity in an amended petition to clarify that non-unilateral revocability of a trust (much like the potential for a mutually agreed dissolution of an LLC or other entity) creates only an inferior contingent reversionary interest that is subordinate to the Trust's (entity's) interest. This crucial distinction from a single member LLC or single trustee who can unilaterally dissolve the trust entity warrants no greater relief for the Government than dismissal without prejudice to cure any deficiency in the petition's explanation of interest and alternative claim for equitable distribution. Once the relevant facts are fully placed on the table, and the case can await summary judgment or hearing resolution, the record will be best preserved no matter the ultimate disposition of the case.

WHEREFORE, Petitioners request that the Court deny the Government's Motion for Final Order of Forfeiture, denominate the Order Adopting the Magistrate Judge's Report as a Dismissal Without Prejudice, and alternatively modify the relief afforded to the Government by granting equitable distribution of the trust assets.

Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:  /s/ A. Margot Moss
     A. Margot Moss
     Florida Bar Number 091870
     mmoss@markuslaw.com

     /s/ David Oscar Markus
     David Oscar Markus
     Florida Bar Number 119318
     dmarkus@markuslaw.com