UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

and

OLYMPIA DE CASTRO,

    Third Party Petitioner,

597 HIBISCUS LANE REVOCABLE TRUST,

    Third Party Petitioner.

_____/

**PETITIONERS' FED. R. CIV. P. 59 MOTION
TO ALTER OR AMEND JUDGMENT**

    Third Party Petitioners, Olympia De Castro and 597 Hibiscus Lane Revocable Trust, through undersigned counsel and pursuant to Fed. R. Civ. P. 59(a)(2) and (e), move to alter or amend this Court's order (DE 539) adopting the Report of the Magistrate Judge regarding the instant ancillary petition and, alternatively, move to reopen the case to hear additional evidence in summary judgment or ancillary hearing proceedings. Petitioners further state:

    On February 4, 2022, this Court adopted (DE 539) the Report of the United States Magistrate Judge (DE 316), recommending dismissal of the ancillary petition on the basis that "the interests between [the criminal defendant] and [the trustee, Ms.

De Castro] are, in material respects, equal," DE 316 at 28, and therefore Petitioners cannot show superiority of interest. The Magistrate Judge's conclusion regarding superior-interest standing is manifestly erroneous under 28 U.S.C. § 853(n) for multiple reasons, each of which warrants granting Rule 59 relief. First, the equality of interests found by the Magistrate Judge does not imply that each separate interest holder lacks a superiority of interest *in their own share*—even if their shares or stakes are equal in value. Instead, in every forfeiture case involving spouses with *equal* interests in a marital home, the Eleventh Circuit has permitted the forfeiture only of the criminal defendant's half share, and *not* the equal share of the spouse. *See United States v. Jimerson*, 5 F.3d 1453 (11th Cir. 1993); *United States v. Kennedy*, 201 F.3d 1324, 1329 (11th Cir. 2000); *United States v. Fleet*, 498 F.3d 1225, 1227 (11th Cir. 2007).

Second, the Magistrate Judge's superiority conclusion is unfounded to the extent it was based on two fundamental errors relating to the circumstances of this case, where the Magistrate Judge: (1) misconstrued and thus failed to apply clear provisions of Florida trust law that validate terms of the instant Petitioners' trust agreement that prevented the criminal defendant from *ever* unilaterally revoking the Trust, whether before or after he was divested from co-trusteeship and co-settlor status by a valid marital settlement (*see* Trust Article 4, providing that Trust can be revoked only by the Grantor—defined as the two trustees acting jointly, DE 262-1 at 1, 4; *see also* DE 316, generally, citing no Florida case barring co-settlors from resolving marital litigation by settlement of trust interests); and (2) failed to give effect to the marital settlement itself, where Eleventh Circuit precedent shows that such a valid settlement must be given effect to the extent recognized by Florida law. *See United States v. Duran,* 701 F.3d 912, 915 (11th Cir. 2012) (reversing and remanding for

2

determination of validity of marital settlement entered into after commission of offense, where district court discounted it entirely in that it had not yet resulted in transfer of title to the innocent spouse; "After the United States obtained a writ of execution [for restitution] against an apartment that, according to property records, was owned jointly by Lawrence and his former wife, Carmen Duran, she moved to dissolve or stay the writ on the ground that she had acquired sole title to the property" through a marital settlement).

Third, the Magistrate Judge's Report relied on factual allegations by the government that fall outside the scope of the well-pled claim of standing, including regarding whether the marital settlement terms were fair in relation to the amount of the defendant's individual contributions or debts to the Trust. *See*, *e.g.*, *Godelia v. Doe 1*, 881 F.3d 1309, 1316 (11th Cir. 2018) ("[W]e accept the complaint's factual allegations as *true* and *construe them in the light most favorable to the plaintiffs*.") (emphasis added).

For the reasons discussed below, and pursuant to the authority of Fed. R. Civ. P. 59, the Court should use the opportunity of this timely-filed Rule 59 motion to evaluate whether the Magistrate Judge's Report's recommendation of a resolution of complex standing questions based on a superiority of interest standard should await full record development. And further, because the Magistrate Judge's interpretation of Florida trust law and the impact of both the terms of the Trust and the marital settlement lacked precedent, the Court, even if it maintains a dismissal ruling, should denominate the dismissal as without prejudice to the amendment of the petition to address what the Magistrate Judge referred to as a failure to address the relief sought, so as to clarify that the relief afforded in *Jimerson*, *Kennedy*, and *Fleet*, and addressed in more recent decisions, *e.g.*, *United States Franco*, 2017 WL 3187392, at *4 (W.D.

Va. July 26, 2017) (citing *United States v. Parcel of Real Property Known as 1500 Lincoln Ave.*, 949 F.2d 73 (3d Cir. 1991) (Alito, J.)); *United States v. Silva*, 15-20727-Cr-Gayles, 2018 WL 5847348 (S.D. Fla. Sept. 6, 2018); *United States v. Soultanali*, No. 14-CR-229-1, 2018 WL 4008333, at *4 (N.D. Ill. Aug. 20, 2018), is encompassed within the relief sought by the Petitioners.

Importantly, the government has offered no merits response to Judge Gayles' determination in *Silva* that even where the criminal defendant holds an equality of interest with claimants in an ancillary proceeding, the relief to be afforded is to recognize the co-equal interest as valid and disallow only the share of the criminal defendant. 2018 WL 5847348 at *1. Instead, the government (DE 553 at 2 n. 1) cites *United States v. Tardon*, 493 F. Supp. 3d 1188 (S.D. Fla. 2020), in which another district judge, *after ancillary hearing* and factual findings adverse to the claimants, criticized *a separate, unrelated ruling* by Judge Gayles in the *Silva* case. *See Tardon*, 493 F. Supp. 3d at 1219–20 (asserting that an innocent claimant must rely on more than legal title to real estate to assert standing; finding that in *Tardon*, the claimants who did not even live in the same country as the real estate and never resided in, paid bills for, or maintained it, had only a nominal interest; wrongly asserting that the claimants in *Silva* offered as support only their title to the property and did not rely on the entirety of the criminal case record).

Judge Gayles' recognition in *Silva* that separable co-equal interests in forfeited property can be validated in ancillary proceedings was not challenged in *Tardon*, and *Silva*'s reasoning is consistent with equity, precedent, and the interest of justice. By citing *Tardon*, the government has unintentionally poked a hole in its own arguments. In *Tardon*, the key factor in finding a lack of standing was that the criminal defendant had exclusively used, maintained, and enjoyed the property, while the nominal entity

4

owners were in Europe and had no contact with the property. That circumstance—in which the claimants have no real interest in the property—is clearly absent here. Instead, the only adult who has continuously maintained, and resided and worked, in 597 Hibiscus throughout the period at issue, from 2013 to 2021, was Olympia De Castro, who raised three small children in that home (one of whom was born while Olympia lived in the house, and resided there with Olympia and the newborn's two siblings until long after the indictment in this case). In light of the government's reliance on *Tardon*, the Magistrate Judge's contention in the present case—that although "Petitioners spend page after page describing how Ms. De Castro manages the property and acts as the sole trustee, *they rely on nothing to show that any of that matters*," (DE 316 at 27) (emphasis added)—is internally contradictory. Management plus title equals standing under *Tardon*.

The *Tardon* court's dispute with *Silva* relates solely to whether title plus something more is required to show standing. Here, however, unlike *Tardon*, there is title plus near exclusive use and management by the Petitioners. Based on abundant precedential and persuasive authority regarding standing, the Court should conclude that it would be manifestly erroneous and manifestly unjust to fail to recognize the viability of Petitioners' allegations of standing at the motion to dismiss stage of this case. *See United States v. One 1936 Model Ford V-8 Deluxe Coach*, 307 U.S. 219, 226 (1939) ("Forfeitures are not favored; they should be enforced only when within both the letter and spirit of the law."). The letter and spirit of forfeiture law, and its jurisdictional limits, compel recognition of Petitioners' standing in this case. *See United States v. Gilbert*, 244 F.3d 888, 920 (11th Cir. 2001) (district court's criminal forfeiture jurisdiction does not extend beyond defendant's personal ownership interest; criminal forfeiture statutes afford courts jurisdiction only to forfeit the

5

defendant's property, nothing else); *see also United States v. Seher*, 562 F.3d 1344, 1370 (11th Cir. 2009); 21 U.S.C. § 853(p)(2).

The government (DE 442 at 1–2) has also wrongly contended that this ancillary proceeding is a closed case, even prior to expiration of the time for filing a Rule 59 motion and prior to a determination of whether dismissal is to be with or without prejudice to amendment of the petition. Tellingly, the government stipulated, in the very *Tardon* case that it now cites, that Rule 59 applies to ancillary proceedings. Even more, in *Tardon*, the government successfully asked the Eleventh Circuit to stay resolution of the *Tardon* appeal pending resolution of a Rule 59 motion in that case. *See* Gov't Resp. to Jurisdictional Questions, *United States v. Tardon*, 11th Cir. No. 20-13971 (filed Jan. 4, 2021). And it is noteworthy that while the *Tardon* case is still on appeal, the government *did not appeal* from Judge Gayles' ruling in the *Silva* case. Instead of filing an appeal in *Silva*, the government has continued to simply criticize it, failing to acknowledge its consistency with Circuit and Supreme Court precedent.

"An ancillary proceeding is not part of sentencing." Fed. R. Crim. P. 32.2(c)(4). It is instead a civil proceeding. *See United States v. Mar. Life Caribbean Ltd.*, 913 F.3d 1027, 1036 (11th Cir. 2019) (explaining that an ancillary third party 21 U.S.C. § 853(n) proceeding is civil in nature). Pursuant to Fed. R. Civ. P. 59(a)(2), the Court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." And under Fed. R. Civ. P. 59(e), the Court may grant a "motion to alter or amend a judgment ... filed no later than 28 days after the entry of the judgment." The Court should amend the judgment or reopen the proceedings in order to address the innocent ownership interests of Petitioners, consistent with the interest of justice and the overriding purpose of ancillary proceedings to protect the rights of

innocent persons.

"The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). It is hornbook law that "manifest errors of law or fact" warrant Rule 59 relief. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The Magistrate Judge's contention that "without superior ownership under 21 U.S.C. § 853(n)(6)(A) and no argument in support of a bona fide purchaser for value under 21 U.S.C.A. § 853(n)(6)(B), there is no protection for Petitioners under the federal criminal forfeiture statute" (DE 316 at 28), is manifestly erroneous.

This Court should permit the case to proceed to the summary judgment or hearing stage on the standing issue. *See Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, No. 21-10676, 2022 WL 620284, at *1 (11th Cir. Mar. 3, 2022) (Eleventh Circuit's most recent standing decision; reversing dismissal premised on standing grounds where plaintiff, who observes from afar the natural beauty of wetlands, was wrongly denied standing to contest a developer's attempt to fill in the land). Alternatively, the Court should grant leave to amend the petition to address the Magistrate Judge's suggestion (DE 316 at 13) that specific reference to 28 U.S.C. § 853(n)(6)(A) must be made in the petition and that separable interests must be recognized in ancillary proceedings. And further in the alternative, the Court should address whether Petitioners have a sufficient interest in the fungible res at issue—money produced from the sale of the residence—to assert standing as to a partial interest in that res that, in the interest of justice, did not give the government the right to forfeit the Petitioners' interests in the property. *Gilbert*, 244 F. 3d at 922; *see Dole Food Co. v. Patrickson*, 538 U.S. 468, 474–75 (2003). While *Gilbert* itself addressed the ownership of realty by a joint venture of two limited liability

7

companies, it cited approvingly counsel's rejection of the government's illogical premise that from one shareholder's purchase of General Motor shares with drug proceeds, all of General Motors would be subject to forfeiture. 244 F.3d at 921 n.74.

WHEREFORE, Petitioners Olympia De Castro and 597 Hibiscus Lane Revocable Trust move, pursuant to Fed. R. Civ. P. 59(a)(2) and (e), to alter or amend this Court's order (DE 534) adopting the Magistrate Judge's Report recommending that an order of dismissal be entered and, alternatively, move to reopen the case to permit the consideration of evidence either in summary judgment or hearing proceedings and to grant a hearing to address relevant evidence and argument and to enter an order specifying that the dismissal is without prejudice to further amendment of the petition consistent with the common core of operative facts on which the petition was originally filed.

Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:  /s/ A. Margot Moss
A. Margot Moss
Florida Bar Number 091870
mmoss@markuslaw.com

/s/ David Oscar Markus
David Oscar Markus
Florida Bar Number 119318
dmarkus@markuslaw.com