UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant.

## NOTICE ON FINAL FORFEITURE

Pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby files this Notice on Final Forfeiture:

1. On September 28, 2020, pursuant to 21 U.S.C. § 853(p), the Court entered a Second Preliminary Order of Forfeiture, ECF No. 239, in the above-captioned case against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant") forfeiting, subject to third-party interests, the following property, among other assets, to the United States (collectively, the "Property"):

> (i) approximately $1,206.65 issued by Chubb Insurance via check number 5000828 and made payable to the U.S. Department of Homeland Security; and
>
> (ii) approximately $5,264.69 issued by Bank of America via check number 1447414 and made payable to the Defendant, representing the closing balance of Bank of America account number ending in 2562.

2. Notice of the criminal forfeiture[1] was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days, from October 22, 2020, until November 20, 2020. *See* Decl. of Publication, ECF No. 263; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

3. Direct notice was sent to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Property, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1).

4. The notice described the Property and advised that any person, other than the Defendant, asserting a legal interest in the Property may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. The time period for filing a petition claiming an interest in the Property has expired, and no petition or claim has been filed.

6. The Second Preliminary Order of Forfeiture stated that upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then the Second Preliminary Order of Forfeiture shall become a Final Order of Forfeiture and any duly authorized law enforcement official shall dispose of the Property in accordance with applicable law.

---

[1] There was a scrivener's error in the published notice, indicating that the Bank of America check was approximately $5,26**5**.69. The correct value, as reflected in the Preliminary Order of Forfeiture, was approximately $5,26**4**.69.

7.      Accordingly, the Property is now finally forfeited, and all right, title, and interest in such Property is vested in the United States.

                          Respectfully submitted,

                          JUAN ANTONIO GONZALEZ
                          UNITED STATES ATTORNEY

                          By:   /s/ Nalina Sombuntham and Joshua Paster
                          Joshua Paster, Court ID No. A5502616
                          Nalina Sombuntham, Fla. Bar No. 96139
                          Assistant United States Attorneys
                          99 N.E. 4th Street, 7th Floor
                          Miami, Florida 33132-2111
                          Telephone: (305) 961-9224 / (305) 961-9342
                          Facsimile: (305) 536-4089
                          joshua.paster@usdoj.gov
                          nalina.sombuntham@usdoj.gov
                          Counsel for United States of America