UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS(s)(s)

UNITED STATES OF AMERICA

v.

CARMELO ANTONIO URDANETA AQUI,

Defendant.
_____/

## SECOND PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America for entry of a Second Preliminary Order of Forfeiture ("Motion") against Defendant Carmelo Antonio Urdaneta Aqui (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On July 12, 2021, the United States filed a Second Superseding Information charging the Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Second Superseding Information, ECF No. 440.

The Second Superseding Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h) the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 2. The Second Superseding Information alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of $49,265,050.80 in U.S. currency, which sum represents the value of the property involved in the offense of conviction that the Defendant obtained in accounts he controlled and may be sought as a forfeiture money judgment. *Id.* at 3. The Second Superseding Information advised that,

pursuant to 21 U.S.C. § 853(p), the United States shall be entitled to the forfeiture of the Defendant's substitute property, if as a result of his act or omission, property subject to forfeiture (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty. *See id.* at 3.

On July 14, 2021, the Court accepted the Defendant's guilty plea to the charge in Second Superseding Information. *See* Minute Entry, ECF No. 445; Plea Agreement ¶ 2, at 1, ECF No. 447. As part of the guilty plea, the Defendant agreed, *inter alia*, to a forfeiture money judgment in the amount of $49,265,050.85 in U.S. currency. *See* Plea Agreement ¶¶ 16-20, at 7-10. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> **16.** **The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, involved in the commission of the offense, in violation of 18 U.S.C. § 1956, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).** The property subject to forfeiture includes, but is not limited to:
> a. a forfeiture money judgment in the sum of $49,265,050.85 in U.S. currency, which sum represents the value of the property involved in the offense of conviction that the defendant obtained in accounts he controlled; and
> b. directly forfeitable property, including, but not limited to:
> (i) Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160, UNITED STATES;
> (ii) Real property located at 225 27th Street, Apt. A, Miami Beach, Florida 33140, UNITED STATES;
> (iii) Real property located at 225 27th Street, Apts. B-F, Miami Beach, Florida 33140, UNITED STATES; and
> (iv) All assets on deposit in account number CH3008609106086470003 at Banca Zarattini & Co. in Lugano, SWITZERLAND held in the name of Ville Flor Holding SA.

The defendant understands that the directly forfeitable property listed in item (i) above is also pending forfeiture in the parallel civil forfeiture action, *United States v. One 1999 135-Foot Baglietto Yacht, et al*, Case No. 19-CV-24249-WILLIAMS/TORRES (S.D. Fla.) (the "parallel civil forfeiture action"), and the United States in its sole discretion will determine whether to proceed with forfeiture proceedings against such asset in the parallel civil forfeiture action or in this case. The defendant also agrees and consents to the forfeiture of property that has already been forfeited in this case and the parallel civil forfeiture action, and agrees to assist in and to not contest the forfeiture of other property pending forfeiture, including but not limited to:

  (a) Real property located at Residencial Santa Maria Signature, Apartments 2-A, 2-B, 3-B, 5-B, 6-B, 7-B, 8-A, 11-A, 11-B, including fixtures and furnishings, in Panama, PANAMA;
  (b) Real property located at Residencial Costamare, Apartment 24-011, including fixtures and furnishings, in Panama, PANAMA;
  (c) Real property located at Residencial Costamare, Apartment 24-021, including fixtures and furnishings, in Panama, PANAMA; and
  (d) Real property located at Vistamar Golf Village, Number 3, including fixtures and furnishings, in Panama, PANAMA.

17. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

18. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

19. In furtherance of the satisfaction of a forfeiture money judgment to be entered by the Court in this case, the defendant agrees to the following:
  a. submit a financial statement to the Offices upon request, within 14 calendar days from a request by the Offices;
  b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior

        approval of the United States;
   c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;
   d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and
   e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Offices of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

20.    The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

*Id.* (emphasis added).

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 446. The Factual Proffer also provided a basis for the forfeiture of certain property. *See id.*

On August 5, 2021, the Court entered a Preliminary Order of Forfeiture against the Defendant, imposing a forfeiture money judgment in the amount of $49,265,050.85 in U.S. currency, and forfeiting certain property in satisfaction thereof. *See* Urdaneta Preliminary Order of Forfeiture, ECF No. 462.

In advance of the Defendant's sentencing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report ("PSI"). *See* Urdaneta PSI, ECF No. 597, *as revised*, ECF Nos. 599, 599-1. To prepare the PSI section concerning the Defendant's financial condition and ability to pay, Probation interviewed the Defendant, examined financial records, and conducted an independent investigation. Urdaneta PSI ¶ 156, ECF No. 599. Among other of the

Defendant's assets, the Defendant identified that he has an interest in the Douglas Road Apartment. *Id.* ¶ 157. Defense objected to the PSI, to "correct" the PSI "to reflect the value of the listed asset of an apartment located at 2030 Douglas Road, Unit 704, in Miami, Florida, (25% interest) [Douglas Road Apartment] is $150,000." PSI Addendum at 3-4, ECF No. 599-1.

On May 13, 2022, the Defendant submitted a completed Financial Disclosure Statement to the Government. In his Financial Disclosure Statement, the Defendant again identified his interest in the Douglas Road Apartment. *See* Urdaneta Financial Disclosure Statement (on file with the Government and the Defendant).

On June 8, 2022, the Defendant and his former spouse, Zenaida Claret Urbano-Taylor Romero ("Ms. Urbano-Taylor"), each executed a stipulation and consent to forfeiture. *See* Defendant Stipulation and Consent, attached as Exhibit 1 to Government's Motion; Urbano-Taylor Stipulation and Consent, attached as Exhibit 2 to Government's Motion. In the Stipulations, Defendant stipulated that he holds an interest in the Douglas Road Apartment, while Ms. Urbano-Taylor stipulated she holds no interest. Defendant Stipulation and Consent ¶ 7; Urbano-Taylor Stipulation and Consent ¶ 8. And Defendant agreed to forfeit his interest in the Douglas Road Apartment. Defendant Stipulation and Consent ¶ 16 ("I now agree and consent to the forfeiture of my beneficial and/or ownership interest in the [Douglas Road Apartment]…")

In the Preliminary Order of Forfeiture, the Court found that the total value of the property involved in Defendant's offense of conviction, that is, conspiracy to commit money laundering, was $49,265,050.85. *See* Urdaneta Preliminary Order of Forfeiture 3-5, ECF No. 462. A forfeiture money judgment for that sum has been imposed against the Defendant. *See id.*

The United States has not been able to recover all of the directly forfeitable property. It is the conclusion of HSI Special Agent Parker, that as a result of the Defendant's acts or omissions,

other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. *See* SA Parker Decl. ¶¶ 8-10, attached as Exhibit 3 to Government's Motion; *accord* Defendant Stipulation and Consent ¶ 21 (agreeing Government has satisfied § 853(p))[1].

The Defendant's statements on his financial condition also verify that the laundered $49,265,050.85 currently is not in his possession or control, confirming that such funds were transferred to a third party, are outside the Court's jurisdiction, and/or have otherwise been substantially diminished in value. *Compare* 21 U.S.C. §§ 853(p)(1)(B) *and* 853(p)(1)(D) *with* Urdaneta PSI ¶ 157, ECF No. 599 (indicating total assets of $1,223,852.42 and a net worth of $1,221,192.42) *and* Urdaneta Financial Disclosure Statement (on file with the Government and the Defendant).

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America:

    i. Real property located at 2030 Douglas Road, Unit 704, Coral Gables, Florida 33134, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

---

[1] Specifically, Defendant agreed in Paragraph 16: "I agree that the United States has satisfied the requirements of 21 U.S.C. § 853(p) that authorize the forfeiture of my substitute property. Specifically, I agree that as a result of my acts or omissions, directly forfeitable property (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty."

        Also known as: Unit No. 704 of The Minorca, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 23159, at Page 834, of the Public Records of Miami-Dade County, Florida, as amended, together with an undivided interest in the common elements appurtenant thereto.

        Parcel Identification Number: 03-4108-099-0190.

2.     Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3.     The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4.     The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6.     The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

        It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose

of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this ____ day of June 2022.

_____
HON. KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE