UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

## SIXTH PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Sixth Preliminary Order of Forfeiture ("Motion") against Defendant Gustavo Adolfo Hernandez Frieri:

On August 16, 2018, a federal grand jury in the Southern District of Florida returned an Indictment charging Defendants Abraham Edgardo Ortega ("Defendant Ortega"), Gustavo Adolfo Hernandez Frieri ("Defendant Hernandez"), and others with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), substantive counts of money laundering in violation of 18 U.S.C. § 1956, and substantive counts of interstate and foreign travel in aid of racketeering in violation of 18 U.S.C. § 1952. Indictment, ECF No. 19. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, as alleged in the Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 5.

On October 26, 2018, the Court entered an Amended Protective Order for Assets Subject to Forfeiture, enjoining and restraining, among other property, the following assets subject to

forfeiture: (1) funds on deposit in account numbers 1466054, 1465724, and 55102421 at City National Bank in New Jersey, held in the name of Global Securities Trade Finance (the "GSTF Accounts"); (2) all assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, Switzerland, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C Series C-1 (the "GSTF Class C Shares"); and (3) all assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, The Bahamas, including, but not limited to, all shares of Global Securities Trade Finance Class D Series D-1 (the "GSTF Class D Shares"). Am. Protective Order, ECF No. 60.

On October 31, 2018, pursuant to a written Plea Agreement, Defendant Ortega pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in a Superseding Information. *See* Minute Entry, ECF No. 61; Ortega's Plea Agreement ¶ 2, ECF No. 64; Ortega's Factual Proffer, ECF No. 65; *see also* Superseding Information, ECF No. 53.

As part of his sentence, the Court entered forfeiture orders against Defendant Ortega. The Court found that "[a]t the direction of [Defendant] Hernandez, Defendant[ Ortega]'s $12 million in bribery proceeds was laundered to accounts at City National Bank in New Jersey held in the name of Global Securities Trade Finance ("GSTF") . . . . These bribery proceeds were used to acquire securities and real property." Ortega Preliminary Order of Forfeiture 5, June 24, 2019, ECF No. 124. The Court forfeited the GSTF Accounts, the GSTF Class C Shares, and the GSTF Class D Shares, among other assets. *See id.*; Final Order of Forfeiture, Sept. 23, 2019, ECF No. 146. The Court also imposed against Defendant Ortega a forfeiture money judgment in the amount of $12 million in U.S. currency. *See* Ortega 2nd Preliminary Order of Forfeiture, Sept. 22, 2020, ECF No. 237.

On November 26, 2019, the Court accepted Defendant Hernandez's guilty plea to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in Count 1 of the Indictment. *See* Minute Entry, ECF No. 162; Hernandez Plea Agreement, ECF No. 163.

As part of his sentence, the Court entered forfeiture orders against Defendant Hernandez, including a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. *See* Hernandez Preliminary Order of Forfeiture 2-3, Feb. 4, 2020, ECF No. 175; *see also* Hernandez 2nd Preliminary Order of Forfeiture, Sept. 28, 2020, ECF No. 239; Hernandez 3rd Preliminary Order of Forfeiture, Jan. 11, 2021, ECF No. 280; Hernandez 4th Preliminary Order of Forfeiture, Mar. 26, 2021, ECF No. 353; Hernandez 5th Preliminary Order of Forfeiture, June 24, 2022, ECF No. 616. Defendant Hernandez's forfeiture money judgment amount was calculated using the aforementioned $12 million laundered through GSTF. *See* Hernandez Preliminary Order of Forfeiture 2-3.

The current balance remaining on the Defendant Hernandez's forfeiture money judgment remains approximately $11,504,538.65 based on funds collected to-date.[1] *See* U.S. Mot. for Hernandez 5th Preliminary Order of Forfeiture 2-3 & n.1 (providing additional background on pending third-party litigation).

On February 15, 2022, the Court approved an Agreement entered between the United States and AFP. *See* U.S. Mot. To Approve Agreement, ECF No. 546; Order Approving Agreement, ECF No. 547. Under the terms of the Agreement, AFP consented to the forfeiture of $150,000 in U.S. currency in lieu of the forfeiture of two loans that Defendant Hernandez made to AFP through

---

[1] This figure accounts for the forfeited $818,990.01 from City National Bank accounts and two checks totaling $6,471.34 in value. Other forfeited assets have not been collected, as they are either pending unresolved third-party claims or sale. *See* Order Denying Hernandez Mot. for Clarification 6, ECF No. 273.

3

GSTF. Agreement ¶¶ 7-10, ECF No. 546-1. AFP has now satisfied its payment obligations under the Agreement and remitted a total of $150,000 in U.S. currency to the United States. *See* Agreement ¶¶ 12-13.

Here, through GSTF, Defendant Hernandez made two loans to AFP. *See* Agreement ¶¶ 7-10, ECF No. 546-1. The loans were to be repaid to one of the GSTF Accounts for GSTF Class C Shares, but that never occurred. *See id.* ¶ 11. Both the GSTF Accounts and GSTF Class C Shares were forfeited as property involved in money laundering. *See* Final Order of Forfeiture, Sept. 23, 2019, ECF No. 146.

Therefore, the loans are subject to forfeiture as property traceable to property involved in money laundering. *See* 18 U.S.C. § 982(a)(1). In lieu of the forfeiture of the loans, and consistent with terms of the Court-approved Agreement, AFP has remitted a total of $150,000 in U.S. currency, which is now property subject to forfeiture as substitute res for the loans. *See* Agreement ¶¶ 12-13; *see also* 21 U.S.C. § 853(g); *accord* Fed. R. Crim. P. 32.2(b)(7); Supp. R. G(7).

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982, a sum of $150,000 in U.S. currency that was collected from Alpha Financial Products Ltd. ("AFP") pursuant to the Court-approved Consent to Forfeiture and Stipulation and Settlement Agreement, ECF No. 546-1, (the "Agreement") is hereby forfeited and vested in the United States of America.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Gustavo Adolfo Hernandez Frieri.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this ____ day of January 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE